

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

March 31, 2009

<u>VIA HAND and ECF</u>
The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

        Re:    United States v. Brooks and Hatfield
              <u>Cr. No. 06-550 (S-1)(JS)</u>

Dear Judge Seybert:

      This letter addresses the new arguments made by the defendant David Brooks at oral argument on March 18, 2009.

    A.    **<u>An Indictment's Incorporation of Introductory Paragraphs</u>**
           **<u>Into Its Counts Is Proper and Not Duplicitous</u>**

      Brooks claims that since the counts in the Superseding Indictment incorporate the paragraphs set forth in the "Introduction" section, all of the counts are duplicitous because they purportedly incorporate a number of distinct offenses. Transcript of Proceedings before the Hon. Joanna Seybert, March 18, 2009 ("Tr.") at 10-11. Brooks claims, for example, that the Superseding Indictment impermissibly incorporates a scheme to obstruct the SEC's investigation as part of the conspiracy to defraud shareholders. See <u>id</u>. at 11-12.

      The Second Circuit has allowed a factual background section, or an introduction, of an indictment to be incorporated into subsequent counts. See <u>United States v. Milstein</u>, 401 F.3d 53 (2d Cir. 2005); <u>see</u> also <u>United States v. Weintraub</u>, 27 Fed.Appx. 54, 56 (2d Cir. Nov. 9, 2001); <u>United States v. McGuire</u>, 381 F.2d 306, 319 (2d Cir. 1967)("introductory paragraphs not part of another count and specifically referring to the counts involved are considered part of the numbered counts following them"). Brooks' assertion to the contrary is, predictably, unsupported by the law and should be disregarded.

      Moreover, incorporation of introductory paragraphs that describe a number of fraudulent acts into the counts of an indictment does not render the indictment duplicitous. The Second Circuit "has adopted a general rule that criminal charges may aggregate multiple

2

individual actions that otherwise could be charged as discrete offenses as long as all of the actions are part of a 'single scheme.'" United States v. Moloney, 287 F.3d 236, 240 (2d Cir. 2002); see also United States v. Schlesinger, 261 Fed. Appx. 355, *1-2 (2d Cir. Jan. 30, 2008); United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989). Thus, as in the instant case, a conspiracy count specifying multiple objects of the conspiracy: securities fraud, investment adviser fraud, mail fraud, wire fraud, and money laundering was not found to be duplicitous because the defendants allegedly employed a variety of means to carry out their conspiracy and the overarching scheme alleged was a unified one: to defraud the investment advisers' clients by inducing them, on the basis of similar misrepresentations, to invest in a variety of products. See United States v. Vilar, No. 05 Cr. 621, 2008 WL 429845, at *1 (S.D.N.Y. Sept. 5, 2008); see also United States v. Gonzalez, No. 06 Cr. 726, 2008 WL 3914877, at *5 (S.D.N.Y. Aug. 26, 2008)(conspiracy count was not duplicitous because it alleged one common scheme: to use non-profit organization as a vehicle for obtaining government funds for the purpose of personally enriching the co-conspirators).

Brooks asserts that it is impermissible to incorporate paragraphs alleging a scheme to conceal a fraud conspiracy within the actual fraud conspiracy count. He is wrong. See United States v. David, No. 86 Cr. 454, 1986 WL 13805, at *2 (S.D.N.Y. Nov. 21, 1986)(declining to dismiss count alleging that the defendant conspired to trade on the basis of confidential information and concealed that trading by obstructing the SEC's investigation). In any event, the Superseding Indictment in this case does in fact charge conspiracy to obstruct the SEC's investigation in its own separate count. See Sup. Ind., Count Fifteen at 59. And this count was properly joined with the securities fraud conspiracy charged in Count One as well as the other fraud offenses. See David, 1986 WL 13805, at *2; see also United States v. Stewart, 433 F.3d 273, 314 (2d Cir. 2006)(joinder of securities fraud charges and other charges which included obstruction of SEC's investigation was proper because the defendant figured prominently in the events on which securities fraud and obstruction charges were based).

