UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

       -against-                        MEMORANDUM & ORDER
                                     06-CR-0550 (JS)

SANDRA HATFIELD, and DAVID H. BROOKS,

               Defendants.

-------------------------------------X
APPEARANCES:
For Government:     Richard Thomas Lunger, Jr., Esq.
                   Christopher Allen Ott, Esq.
                   James Halleron Knapp, Esq.
                   James M. Miskiewicz, Esq.
                   United States Attorneys Office
                   610 Federal Plaza
                   Central Islip, NY 11722-4454
For Defendants:

Sandra Hatfield    Roland G. Riopelle, Esq.
                   Maurice H. Sercarz, Esq.
                   Sercarz & Riopelle LLP
                   152 West 57th Street, 24th Floor
                   New York, NY 10019

David Brooks       John C. Meringolo, Esq.
                   Meringolo and Associates, P.C.
                   1790 Broadway Suite 1501
                   New York, NY 10019

                   Zaki I. Tamir, Esq.
                   Gofer Tamir and Assoc.
                   55 Broad Street
                   New York, NY 10004

                   James M. LaRossa, Esq.
                   240 West End Avenue
                   New York, NY 10023

                   Kenneth Ravenell, Esq.
                   William H. Murphy, Jr., Esq.
                   The Murphy Firm
                   1 South Street, 23rd Floor
                   Baltimore, MD 21202

                   Richard Ware Levitt, Esq.
                   Yvonne Shivers, Esq.

SEYBERT, District Judge:

Sandra Hatfield ("Hatfield") and David H. Brooks ("Brooks") (collectively, "Defendants") are charged with conspiracy to commit and substantive securities fraud, conspiracy to commit mail and wire fraud, mail fraud, wire fraud, conspiracy to obstruct justice, obstruction of justice, and conspiracy to impair, impede, obstruct, and defeat the Internal Revenue Service ("IRS"). The Indictment separately charges Hatfield with three counts of insider trading and one count of tax evasion, and charges Brooks with six counts of insider trading, one count of making material misstatements to auditors, and two counts of filing false tax returns. On March 16, 2009, the Court severed the tax counts from the non-tax counts.

On June 29, 2009, Defendant Brooks sought several subpoenas from various entities, including the Securities and Exchange Commission ("SEC"). The subpoena seeks various documents from the SEC pertaining to the SEC's investigation of David H. Brooks Industries ("DHB") and/or Brooks, and requests all transcripts of depositions or interviews taken in connection with the investigation. The subpoena specifically requests the interview transcripts of 27 named individuals.

The Government moved to quash Brooks' subpoenas on July

6, 2009, pursuant to Federal Rule of Criminal Procedure 17(c).

DISCUSSION

I.   SEC Subpoena

Under Rule 17, "a subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates."  In order to require production before trial, a party seeking documents pursuant to a Rule 17(c) subpoena must show "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"  United States v. Nixon, 418 U.S. 683, 700, 41 L. Ed. 2d 1039, 94 S. Ct. 3090 (1974).

However, it is firmly established that "Rule 17(c) subpoenas are not tools of discovery in criminal cases."  United States v. Nektalov, No. 03-CR-0828, 2004 U.S. Dist. LEXIS 13127, at *4,5 (S.D.N.Y. July 13, 2004).  Thus, "Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16."  Id. (quoting United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980).

Rule 17(h) prohibits a party from issuing a subpoena for "a statement of a witness or of a prospective witness." Additionally, Federal Rule of Criminal Procedure 16(a)(2)

> does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

The Government maintains that Brooks' request for SEC deposition fails to meet the requirements of a Rule 17(c) subpoena, violates Rule 16(a)(2), and violates Rule 17(h). The Court agrees. At the outset, the Government has already agreed to turn over the SEC depositions thirty days prior to trial, which the Court finds is reasonably in advance of the trial date to allow Defendants an opportunity to prepare adequately.

Moreover, the SEC transcripts are clearly materials covered by the Jencks Act. See United States v. Lieberman, 608 F.2d 889, 893 (1st Cir. 1979); United States v. Pollack, 534 F.2d 964, 974 (D.C. Cir. 1976). Thus, as elucidated in this Court's July 10, 2009 Order, Brooks is not entitled to the SEC transcripts until after the witnesses for the Government have testified. See United States v. Percevault, 490 F.2d 126, 127 (2d Cir. 1974); United States v. Shindler, 24 F.R.D. 142, 145-146 (S.D.N.Y. 1959) (finding that defendants were not entitled to "transcripts of

4

testimony before the [SEC] and statements given to agents, either by prospective witnesses or others" because "[i]t is well settled that they are not entitled to this material prior to the time when the witnesses testifies on direct examination at the trial."). Brooks may not circumvent the restrictions in Rule 16(a)(2) by subpoenaing records under Rule 17. See United States v. Stein, 488 F. Supp. 2d 350, 366 (S.D.N.Y. 2007) (explaining that the "the broad language of Rule 17(c))" is not intended to "swallow[ ] the 'rule' (i.e., the Rule 16 limitations on the discovery available to criminal defendants)"). Thus, the Government's request to quash the SEC subpoena is GRANTED.

## II. The Remaining Subpoenas

The Government argues that Rule 17(c) requires that the information requested in the various subpoenas be provided to the Court, and not directly to defense counsel. However, "the plain language of Rule 17(c) does not place an absolute requirement on parties to direct subpoenaed entities to return items to the Court, as [the Government] suggests." Khouj v. Darui, 248 F.R.D. 729, 731 (D.D.C. 2008). Rather, Rule 17 states, "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." (emphasis added). The language of Rule 17 is clearly permissive, and not mandatory. However, the Court agrees

with the Government's concern that a reviewing court will not be able to determine accurately the documents in Defendants' possession if the Clerk's office does not maintain a copy of the subpoenaed materials. In light of this concern, and the fact that Defendant Brooks has not responded or objected to the motion to quash, the Court GRANTS the Government's motion in its entirety.

<u>CONCLUSION</u>

The Government's motion to quash the SEC subpoena is GRANTED. Moreover, each of the remaining subpoenas issued on or about June 29, 2009 are quashed to the extent that the subpoenas request documents and materials to be served directly on counsel for Brooks, rather than to the Clerk of the Court. Defendant Brooks may reissue the subpoenas; the new subpoenas must direct the various entities to deliver the requested materials to the Clerk of the Court.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     Central Islip, New York
           July 14, 2009