```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

        -against-                            MEMORANDUM & ORDER
                                             06-CR-0550 (JS)
SANDRA HATFIELD, and DAVID H. BROOKS,

                Defendants.
-------------------------------------X
APPEARANCES:
For Government:     Richard Thomas Lunger, Jr., Esq.
                    Christopher Allen Ott, Esq.
                    James Halleron Knapp, Esq.
                    James M. Miskiewicz, Esq.
                    United States Attorneys Office
                    610 Federal Plaza
                    Central Islip, NY 11722-4454
For Defendants:

Sandra Hatfield     Roland G. Riopelle, Esq.
                    Maurice H. Sercarz, Esq.
                    Sercarz & Riopelle, LLP
                    152 West 57th Street, 24th Floor
                    New York, NY 10019

David Brooks        John C. Meringolo, Esq.
                    Meringolo and Associates, P.C.
                    1790 Broadway, Suite 1501
                    New York, NY 10019

                    Zaki I. Tamir, Esq.
                    Gofer Tamir and Assoc.
                    55 Broad Street
                    New York, NY 10004

                    James M. LaRossa, Esq.
                    240 West End Avenue
                    New York, NY 10023

                    Kenneth Ravenell, Esq.
                    William H. Murphy, Jr., Esq.
                    The Murphy Firm
                    1 South Street, 23rd Floor
                    Baltimore, MD 21202

                    Richard Ware Levitt, Esq.
                    Yvonne Shivers, Esq.
```

Law Offices of Richard W. Levitt
148 E. 78th Street
New York, NY 10021

SEYBERT, District Judge:

On July 14, 2009, the parties filed numerous letters with this Court requesting extensions of time to file certain documents. Specifically, the Government requests an extension of time to provide a list of all previously disclosed electronic documents, and Defendant Brooks request an extension of time to file a reply on the pending privilege motion. Both requests for an extension of time are GRANTED.

DISCUSSION

I. Requests for Extensions of Time

During a conference held on June 16, 2009, the Court ordered the Government to provide this list sixty days prior to trial. The Government requests a seven day extension of time. On July 14, 2009, counsel for Defendant David H. Brooks ("Brooks") filed a letter that neither responded to, nor objected to, the Government's request for an extension of time. Rather, counsel felt it necessary to reiterate that a minute entry from the June 16, 2009 conference erroneously states that the Court orders production of 3500 materials sixty days before trial.[1] It appears

---

[1] The Court notes that it has been the practice of the parties since the inception of this case to make disparaging comments on opposing counsels' behavior, choice of words, or other irrelevant matters. The Court is confident that counsel for all parties are able to proceed in a professional manner, and

that despite the Court's comprehensive scheduling order, dated July 10, 2009, the parties are still unclear as to the Government's 3500 obligations.

The Court reiterates that while it encourages the Government to turn over 3500 material sixty days before trial, the Court is not aware of any authority which would authorize the Court to direct such advanced disclosure of Jencks Act materials. However, although "the government cannot be compelled to disclose statements of prospective witnesses prior to the time prescribed by the Jencks Act, . . . pretrial disclosure will redound to the benefit of all parties, counsel, and the court." See United States v. Percevault, 490 F.2d 126, 132 (2d Cir. 1974). Thus, the Court strongly encourages the Government to abide by its voluntary assertion that it will provide Jencks Act material thirty days before trial. The parties are to disregard the typographical error in the Court's minute entry for June 16, 2009.

With respect to Defendant Brooks' request that the Court reconsider its July 10 Order, the Court declines to do so. The deadlines provided in the Court's July 10 Order are in addition to any oral deadlines set at the June 10 conference that were not addressed in the July 10 Order. At the June 10 conference, the Court clearly stated that the exhibits need not be marked thirty days prior to trial; the Court's recent Order now adds that the

---

shall cease engaging in such unnecessary tactics.

exhibits for the first ten witnesses must be marked two weeks before trial. (See Tr. June 10, 2009 111:9-13.)

II. Scheduling Order

To elaborate on the previous order, and to alleviate any future confusion, the Court elaborates its previous scheduling order as follows:

(A) the Government shall turn over 404(b) evidence and Giglio materials thirty (30) days prior to trial. All Giglio materials must be clearly marked as such, and shall not be buried in a large 3500 document production.

(B) the Government shall provide a list to Defendants of any Brady and Giglio materials disclosed thus far thirty (30) days prior to trial.

(C) if the Government intends to alter or supplement its list of expert witnesses, the Government must disclose the newly-added expert witnesses no later than thirty (30) days prior to trial.

(D) the Government is directed to provide a witness list to the defense and preliminary trial exhibit list, and copies of those exhibits to Defendants, no later than 30 days before trial. The Government shall provide a final list and shall mark the trial exhibits it intends to use on direct examination of its first ten witnesses two weeks before trial. Hearings on authenticity and other objections will be heard thereafter. The exhibits shall be

concisely and specifically marked to avoid any confusion.

(E) the Government shall provide a list to Defendants and to the Court of all previously disclosed electronic material. The Government's request for an extension of time until July 21, 2009 to produce this list is GRANTED.

Additionally, although not mandated, the Court strongly encourages the Government to abide by its assertion that it will turn over Jencks Act materials, which includes the various SEC depositions, thirty (30) days prior to trial.

The parties are again instructed to disregard the minute entry proceeding for the June 16, 2009 conference.

CONCLUSION

The requests for extensions of time (Docket Entry Nos. 432 and 433) are GRANTED. The parties are expected to abide by the scheduling deadlines set forth in Section II, supra.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
July 15, 2009