```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                                        MEMORANDUM AND ORDER
         -against-                      06-CR-0550 (JS)


DAWN SCHLEGEL, SANDRA HATFIELD,
and DAVID H. BROOKS,

         Defendants.
----------------------------------X
```
APPEARANCES:
For Government:       Richard Thomas Lunger, Jr., Esq.
                      Christopher Allen Ott, Esq.
                      James Halleron Knapp, Esq.
                      James M. Miskiewicz, Esq.
                      United States Attorneys Office
                      610 Federal Plaza
                      Central Islip, NY 11722-4454
For Defendants:

Sandra Hatfield       Roland G. Riopelle, Esq.
                      Maurice H. Sercarz, Esq.
                      Sercarz & Riopelle, LLP
                      152 West 57th Street, 24th Floor
                      New York, NY 10019

David Brooks          John C. Meringolo, Esq.
                      Meringolo and Associates, P.C.
                      1790 Broadway, Suite 1501
                      New York, NY 10019

                      Zaki I. Tamir, Esq.
                      Gofer Tamir and Assoc.
                      55 Broad Street
                      New York, NY 10004

                      James M. LaRossa, Esq.
                      240 West End Avenue
                      New York, NY 10023

                      Kenneth Ravenell, Esq.
                      William H. Murphy, Jr., Esq.
                      The Murphy Firm
                      1 South Street, 23rd Floor
                      Baltimore, MD 21202

```
                    Richard Ware Levitt, Esq.
                    Yvonne Shivers, Esq.
                    Law Offices of Richard W. Levitt
                    148 E. 78th Street
                    New York, NY 10021

Patricia Lennex:    Michael F. Bachner, Esq.
                    Bachner & Herskovits, P.C.
                    26 Broadway, Suite 2310
                    New York, NY 10004
```

SEYBERT, District Judge:

Pending before the Court is Defendant Sandra Hatfield ("Hatfield") and Defendant David H. Brooks'("Brooks") motions to sever under Federal Rule of Criminal Procedure 14(a).

## BACKGROUND

The facts of this case have been set forth in detail in numerous previous orders of this Court. In brief, Hatfield and Brooks (collectively, "Defendants") are charged with conspiracy to commit and substantive securities fraud, conspiracy to commit mail and wire fraud, mail fraud, wire fraud, conspiracy to obstruct justice, obstruction of justice, and conspiracy to defraud the United States. The Indictment separately charges Hatfield with three counts of insider trading and one count of tax evasion, and Brooks with six counts of insider trading, one count of making material misstatements to auditors, and two counts of filing false tax returns. On March 16, 2009, the Court severed the tax counts from the non-tax counts. On July 9, 2009, the Government filed a second Superseding Indictment charging Patricia Lennex with

conspiracy to defraud the United States in connection with the severed tax counts.

Motion practice in this case has been extensive. On November 13, 2007, Defendant Hatfield filed a motion to sever her trial from co-defendant Brooks, which this Court denied on January 8, 2008. On May 27, 2008, Hatfield filed a second motion to sever renewing her earlier arguments and arguing that a joint trial would violate her Speedy Trial rights. Defendant Brooks filed a motion to sever on November 3, 2008 on the grounds that a joint trial would involve antagonistic defenses and would deprive Brooks of vital exculpatory evidence. On March 16, 2009, this Court denied Hatfield's motion to sever on speedy trial grounds, but reserved decision on Defendants' motions to sever to avoid prejudice. However, the Court now holds that Defendant Hatfield has not presented any new arguments or new facts to support her grounds for severance. Thus, the Court denies Defendant Hatfield's motion for severance for the reasons set forth in its January 8, 2008 Order, and for the reasons stated below, the Court denies Defendant Brooks' motion to sever.

## DISCUSSION

I. Legal Standard

Rule 14 permits a district court to sever a trial if "it appears that a defendant or the government is prejudiced by a joinder." Fed. R. Crim. P. 14. "A defendant who seeks separate

3

trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice." United States v. Amato, 15 F.3d 230, 237 (2d Cir. 1994) (internal quotation marks omitted). In the federal system, there is a preference for defendants who are indicted together to be tried together. United States v. Diaz, 176 F.3d 52, 102 (2d Cir. 1999) (citing to Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). The Supreme Court has instructed that Rule 14 severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.

II. Defendant's Arguments

Defendant Brooks argues that a joint trial would deprive him of essential exculpatory evidence from Defendant Hatfield and may result in antagonistic defenses. The Court finds that Defendant Brooks' arguments do not warrant severance.

A. Exculpatory Evidence

The Supreme Court has recognized that "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." Zafiro v. United States, 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). In determining whether to grant severance based on a claim that a defendant would be deprived of

4

vital exculpatory evidence at a joint trial, the Court must consider the following factors: "(1) the sufficiency of the showing that the co-defendant would testify at a severed trial and waive his Fifth Amendment privilege; (2) the degree to which the exculpatory testimony would be cumulative; (3) the counter arguments of judicial economy; and (4) the likelihood that the testimony would be subject to substantial, damaging impeachment." United States v. Finkelstein, 526 F.2d 517, 523-24 (2d Cir. 1975) (internal citations omitted).

As to factor one, the Court finds that Brooks has not shown that Defendant Hatfield would waive her Fifth Amendment rights and testify at a severed trial. "Given the fact that [Hatfield did not] plead[] guilty . . . it is unrealistic to think that a co-defendant would be any more willing to waive [her] constitutional privilege against self-incrimination when called as a witness at a separate trial than [she] would be willing to insist upon [her] privilege as a defendant not to take the stand." Finkelstein, 526 F.2d at 524. Brooks has not presented an affidavit from Hatfield indicating that Hatfield would be inclined to testify against Brooks, and the Court has not found any independent basis to support such a finding. Rather, as the Government pointed out, Hatfield consistently invoked her Fifth Amendment privilege at a May 17, 2006 SEC appearance when asked whether anyone with authority over her directed her to commit

accounting fraud. There is no indication that Hatfield would behave differently at a severed trial.

