UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

             -against-                          ORDER
                                                06-CR-0550 (JS)
SANDRA HATFIELD, DAVID H. BROOKS,
PATRICIA LENNEX

                      Defendants.
----------------------------------X
APPEARANCES:
For Government:        Richard Thomas Lunger, Jr., Esq.
                       Christopher Allen Ott, Esq.
                       James Halleron Knapp, Esq.
                       James M. Miskiewicz, Esq.
                       United States Attorneys Office
                       610 Federal Plaza
                       Central Islip, NY 11722-4454

For Defendants:

Sandra Hatfield        Roland G. Riopelle, Esq.
                       Maurice H. Sercarz, Esq.
                       Sercarz & Riopelle, LLP
                       152 West 57th Street, 24th Floor
                       New York, NY 10019

David Brooks           John C. Meringolo, Esq.
                       Meringolo and Associates, P.C.
                       1790 Broadway, Suite 1501
                       New York, NY 10019

                       Zaki I. Tamir, Esq.
                       Gofer Tamir and Assoc.
                       55 Broad Street
                       New York, NY 10004

                       James M. LaRossa, Esq.
                       240 West End Avenue
                       New York, NY 10023

                       Kenneth Ravenell, Esq.
                       William H. Murphy, Jr., Esq.
                       The Murphy Firm
                       1 South Street, 23rd Floor
                       Baltimore, MD 21202

                       Richard Ware Levitt, Esq.
                       Yvonne Shivers, Esq.

Law Offices of Richard W. Levitt
148 E. 78th Street
New York, NY 10021

Ira Lee Sorkin, Esq.
Mauro Michael Wolfe, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036

Roger V Archibald, Esq.
William C. Thompson, Esq.
16 Court Street
Brooklyn, NY 11241

Patricia Lennex:   Michael F. Bachner, Esq.
Bachner & Herskovits, P.C.
26 Broadway, Suite 2310
New York, NY 10004

SEYBERT, District Judge:

Pending before the Court are Defendants David H. Brooks'
and Sandra Hatfield's motions to release restrained funds for
payment of attorneys' fees and costs.  Mr. Brooks seeks to free
money pledged to secure his bail bond, while Ms. Hatfield wishes to
use money restrained as potentially subject to forfeiture.  One of
Mr. Brooks' attorneys, Richard Levitt, has also moved ex parte for
a release of funds or, in the alternative, to order Mr. Brooks to
pay his outstanding legal bills or to release him from this case.
And orally, Mr. Brooks has sought a continuance of the upcoming
trial to enable his new attorneys, Roger Archibald and William C.
Thompson, Sr., to acquaint themselves with this case.

The Court reserves judgment on Mr. Levitt's motion for an
order directing Mr. Brooks to pay his legal bills.  Mr. Levitt's

motion to withdraw is DENIED WITHOUT PREJUDICE.  Ms. Hatfield's motion is DENIED WITHOUT PREJUDICE.  All the remaining motions are DENIED WITH PREJUDICE.

DISCUSSION

I.  Mr. Brooks' Motion for Release of Funds

On January 3, 2008, the Court released Mr. Brooks on bail.  To obtain release, Mr. Brooks posted a $400 million personal recognizance bond secured by $48 million in assets.  (See Docket No. 76).  On January 16, 2009, the Court modified Mr. Brooks bail conditions to enable him to use $22.5 million of his bail security to pay legal fees, taxes, and living expenses, with his living expenses not to exceed $1 million.  (See Docket No. 267).  Roughly $26 million of Mr. Brooks' bail security remains, which includes approximately $22.5 million in cash. (See Docket No. 690).  Less than a year after Mr. Brooks first sought to release $22.5 million, principally for legal fees, he again has asked this Court to lower his bail security to facilitate the payment of more fees. Specifically, Mr. Brooks seeks $10 million now, and his attorney, Mr. Ravenell, has represented that he may ultimately need a total of $14 million (the $10 million sought now, plus an additional $4 million) to pay his legal expenses through trial.  (See Docket No. 690; Jan. 11, 2009 Hearing Tr.).

