```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
United States of America,
                                        MEMORANDUM AND ORDER
                                        06-CR-550(S-1)(JS)

        - against -

David H. Brooks and
Sandra Hatfield,

                Defendants.
-------------------------------x
APPEARANCES:
For Government:         Richard Thomas Lunger, Jr., Esq.
                        Christopher Allen Ott, Esq.
                        James Halleron Knapp, Esq.
                        James M. Miskiewicz, Esq.
                        United States Attorneys Office
                        610 Federal Plaza
                        Central Islip, NY 11722-4454

For Defendants:
David Brooks            John C. Meringolo, Esq.
                        Meringolo and Associates, P.C.
                        1790 Broadway, Suite 1501
                        New York, NY 10019

                        Zaki I. Tamir, Esq.
                        Gofer Tamir and Assoc.
                        55 Broad Street
                        New York, NY 10004

                        James M. LaRossa, Esq.
                        240 West End Avenue
                        New York, NY 10023

                        Kenneth Ravenell, Esq.
                        William H. Murphy, Jr., Esq.
                        The Murphy Firm
                        1 South Street, 23rd Floor
                        Baltimore, MD 21202

                        Richard Ware Levitt, Esq.
                        Yvonne Shivers, Esq.
                        Law Offices of Richard W. Levitt
                        148 E. 78th Street
                        New York, NY 10021
```

|              |                                    |
|--------------|------------------------------------|
|              | Ira Lee Sorkin, Esq.               |
|              | Mauro Michael Wolfe, Esq.          |
|              | Dickstein Shapiro LLP              |
|              | 1177 Avenue of the Americas        |
|              | New York, NY 10036                 |
| Sandra Hatfield | Roland G. Riopelle, Esq.        |
|              | Maurice H. Sercarz, Esq.           |
|              | Sercarz & Riopelle, LLP            |
|              | 152 West 57th Street, 24th Floor   |
|              | New York, NY 10019                 |

SEYBERT, District Judge:

Pending before this Court is Defendant David H. Brooks' ("Brooks") and Defendant Sandra Hatfield's ("Hatfield") (collectively, "Defendants") motions to preclude the expert testimony of John Paul Osborn and Professor Eric J. Pan. For the reasons stated below, Defendants' motions to preclude Osborn's testimony is DENIED, and Defendants' motions to preclude Professor Pan's testimony is DENIED in part and GRANTED in part.

## BACKGROUND

On October 24, 2008, the Government provided notice that it intended to call Mr. Osborn and Professor Pan as expert witnesses, pursuant to Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 ("Notice"). (Docket Entry 200). On December 15, 2009, Defendants moved in limine to exclude this testimony. (Docket Entry 641 and 638). The Notice indicates that Mr. Osborn will provide opinion testimony "concerning signature identification based upon on his comparison of the handwriting of the defendants Brooks and Hatfield" against a number of known

exemplars. (Notice at 4). The Notice further indicates that Professor Pan will provide background testimony on numerous corporate governance issues, including: (1) the respective roles that shareholders, various corporate officers, the Board of Directors, Board committees, and independent auditors play in a publicly-held corporation; (2) a typical publicly-held corporation's management structure; (3) the SEC, OTC, NASDAQ, and AMEX rules applicable to such a corporation; (4) the fiduciary duties that directors and officers owe a publicly-held corporation; (5) a publicly-held corporation's disclosure and reporting obligations, including the public filings it must make; (6) corporate officers' responsibility to ensure that a corporation's public statements and disclosures are truthful, accurate, and complete; (7) the significance of GAAS and GAAP, and the independent audit function's scope and limitations; (8) Sarbanes-Oxley's requirement that a publicly-held corporation's C.E.O. and C.F.O. certify the company's financial condition and results from operations; (9) a publicly-held corporation's compensation-related disclosure obligations; (10) SEC regulations concerning related party disclosures, and a description of what a "related party" transaction is; (11) the outside audit function's scope and limitations; (12) what a representation letter is, and the C.E.O.'s and C.F.O.'s responsibilities in signing such a letter; (13) the various definitions of numerous accounting terms; and (14) the role

of professional stock analysts. (Notice at 1-3). On December 29, 2009, the Government filed a response brief to Defendants' in limine motions. (Docket Entry 680).