Even assuming arguendo that the Court were to find any of the counts in the Superseding Indictment duplicitous, which they are not, the remedy would not be dismissal. This is because the law does not absolutely proscribe duplicitous pleading because it recognizes that such an inflexible rule could inure to the defendant's detriment by "requir[ing] exposure to cumulative punishments." United States v. Margiotta, 646 F.2d 729, 733 (2d Cir. 1981). To secure reversal then, a defendant complaining of duplicitous pleading must show prejudice. United States v. Sturdivant, 244 F.3d 71, 75 (2d Cir. 2001). In the event this Court were to make a finding of duplicity, prejudice to the defendant could be avoided by having the government elect to proceed based upon only one of the distinct crimes included within the duplicitous count or by a jury instruction that ensures that the jury is unanimous as to the conduct underlying the conviction. Id. at 79.

    **B.**    **Section 1349 Is Not Merely a Penalty Provision**

Brooks claims that 18 U.S.C. § 1349, which penalizes any person "who attempts or conspires to commit any offense under this chapter," does not establish a new conspiracy

3

offense, and argues that the government was required to charge a violation of 18 U.S.C. § 371 if it wanted to charge a conspiracy to commit securities fraud. Tr. at 13-14. The Supreme Court rejected this argument in its interpretation of the money laundering conspiracy statute, 18 U.S.C. § 1956(h). The unanimous Court reasoned that the text of Section 1956(h) was sufficient to establish an offense that did not require an overt act because the common law understanding of conspiracy does not make the doing of any act other than the act of conspiring a condition of liability. Whitfield v. United States, 543 U.S. 209, 213 (2005). The Supreme Court also rejected the notion that Section 1956(h) merely supplied an enhanced penalty for violation of Section 371 in cases where the object of the conspiracy is to violate the substantive money laundering offenses. The Supreme Court explained that 1956(h) "fails to provide any cross-reference to § 371. Mere use of the word 'conspires' surely is not enough to establish the necessary link between these two separate statutes." Id. at 215. Section 1349's text is identical in all material respects to the language of Section 1956(h). Both statutes penalize "any person" who "conspires to commit any offense" specified elsewhere in Title 18. Section 1349, like Section 1956(h), contains all of the elements of the common law conspiracy offense and does not reference Section 371. Indeed, in the legislative history for Section 1349, Senator Leahy indicates that each of the elements in Chapter 63 of Title 18, which included 1349, are intended to be independent statutes. See 148 Cong. Rec. S7418-01, 2002 WL 1731002, at *S7420-21 (Cong.Rec.). Thus, as the Supreme Court did in Whitfield, this Court should reject Brooks' attempt to relegate Section 1349 to a penalty provision.

      Brooks' citation to United States v. Leonard Kalish, 05 Cr. 656 (S.D.N.Y.)(RPP), at oral argument is of no moment. Although counsel in Kalish made the same Section 1349 argument Brooks makes here, the court never decided Kalish's motion. The issue was therefore never adjudicated. The federal courts to actually address this argument have agreed. See United States v. Lay, 568 F.Supp.2d 791, 805 n. 30 (N.D.Ohio 2008) ("The criminal penalties for § 1341 and § 1343 were purposefully increased from five to twenty years and § 1349 was enacted to provide an independent statute under which conspiracies to commit mail or wire fraud could be prosecuted and penalized appropriately."). The improper new arguments by Brooks should therefore be rejected.

                                                    Respectfully submitted,

                                                   BENTON J. CAMPBELL
                                                   United States Attorney

                         By:    s/Richard T. Lunger
                                Richard T. Lunger
                                Assistant United States Attorney
                                (631) 715-7842

cc:     Herald Price Faringer, Esq. (Via ECF)