Brooks' argument that Hatfield will testify if she is tried first is speculative. This argument is premised on an unfounded claim that Hatfield would no longer have any Fifth Amendment concerns if her trial proceeded first. Clearly, such an argument is incorrect. See United States v. Triumph Capital Group, Inc., 260 F. Supp. 2d 432, 443 (D. Conn. 2002) (noting that co-defendant's Fifth Amendment concerns would continue after his trial, particularly if the co-defendant "[was] convicted in [an] earlier trial and had a motion or appeal pending that challenged his conviction and could result in a new trial.").

As to the second factor, the Court finds that Hatfield's allegedly exculpatory evidence would be cumulative. Brooks maintains that Hatfield, as Chief Operating Officer, is in a unique position to testify as to the methods she used to value Interceptor vest inventory. However, the Court agrees with the Government that there likely are several employees who can testify as to the methods used to value inventory. Next, Brooks maintains that Hatfield will be able to rebut Defendant Schlagel's anticipated testimony that Brooks directed Schlagel to engage in criminal activities. However, Brooks has not explained how Hatfield would be able to provide such information, and, as the Court noted above, it is highly speculative that Hatfield would provide such

testimony. Finally, the Court rejects Brooks' claim that he cannot provide testimony on his own behalf regarding certain aspects of the accounting fraud allegations because Brooks was not personally involved in valuing the inventory. Clearly, Brooks can provide information regarding his alleged lack of involvement with the inventory valuation. It is unclear why Hatfield's testimony is "vital" as to this point.

The third <u>Finkelstein</u> factor weighs against severance. In this case, the interest in judicial economy favors a joint trial. This is a complex case involving alleged co-conspirators that is likely to take place over the course of several months. At separate trials, the Government would likely have to call the same witnesses to testify as to substantially similar, if not identical, subject matter. "It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring . . . witnesses to repeat the inconvenience . . . of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand." <u>Richardson v. Marsh</u>, 481 U.S. 200, 210, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987).

Finally, as to the fourth factor, the Court finds that there is a likelihood that Hatfield's testimony would be subject to impeachment given the fact that the Government seeks to prove that

7

Hatfield and Brooks jointly participated in the alleged conspiracies for which they are charged. See United States v. Ashley, 905 F. Supp. 1146, 1166 (E.D.N.Y. 1995) ("As to the fourth factor, although LaGrua has failed to indicate the substance of any testimony by Ashley, it would appear that Ashley's testimony would be subject to effective impeachment, because the Government seeks to prove his participation in the alleged conspiracies with which LaGrua is charged.").

Thus, applying the Finkelstein factors, the Court finds that severance is not warranted.

B. Antagonistic Defenses

Defendant Brooks maintains that severance is also warranted because a joint trial is likely to result in antagonistic and mutually exclusive defenses. "Mutually antagonistic or irreconcilable defenses may be so prejudicial in some circumstances as to mandate severance." Zafiro v. United States, 506 U.S. 534, 538, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993) (internal quotation marks omitted). Defenses are antagonistic or irreconcilable where the defendant can factually demonstrate that "acceptance of one party's defense would tend to preclude the acquittal of [the] other." United States v. Salameh, 152 F.3d 88, 116 (2d Cir. 1998) (internal quotation marks omitted). The mere existence of antagonistic defenses, however, does not warrant severance. Indeed, "mutually antagonistic defenses are not prejudicial per se.

Moreover, Rule 14 does not require severance even if prejudice is found; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro, 506 U.S. at 538-39.

Brooks maintains that Hatfield is likely to blame Brooks as part of her defense, whereas Brooks will deny knowledge of the fraudulent activity. At the outset, Brooks' arguments are speculative. It is possible that rather than blame Brooks, Hatfield will also deny any knowledge or participation in the alleged fraudulent activity.

In any event, Brooks has not shown that he and Hatfield have antagonistic defenses mandating severance. While severance is justified where "the jury, in order to believe one defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant," here, Brooks has not shown that such a conflict exists. United States v. Casamento, 887 F.2d 1141, 1153 (2d Cir. 1989) (internal quotations and citations omitted). Brooks merely argues that Hatfield may blame him for the alleged fraudulent activity. However, "[t]he mere fact that co-defendants seek to place the blame on each other is not the sort of antagonism that requires a severance." Persaud v. United States, No. 04-CV-2861, 2005 U.S. Dist. LEXIS 45527, at *9 (E.D.N.Y. Dec. 28, 2005); see also United States v. Casamento, 887 F.2d 1141, 1154 (2d Cir. 1989) (finding that "[m]ere fingerpointing does not require severance.")

9

(internal quotation marks omitted); United States v. Yousef, 1997 U.S. Dist. LEXIS 10449, at *5-6 (S.D.N.Y. July 16, 1997) (Defendant's argument that co-defendant "might attempt to blame him for the alleged crimes" was speculative and did "not rise to the level of "mutually antagonistic" defenses. Even if [the defendant's] speculation prove[ed] true, the fact that one defendant seeks to place blame on the other is not a sufficient basis for severance."). While Brooks' argument may support a finding of potentially inconsistent defenses, it does not support a finding of antagonistic defenses.

Furthermore, even if the Court were to find the defenses antagonistic, such a finding, alone, does not warrant severance. Brooks would have to show that the defenses are so prejudicial to him as to mandate severance. Brooks has not made such a showing.

## CONCLUSION

For the foregoing reasons, Defendants' motions to sever are DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  Central Islip, New York
        November  16 , 2009