The Government opposes Mr. Brooks' request.  Among other things, the Government notes that: (1) the Court has already

3

released $22.5 million from Mr. Brooks' bail security, principally to help him pay his legal bills; (2) Mr. Brooks has approximately $3.8 million in unrestrained accounts available to him; (3) Mr. Brooks has wealthy family members who could assist him in paying his bills; and (4) Mr. Brooks has not supplied the Court with his attorney retention and fee arrangements. The Court agrees with the Government's arguments, and adds the following considerations:

(1) Mr. Brooks' flight risk. The Court initially required $48 million in bail security based on its assessment of Mr. Brooks' flight risk. On January 11, 2009, the Court re-assessed Mr. Brooks' flight risk and found that it warranted only $26 million or so in security. Nothing over the past year has further increased the Court's confidence in Mr. Brooks' willingness to stand trial. Thus, just as the Court believed that Mr. Brooks needed $26 million in bail security in January 2009, the Court still believes he needs to post that amount today.

(2) Mr. Brooks' substantial trial expenses have, in part, resulted from Mr. Brooks' repeated requests for adjournments and protracted proceedings. Indeed, so far, the Court has thrice adjourned the trial date upon Mr. Brooks' request. The basis for Mr. Brooks' last adjournment culminated, after several months, in Mr. Brooks filing a meritless motion to dismiss. Likewise, Mr. Brooks failed to present sufficient evidence at the first privilege hearing, which resulted in the Court drafting a lengthy order that

did nothing more than schedule another privilege hearing to receive more evidence. And, as documented in the Court's January 8, 2010 Order, Mr. Brooks has already terminated at least eight attorneys officially, and potentially several more unofficially, during the course of this case.

(3) Mr. Brooks' team has presented no authority to suggest that the 6th Amendment requires the Court to reduce Mr. Brooks' already-posted bail security, simply to enable Mr. Brooks to spend an additional $10 to $14 million on a defense that has already cost more than $20 million. In this regard <u>U.S. v. Stein</u>, 541 U.S. 130 (2d Cir. 2007), relied on heavily by Mr. Brooks, is inapposite. <u>Stein</u> concerned a Government effort to intimidate a company into not fulfilling its obligations to advance legal fees to employees, using a not-so-subtle threat of criminal indictment or harsh regulatory enforcement. Similarly, <u>U.S. v. Farmer</u>, 274 F.3d 800 (4th Cir. 2001), is equally irrelevant. There, the issue concerned whether the trial court should have conducted a hearing to determine whether some of the defendant's assets were legitimate, and thus available to pay counsel's fees. Neither <u>Stein</u> nor <u>Farmer</u> addressed the claim Mr. Brooks makes here: that a court's refusal to lower a defendant's bail security infringes on the 6th Amendment by limiting the defendant's legal expenses to $20 million instead of $30 million.

(4) Mr. Brooks has another avenue of relief. Section 6.3

of the 2005 Articles of Incorporation of DHB Industries, Inc. (now Point Blank Solutions Inc.) entitles Mr. Brooks to advancement of his legal fees. Indeed, Mr. Brooks' co-defendant, Sandra Hatfield, has used this provision to force Point Blank to reimburse her fees, and Point Blank has largely done so. The fact that Mr. Brooks has not chosen to enforce his contractual rights against Point Blank is of no consequence to this Court.

Thus, Mr. Brooks' motion to release $10 million of his bail security is DENIED.

II. <u>Mr. Levitt's Motion</u>

For the same reasons as discussed above, Mr. Levitt's motion to release Mr. Brooks' bail security is DENIED. The Court reserves judgment on Mr. Levitt's motion for an order directing Mr. Brooks to pay his legal bills, pending any further evidence and argument that the parties may submit concerning those bills. Mr. Levitt's motion to withdraw from the case if his bills are not paid is DENIED WITHOUT PREJUDICE. "[N]on-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." <u>Bennett v. Mukasey</u>, 525 F.3d 222, 224 (2d Cir. 2008); <u>U.S. v. Parker</u>, 439 F.3d 81, 104 (2d Cir. 2006) (noting that "notwithstanding the fee dispute," the law requires counsel to "continue to execute his professional and ethical duty to zealously represent his client") (internal citations and quotations omitted). Here, Mr. Levitt has not demonstrated "more."