DISCUSSION

I. Standard of Law

District courts have "broad discretion in admitting expert testimony." Rochester Gas and Electric Corporation v. GPU, Inc., 09-CV-0482, 2009 U.S. App. LEXIS 26870, *8 (2d Cir. N.Y. December 10, 2009) (citing Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 08-CV-0639, 571 F.3d 206, 213 (2d Cir. N.Y. 2009)). Indeed, it is a "well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions." Nimely v. City of New York, 04-CV-3240, 414 F.3d 381, 396 (2d Cir. N.Y. 2005). Fed. R. Evid. 702, in pertinent part, states that if

> "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

In Daubert v. Merrell Dow Pharmaceuticals, Inc., now codified in Fed. R. Evid. 702, the Supreme Court held that pursuant to the trial judge's "gatekeeping responsibility," the Court "must ensure that any and all scientific testimony or evidence admitted

4

is not only relevant, but reliable." 509 U.S. 579, 589 113 S. Ct. 2786, 125 L.Ed. 2d 469 (1993). As such, the Supreme Court set forth a four factor test to assist trial courts in determining the reliability of expert scientific testimony: (1) whether the theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error in the case of a particular scientific technique; and (4) whether the theory or technique is generally accepted within the relevant scientific community. Id. at 593-596.[1] The Supreme Court subsequently held "Daubert's general holding -- setting forth the trial judge's general 'gatekeeping' obligation -- applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge" pursuant to Fed. R. Evid. 702. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). Furthermore, the Supreme Court in Kumho concluded that "a trial court may consider one or more of the more specific factors that Daubert mentioned when doing so will help determine that testimony's reliability . . . [b]ut, as the

---

[1] See also Arnold v. Dow Chemical Company, 94-CV-3803, 1999 U.S. Dist. LEXIS 404, *8 (E.D.N.Y. January 15, 1999); Zuchowicz v. United States, 97-CV-6057, 140 F.3d 381, 387 (2d Cir. 1998); Iacobelli Construction, Inc. v. County of Monroe, 93-CV-9193, 1994 U.S. App. LEXIS 18278, at *14 (2d Cir. July 21, 1994); Zwillinger v. Garfield Slope Housing Corp., 94-CV-4009, 1998 U.S. Dist. LEXIS 21107, at *31 (E.D.N.Y. August 17, 1998); Marmol v. Biro Manufacturing Co., 93-CV-2659, 1997 U.S. Dist. LEXIS 21669, *10 (E.D.N.Y. January 24, 1997).

Court stated in Daubert, the test of reliability is 'flexible,' and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Id. at 142. Indeed, the Supreme Court clearly stated that "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." Id.

Courts within the Second Circuit have liberally construed expert qualification requirements.[2] But, the use of expert testimony must be "carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." United States v. Bilzerian, 89-CV-1502, 926 F.2d 1285, 1294 (2d Cir. 1991); see also United States v. Scop 87-CV-1255, 846 F.2d 135, 139-140 (2d Cir. 1988). Thus, while an "expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts." Id.

---

[2] See United States v. Brown, 85-CV-1050, 776 F.2d 397, 400 (2d Cir. 1985) (qualification requirements of Rule 702 "must be read in the light of the liberalizing purpose of the rule."); Sullivan v. Ford Motor Co., 97-CV-0593, 2000 U.S. Dist. LEXIS 4114, at *14 (S.D.N.Y. March 31, 2000) ("One knowledgeable about a particular subject need not be precisely informed about all the details of the issues raised in order to offer an opinion."); Valentin v. New York City, 94-CV-3911, 1997 U.S. Dist. LEXIS 24059, at *15 (E.D.N.Y. September 9, 1997) (holding that the "lack of extensive practical experience directly on point does not necessarily preclude [an] expert from testifying.").