Neither Mr. Levitt nor Mr. Brooks have introduced any evidence of irreconcilable personal, ethical or tactical differences between them. Instead, their dispute seems to entirely concern fees. As such, Mr. Levitt has not shown the "compelling circumstances" needed to withdraw just two weeks before trial. <u>Parker</u>, 439 F.3d at 104. Mr. Levitt may re-file this motion upon producing evidence of the kinds of "compelling circumstances" which would warrant his withdraw.

III. <u>Mr. Brooks' Oral Motion for a Continuance</u>

During today's hearing, Mr. Brooks' new counsel, Roger Archibald, orally requested that the Court delay Mr. Brooks' forthcoming trial to enable him and his partner, William C. Thompson, Sr., to become sufficiently familiar with the case. This motion is DENIED. Mr. Brooks has already received three extensions, two of which resulted in part from Mr. Brooks' prior changes of counsel. In addition, Mr. Brooks' present counsel have affirmatively represented their ability to try this case on January 25, 2010. Indeed, on January 5, 2010, when the Court permitted Mr. Brooks to discharge Mr. Murphy from this case, it did so based on Mr. Ravenell's and Mr. LaRossa's representations that Mr. Murphy's departure would not necessitate any delays, and that they were prepared to try the case as scheduled. And, at today's hearing, Mr. Ravenell again reaffirmed his ability to try this case beginning in two weeks.

Mr. Brooks is certainly entitled to the counsel of his choice. If Mr. Brooks would prefer that Mr. Archibald or Mr. Thompson serve as "lead" counsel during trial, notwithstanding their lack of familiarity with the underlying facts, that is his decision to make. But, given Mr. Ravenell's, Mr LaRossa's, Mr. Levitt's, and Mr. Sorkin's longstanding participation in Mr. Brooks' defense, there is no need for yet another delay simply for Mr. Brooks' newest counsel to get up to speed.

## IV. Ms. Hatfield's Motion for Release of Funds

The Court previously restrained $3.6 million of Ms. Hatfield's assets as potentially subject to criminal forfeiture. Ms. Hatfield now seeks to use $2 million of these restrained proceeds as a "bridge loan" in case Point Blank Solutions, Inc. fails to pay her legal bills. This application is without legal support. Ms. Hatfield cannot use restrained funds without establishing her right to them through a Monsanto hearing. See United States v. Monsanto, 924 F.2d 1186 (2d Cir.1991). And Ms. Hatfield has no right to a Monsanto hearing unless she can show that she needs the restrained funds to: (1) pay attorneys' fees; or (2) meet her living expenses. See U.S. v. Morrison, 04-CR-699, 2006 WL 2990481, *6 (E.D.N.Y. 2006) (citing United States v. Farmer, 274 F.3d 800, 805 (4th Cir. 2001)). At present, Ms. Hatfield has not done so. At most, Ms. Hatfield has shown that Point Blank has not always paid her legal bills in a timely

fashion.    But  Point  Blank  has  not  disavowed  its  payment
obligations.    In  fact,  Point  Blank  made  a  partial  payment  as
recently as last week.  And there is no evidence before this Court
indicating  that  Point  Blank  will  be  unable  to  pay  her  bills  going
forward.  Thus, based on today's circumstances, Ms. Hatfield cannot
obtain  a  <u>Monsanto</u>  hearing.    And,  as  much  as  the  Court  is
sympathetic to Ms. Hatfield's plight, and that of her attorneys,
she has provided no support for her contention that monies subject
to  forfeiture  can  be  "loaned"  to  pay  attorney's  fees  absent  a
<u>Monsanto</u> hearing.  In the event Point Blank declares bankruptcy, or
circumstances otherwise dictate that Ms. Hatfield cannot meet her
legal bills or sustain her living expenses, she may re-file this
motion.

CONCLUSION

Mr.  Brooks'  and  Mr.  Levitt's  motions  to  modify  Mr.
Brooks' bail conditions are DENIED WITH PREJUDICE.  Mr. Brooks'
oral  motion  for  a  continuance  is  DENIED  WITH  PREJUDICE.    Mr.
Levitt's motion to withdraw as counsel is DENIED WITHOUT PREJUDICE.
Ms. Hatfield's motion to use $2 million of restrained funds as a
"bridge loan" is DENIED WITHOUT PREJUDICE.  The Court reserves
judgment on Mr. Levitt's motion for an order compelling Mr. Brooks
to pay his outstanding legal fees.

SO ORDERED.

_____/s/_____
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          January 11, 2010