II. Mr. Osborn's Proposed Testimony

Defendants contend that Mr. Osborn's testimony should be precluded because handwriting expert testimony "amounts to little more than junk science," and is not the type of reliable testimony that Daubert requires. (Brooks Mot. at 6; Hatfield Mot. at 2). Defendants cite numerous cases to support their position. But these cases are not binding on this Court. And, Defendants ignore that the vast majority of cases, including circuit court cases and cases within the Second Circuit, have concluded the exact opposite. Indeed, the majority of circuit courts have "concluded that a properly admitted handwriting expert may offer an opinion regarding the authorship of a handwriting sample if the factors enumerated in Daubert are satisfied."[3]

In addition, even though the district court in United States v. Oskowitz, 02-CR-1300, 294 F. Supp. 2d 379, 383-384 (E.D.N.Y. 2003) partially limited a handwriting expert's testimony,

---

[3] A.V. by Versace, Inc. v. Versace, 96-CV-9721, 2006 U.S. Dist. LEXIS 62193, at *269 fn14 (S.D.N.Y. August 30, 2006) (citing United States v. Prime, 02-CR-30375, 431 F.3d 1147, 1152-1154 (9th Cir. 2005); United States v. Crisp, 01-CR-4953, 324 F.3d 261, 271 (4th Cir. 2003); United States v. Mooney, 02-CR-1318, 315 F.3d 54, 62-63 (1st Cir. 2002); United States v. Jolivet, 99-CR-2886, 224 F.3d 902, 905-906 (8th Cir. 2000); United States v. Velasquez, 93-CR-7236, 64 F.3d 844, 848-851 (3d Cir. 1995); see also Orix Financial Services, Inc. v. Thunder Ridge Energy, Inc., 01-CV-4788, 2005 U.S. Dist. LEXIS 41889, at *45 (S.D.N.Y. December 29, 2005) (stating that in the majority of Circuits that have addressed the reliability of handwriting testimony, "handwriting analysis is admissible under Fed. R. Evid. 702 and Daubert").

7

the Second Circuit has "never held that a handwriting expert may not offer an opinion on the ultimate question of authorship." A.V. by Versace, Inc., 2006 U.S. Dist. LEXIS 62193 at *269 fn.14. In fact, no Second Circuit district court has wholly excluded "the testimony of a handwriting expert based on a finding that forensic document examination does not pass the Daubert standard." Id. And, the Second Circuit itself has routinely alluded to expert handwriting analysis without expressing any discomfort as to its admissibility. See, e.g., United States v. Tin Yat Chin, 03-CR-1621, 371 F.3d 31, 39 (2d Cir. 2004) (referring to defendant's proffer of a handwriting expert); United States v. Badmus, 02-CR-1225, 325 F.3d 133, 138 (2d Cir. 2003) (discussing government's use of expert testimony to identify defendant's handwriting on series of documents).

This Court will not preclude Mr. Osborn's testimony. As discussed above, handwriting analysis is sufficiently reliable under Daubert and Fed. R. Evid. 702. And Mr. Osborn's education, experience and training as a forensic document examiner is sufficient to establish that he is a qualified expert and that his proffered testimony is sufficiently reliable. Furthermore, even though the Notice does not clearly describe Mr. Osborn's methodology, this lack of clarity does not preclude his testimony. See Orix Financial Services, 2005 U.S. Dist. LEXIS 41889 at *45 (concluding that a handwriting expert's affidavit will not be

8

disregarded because even though it provided "no description of the specific methods and tools he used," it was "self-evident that the principal tool utilized by a handwriting expert is a visual comparison," and that "lack of a detailed description" of the expert's "methodology is not so severe a defect as to warrant the total disregard of the affidavit."). Therefore, Defendants' motion to preclude Mr. Osborn's testimony is DENIED.

III. <u>Professor Pan's Proposed Testimony</u>

Defendants argue that Professor Pan's expert testimony should be excluded because it is "rife" with legal conclusions, and thus would "usurp" the Court's function to instruct the jury on federal corporate governance laws and the jury's role in applying the relevant facts to these laws. (Brooks Mot. at 2-3, 11; Hatfield Mot. at 5). Likewise, Brooks contends that Pan's testimony should be excluded because he is not qualified to testify on corporate governance matters. (Brooks Mot. at 15). The Court disagrees.

Courts generally permit expert corporate governance testimony. But, experts are restricted to explaining general corporate governance concepts, such as setting forth the respective roles of a corporation's directors and officers, the nature of an officer's fiduciary duties to the corporation, or the concept of

parent-subsidiary corporate separateness.[4]  And, overwhelmingly, courts specifically preclude the expert from offering either legal conclusions or opinions that apply corporate governance concepts to the case's specific facts.[5]  Thus, although a corporate governance expert can explain what a CEO does, and what a fiduciary duty is, the expert cannot opine as to whether a specific CEO's acts breached any fiduciary duty.

The expected testimony set forth in the Government's Notice (see supra at p. 3-4) fall entirely within the realm of

---

[4] See Pereira v. Cogan, 00-CV-619, 2002 U.S. Dist. LEXIS 13008, at *14-15 (S.D.N.Y. July 17, 2002) (permitting corporate governance expert to testify to "custom and practices" of corporations, even though the customs and practices are "based in good part on what others believe the law to require.").

[5] See id. at *9-15 (permitting expert testimony with respect to general principles of corporate governance such as various duties owed by officers and directors to the corporation, but not to opinion testimony regarding ultimate issues to be decided by jury, and matters to be determined by court, including opinion testimony referring to the board of directors failure to discharge "its fundamental oversight responsibilities and duty of care in managing the corporation's business and affairs."). See also Consolidated Edison Co. of New York, Inc. v. UGI Utilities, Inc., 01-CV-8520, 2004 U.S. Dist. LEXIS 5271, at *13 (S.D.N.Y. March 29, 2004) (referring to plaintiff's corporate governance expert's conclusions that the defendant corporation "controlled every material aspect of the operations," and "controlled all the important facets of its policies and operations, down to the smallest details," and "controlled every aspect of the corporate existence of [WLC] from its birth to its corporate death.") (internal citations and quotation marks omitted) (reversed in part on other grounds); Rochester Gas and Electric Corporation v. GPU, Inc., 09-CV-0482, 2009 U.S. App. LEXIS 26870, at *8 (2d Cir. December 10, 2009) (finding the corporate governance expert's testimony regarding the plaintiff's corporate structure and evidence of dominance by another corporation did not "impermissibly state legal conclusions.").

acceptable corporate governance testimony. As per that notice, the Government intends solely to solicit background and explanatory information concerning corporate governance and accounting concepts, such as the nature of fiduciary duties, a publicly-held corporation's disclosure requirements, the independent and outside audit functions, and the importance of GAAP. Nothing in the notice indicates that the Government intends to solicit the expert's opinion as to Defendants' acts or DHB's practices. And, in responding to Defendants' motion in limine, the Government has reaffirmed that it "does not intend to elicit, during its case-in-chief, any such opinions from Professor Pan." (Gov. Resp. Br. at 11). The Court will hold the Government to its word.

Given Professor Pan's experience as an attorney, as the Director of the Samuel and Ronnie Heymen Center on Corporate Governance, and as a law professor at the Benjamin Cardozo School of Law, he is more than qualified to assist the jury in understanding general corporate governance principles. Accordingly, Professor Pan may testify about all the subjects discussed in the Notice. But Professor Pan may not offer any opinion regarding the conduct of DHB or its officers, including Defendants.

## CONCLUSION

For the reasons discussed above, Defendants' motions to preclude Mr. Osborn's testimony is DENIED. Defendants' motion to

11

preclude Pan's testimony is DENIED insofar as Professor Pan may testify about general corporate governance principles, including all the subjects specified in the Government's Notice. But Defendants' motion to preclude Professor Pan's testimony is GRANTED insofar as Professor Pan may not offer any opinions regarding the conduct of DHB or its officers (including Defendants), and may not state any legal conclusions. Furthermore, Defendant Brooks' request for a Daubert/Kumho hearing is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
      January  11 , 2010