TAM:JHK
Brooks-bail.for

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    **DECLARATION**

    - against -                          Criminal Action
                                            06 CR 550 (S-2) (JS)
DAVID H. BROOKS,

        Defendant,

    - and -

VICTORIA BROOKS,
ANDREW BROOKS,
JEFFREY BROOKS, and
TERRY BROOKS,

        Sureties.

- - - - - - - - - - - - - - X

    JAMES H. KNAPP hereby declares as follows:

    1.    I am an Assistant United States Attorney, duly
appointed according to law and on the staff of the Office of
Benton J. Campbell, United States Attorney for the Eastern
District of New York.

    2.    On January 3, 2008, this Court set bail in the above-
entitled action for DAVID H. BROOKS ("BROOKS") at Four Hundred
Million Dollars and Zero Cents ($400,000,000.00), as is reflected
in the order setting conditions of release and bond, a copy of
which is annexed hereto as Exhibit A, signed by BROOKS and THE
SURETIES listed in the caption of this declaration:  VICTORIA
BROOKS, ANDREW BROOKS, JEFFREY BROOKS, and TERRY BROOKS
(collectively "THE SURETIES").

    3.    The bail was secured by forty-eight million dollars and

zero cents ($48,000,000.00), which has been partially secured by funds held in certain monitored accounts owned or controlled by BROOKS and/or THE SURETIES. The bail release order and a list of the monitored accounts with redacted account numbers is annexed hereto as Exhibit B.

4. On January 16, 2009, this Court issued a bail modification order releasing twenty-two million, five hundred thousand dollars and zero cents ($22,500,000.00) of the funds held in monitored accounts. See Exhibit C.

5. As set forth in the affidavit of Federal Bureau of Investigation Special Agent Angela Jett, BROOKS breached the conditions of his release, resulting in the issuance of a warrant for his arrest on January 14, 2010, which was executed on January 14, 2010. See Warrant of Arrest, annexed hereto as Exhibit D.

WHEREFORE, the United States respectfully requests an order: (1) forfeiting to the United States of America the bail posted herein; (2) directing the Clerk of the United States District Court for the Eastern District of New York to enter judgment by default against BROOKS and THE SURETIES in the amount of Four Hundred Million Dollars and Zero Cents ($400,000,000.00); (3) forfeiting to the United States of America all right, title and interest in the funds on deposit in the monitored accounts of BROOKS and THE SURETIES posted as security for BROOKS's bail

-3-

bond, a designation of which is set forth on Exhibit B annexed hereto; and (4) directing the financial institutions on which the order is served to forthwith remit the funds on deposit in the monitored accounts of BROOKS and THE SURETIES payable to: Clerk of the Court, Eastern District of New York.

I declare under the penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

Dated:    Central Islip, New York
          January 20, 2010

                         BENTON J. CAMPBELL
                         United States Attorney
                         Eastern District of New York
                         610 Federal Plaza
                         Central Islip, New York 11722

               By:   s/ James H. Knapp
                     JAMES H. KNAPP
                     Assistant U.S. Attorney

Exhibit A

Case 2:06-cr-00550-JS  Document 75  Filed 01/03/08  Page 1 of 2

*United States District Court*
**EASTERN DISTRICT OF NEW YORK**

| UNITED STATES OF AMERICA | **ORDER SETTING CONDITIONS** |
| | **OF RELEASE AND BOND** |

**V.**

David Brooks
_____
Defendant

Case No.: CR 06-550 (JS)
Peft #3

**RELEASE ORDER** (see attachments)

It is hereby ORDERED that the above-named defendant be released as follows, **subject to the Standard Conditions of Bond on the reverse** and:

[ ] Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or

[ ] Upon Unsecured Bond executed by defendant in the amount of $_____, or

[✓] Upon Secured Appearance Bond as provided herein.

**Additional Conditions of Release**

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release:

[ ] 1.  The defendant must remain in and may not leave the following areas without Court permission: _____

[ ] 2.  The defendant shall avoid all contact and not associate with any of the following persons or entities: _____

[ ] 3.  The defendant shall avoid and not go to any of the following locations: _____

[ ] 4.  The defendant shall surrender any and all passports to the U.S. Pretrial Services Agency by _____ and shall not apply for any other passport.

[ ] 5.  Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and

[ ] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work;

[ ] must report to that agency ( ) in person_____ times per _____ and/or ( ) by telephone_____ times per _____;

[ ] is subject to home detention with electronic monitoring with the following conditions:_____

[ ] must undergo [ ] random drug testing [ ] evaluation and/or [ ]treatment, for [ ] substance abuse [ ]alcoholism;  [ ] mental health problems.

[ ] must pay the cost of treatment and/or electronic monitoring by with personal funds and/or insurance.

[✓] 6.  Other Conditions: **See attached**

**APPEARANCE BOND**

The undersigned defendant and sureties jointly and severally acknowledge that I/we and my/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ **400,000,000.00**

The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court the sum of $_____;

[ ] premises located at: _____ owned by _____.

[ ] I/We also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____.

[✓] Other Conditions: **See attached**

David Brooks
_____  Surety      Address: ~~███████████~~

_____  Surety      Address: _____
Victoria Brooks

_____  Surety      Address: _____
Andrew Brooks

**The Court has advised the defendant of the conditions of release per 18:3142(h)(1) and (h)(2). This bond is con-**
ditioned upon the appearance of the defendant and is subject to the **Standard Conditions of Bond** set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sent~~_____~~ **aware of the penalties and sanctions set forth on the reverse of this form.**

Release of the Defendant is hereby ordered on  1/3/2008  ~~199~~        UsD

Distribution:     White-Original     Canary - Courtroom Deputy     Pink - Pretrial Services     Goldenrod - Defendant

<u>ADDITIONAL SURETIES</u>

Name: Jeffrey Brooks                    Property posted:
Address:                                Address:

Signature: _____

Name: Terry Brooks                      Property posted:
Address:                                Address:

Signature: _____

Name:                                   Property posted:
Address:                                Address:

Signature: _____

Name:                                   Property posted:
Address:                                Address:

Signature: _____

Name:                                   Property posted:
Address:                                Address:

Signature: _____

Exhibit B

Case 2:06-cr-00550-JS   Document 76   Filed 01/03/08   Page 1 of 9

U.S. DISTRICT COURT E.D.N.Y

★   JAN 0 3 2008   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X
                                       :   Cr. No. 06-550 (S-1) (JS)
UNITED STATES OF AMERICA,              :
                                       :   **BAIL RELEASE ORDER**
- against -                            :
                                       :
DAVID H. BROOKS and SANDRA HATFIELD,   :
                                       :
Defendants.                            :
- - - - - - - - - - - - - - - - - X

David H. Brooks will be released on bail subject to the following conditions:

A.   Bail Bond

    1.   Prior to his release, David H. Brooks will post a $400 million personal recognizance bond co-signed by Victoria Brooks (David H. Brooks' 23 year-old daughter), Andrew Brooks (his 19 year-old son), Jeffrey Brooks (his brother) and Terry Brooks (his ex-wife), secured by $48 million in assets of a kind agreed to by the United States Attorney's Office.

B.   Passport

    2.   Prior to his release, David H. Brooks will surrender any passport in his possession. He will not apply for a replacement passport.

C.   Home Confinement

    3.   Except as specified in paragraph 10 below, upon his release, David H. Brooks will remain in an apartment at [redacted] ("the apartment").

    4.   David H. Brooks will wear an electronic bracelet at all times,

which will alert in locations specified by the United States Attorney's Office.

     5.    David H. Brooks will employ a security firm approved by the United States Attorney's Office. The security firm will post two security monitors, at least one of whom will be armed, inside the apartment to ensure that David H. Brooks does not leave the apartment. David H. Brooks and any visitor to the apartment will consent to the use of reasonable force by the security monitors to temporarily detain David H. Brooks if it is determined that he is attempting to flee. David H. Brooks will also agree to implement any other measures required by the security firm to effect his home confinement. Prior to his release, the United States Attorney's Office will confirm that the property has been appropriately secured.

     6.    The security firm will be authorized to search the apartment prior to the commencement of David H. Brooks' residing there to ensure that there are no weapons, cellular telephones, unauthorized computers, unauthorized electronic devices or other devices in the apartment that would facilitate flight or obstruction of justice. Moreover, David H. Brooks will consent to unannounced searches of the apartment by the security firm during the pendency of this case.

     7.    The security firm will monitor the visitors to the apartment as described in this paragraph. Visitors will be limited to Jeffrey Brooks; Victoria Brooks; Andrew Brooks; Elizabeth Brooks; Terry Brooks; Sheilagh O'Connor; Jil Klinkert; Mr. Brooks' lawyers and legal assistants, including accounting professionals; maintenance and cleaning personnel if approved by the security firm; and other individuals approved by the United States Attorney's Office. Jeffrey Brooks, Jil Klinkert, and Sheilagh O'Connor may visit only in the company of a security monitor, who will monitor all

2

conversations and prepare a statement confirming that there were no conversations indicative of flight, obstructive conduct, a violation of bail conditions, or other criminal activity. The security firm will provide the statements to the United States Attorney's Office on a monthly basis. O'Connor, Jeffrey Brooks and Klinkert may visit a total of four hours a day (except for Sunday and Monday), and no one of the three may visit for more than two hours a day. There will be no visitors between the hours of 12:00 a.m. (midnight) and 7:00 a.m. without the approval of the United States Attorney's Office. The names of all lawyers and legal assistants will be provided to the United States Attorney's Office to ensure their bona fides. All visitors will agree to be searched on entering and leaving the apartment. Visitors, including lawyers and their assistants, will surrender to the security monitors all mobile telephones, Blackberries, computers, and other such devices upon entering the apartment, except the lawyers may bring in personal computers but only to facilitate defense preparation. Except for lawyers and their assistants, only one person-over 25 years old will be permitted to visit at any time unless more are authorized by the United States Attorney's Office.

8.    Except with the Court's approval, David H. Brooks will leave the apartment only for court appearances and a monthly medical appointment and then only on notice to the United States Attorney's Office. At such times, he will be escorted by two or more armed security monitors as required.

9.    David H. Brooks agrees that the apartment will have only three functioning telephone lines -- one for incoming and outgoing telephone calls; one to send or receive faxes; and one for the electronic bracelet. Absent exigent circumstances as determined by the security monitors, David H. Brooks agrees (a) that he will use the

3

telephone only between the hours of 9:30 a.m. - 5:30 p.m. and 7 p.m. - 10 p.m., and (b) that he will not use the telephone during those hours if so directed by the security monitors. David H. Brooks also agrees that the security firm will log, listen into, and record all telephone calls and monitor all faxes, except for attorney-client communications. David H. Brooks agrees not to use a mobile telephone. The recorded telephone conversations and fax documents, except for attorney-client communications, will be made available to the United States Attorney's Office upon request. Any materials provided to the United States Attorney's Office will also be provided to defense counsel.

10. David H. Brooks will have access to only one personal computer with one internet connection and without telephone capacity. The security firm will monitor all computer activity, except for attorney-client communications. Records of computer activity, except for attorney-client communications, will be made available to the United States Attorney's Office upon request. Any materials provided to the United States Attorney's Office will also be provided to defense counsel.

D.    Asset restrictions

11. Prior to his release, David H. Brooks, Victoria Brooks, Andrew Brooks, Elizabeth Brooks (his 14 year-old daughter), Jeffrey Brooks, and Terry Brooks will each prepare and submit to the United States Attorney's Office a statement of total assets and liabilities, including itemized lists of liquid assets and non-liquid assets. For purposes of this agreement, the term "liquid assets" will include cash, or property readily convertible into cash, including foreign currency, stocks, bonds, or notes. The lists of liquid assets shall include all accounts owned or controlled by David H. Brooks, Victoria

4

Brooks, Andrew Brooks, Elizabeth Brooks, Jeffrey Brooks, and Terry Brooks, held at any bank, financial institution, brokerage house, financial services entity or held by or with any other entity, regardless of the title of the account, purported owner of the account or source of the funds. For purposes of this agreement, the term "non-liquid assets" excludes individual items of jewelry or art valued at less than $25,000, home furnishings, and clothing. The lists of non-liquid assets shall contain a good faith estimate of each asset's fair market value. The lists described herein will not be made public except in connection with a court proceeding.

12.     The United States Attorney's Office will have three business days to review the lists described in paragraph 11 and raise any objection to them, unless the three day period is extended on the request of David H. Brooks. Any objection that cannot be resolved by the parties may be presented to the Court for its consideration. David H. Brooks will not be released until any such objection is resolved.

13.     Upon the approval of the lists of assets as described in paragraphs 11 and 12 above, David H. Brooks, Victoria Brooks, Andrew Brooks, Elizabeth Brooks, Jeffrey Brooks, and Terry Brooks will consolidate their non-restrained liquid assets into a maximum of 25 accounts, unless a greater number is approved by the United States Attorney's Office. The 25 accounts will be in domestic institutions unless a foreign account is approved by the United States Attorney's Office. The identities of the 25 accounts will be provided to the United States Attorney's Office and the security firm. Before David H. Brooks is released on bail, the United States Attorney's Office will confirm that the total of the liquid assets in the 25 accounts corresponds to the total liquid assets set forth in paragraph 11 above and so advise the Court. The United States

5

Attorney's Office will not seek to restrain the assets in the 25 accounts except as authorized by paragraph 18 of this agreement.

14. Except with the United States Attorney's Office's approval, all non-liquid assets will be maintained in this country at a location or locations known to the security firm and the United States Attorney's Office, and to which the security firm shall have access. David H. Brooks will provide the security firm a list identifying the non-liquid assets and their locations. Before David H. Brooks is released on bail, the security firm will confirm that the non-liquid assets are in the specified locations. Where assets are mobile (e.g., vehicles and jewelry), the list will so indicate and the assets may remain mobile with the approval of the United States Attorney's Office. David H. Brooks will have seven days following his release to amend the list of non-liquid assets to include any item inadvertently and in good faith not included in the original list. David H. Brooks will provide the security firm with either the access necessary to monitor the locations and dispositions of the non-liquid assets or with control over access to the non-liquid assets. The United States Attorney's Office will not seek to restrain the non-liquid assets identified to the security firm except as authorized by paragraph 18 of this agreement.

15. David H. Brooks will provide the security firm with the access necessary to monitor the 25 liquid asset accounts in real time. In addition, David H. Brooks will agree to provide the security firm a list of vendors to be approved by the United States Attorney's Office. Transfers from the consolidated accounts in excess of $10,000 may be made only to approved vendors, and transfers in excess of $100,000 a month to any one vendor may be made only with the United States Attorney's Office's

6

approval. David H. Brooks will consent to the security firm, the Court, or the United States Attorney's Office taking all appropriate actions to restrain the assets in the 25 accounts should he leave home confinement without approval.

16.    David H. Brooks will notify the security firm if any non-liquid assets are to be disposed of or hypothecated. No non-liquid assets valued individually in excess of $25,000 or in total in excess of $100,000 may be disposed of or hypothecated without the United States Attorney's Office's approval, except that horses may be sold without approval, provided that the proceeds from any such sale are immediately deposited into one of the 25 accounts described in paragraph 13 above. David H. Brooks will consent to the security firm, the Court and the United States Attorney's Office taking all appropriate actions to restrain the non-liquid assets should he leave home confinement without approval.

17.    Victoria Brooks, Andrew Brooks, Elizabeth Brooks, Jeffrey Brooks and Terry Brooks will agree to each use no more than two credit cards, and will provide the security firm with on-line access to those accounts. The security firm will monitor the credit card accounts. The account statements will be available to the United States Attorney's Office.

18.    The United States Attorney's Office agrees not to restrain, pursuant to forfeiture laws, more than $190 million of proceeds based upon the current indictment, except to the extent that any specific traceable proceeds have increased in value since the commission of the crimes alleged in the indictment.    If restrainable funds are consolidated into any of the 25 accounts pursuant to paragraph 13, the United States Attorney's Office will not claim that other funds in that account are subject to restraint

7

because of the consolidation.

E.     Other Conditions

        19.     The security firm will notify the Court and the United States
Attorney's Office immediately if it determines that David H. Brooks has violated any
term of this agreement or if it finds any suspicious activity indicative of flight,
obstructive conduct or other criminal activity. The security firm will respond to specific
requests from the United States Attorney's Office should the United States Attorney's
Office have cause to believe that flight, obstructive conduct or other criminal activity
may be occurring or that assets have been secreted. If the security firm believes that such
a request is not specific (or is being made for a purpose other than to ensure that David H.
Brooks is not attempting to flee, obstruct justice, secret assets or engage in other criminal
activity), it may seek the Court's guidance on notice to the United States Attorney's
Office. Except as provided, and in paragraphs 7, 9, 10, 15, 16 and 17 and this paragraph,
the security firm will not share information with the United States Attorney's Office and
the United States Attorney's Office will not seek information from it.

        20.     Any knowing violation of this agreement, including but not limited
to an attempt by David H. Brooks (a) to leave his home confinement without approval
(see paragraphs 3 and 8), (b) to escape from his security monitor, (c) to obstruct justice,
(d) to engage in new criminal activity or (e) to conceal assets, will be grounds for
revocation of his bail release and for forfeiture of the $55 million in bond security
described in paragraph 1 above. The failure to list non-liquid assets totaling less than
$200,000 will not constitute a violation of this agreement. Any knowing violation of this
agreement which involves an attempt by David H. Brooks to leave his home confinement

8

without approval (see paragraphs 3 and 8), or to escape from his security monitor, or conduct by David H. Brooks that violates 18 U.S.C. section 1512 will be grounds for enforcement of the personal recognizance bond against David H. Brooks, Jeffrey Brooks, Terry Brooks, Victoria Brooks, Andrew Brooks and Elizabeth Brooks.

21.   David H. Brooks will pay for all costs related to monitoring conducted by the security firm and the electronic bracelet referred to herein, as well as all costs related to occupancy and maintenance of the apartment. He will deposit into an escrow account at the law firm of Stillman, Friedman and Shechtman an amount equal to the monthly cost of electronic monitoring and home detention, from which account those costs will be paid. David H. Brooks also agrees to replenish the escrow account within ten days following each monthly payment, and Stillman, Friedman and Shechtman will notify the security firm that the amount has been replenished. The failure of David H. Brooks to make the payment described in this paragraph will be a violation of the conditions of his release.

22.   To be effective this agreement must be approved by the Court and signed in open court by David H. Brooks, his attorney, Terry Brooks, Jeffrey Brooks, Victoria Brooks, Andrew Brooks, and the Assistant United States Attorney. David H. Brooks will not be released from custody until the Court is satisfied that the conditions precedent thereto as described in this agreement have been met.

So ordered: _1 · 03 - 08_

MONITORED ACCOUNTS

| | WASHINGTON MUTUAL BANK | | | |
|---|---|---|---|---|
| | Accounts | Account # | Active | Balance |
| | | | | |
| 1 | Jeffrey R. Brooks | XXXXXX590-9 | Yes | 84,600.12 |
| 2 | Perfect World Partners, LLC | XXXXXX230-7 | Yes | 3,455.02 |
| 3 | Perfect World Enterprises, LLC | XXXXXX229-0 | Yes | 38,969.89 |
| 4 | VAE Enterprises, LLC | XXXXXX250-5 | Yes | 112,092.01 |
| 5 | Victoria Brooks | XXXXXX174-8 | Yes | 169,710.25 |
| 6 | David Brooks | XXXXXX249-7 | Yes | 252,344.83 |
| 7 | Andrew Brooks | XXXXXX184-7 | Yes | 140,871.23 |
| 8 | Brooks Industries of L.I. | XXXXXX243-0 | Yes | 41,724.54 |
| 9 | WAMU ACCOUNT WILDFIRE HOLDINGS LLC | XXXXXX249-8 | Yes | 40,525.87 |
| 10 | WAMU ACCOUNT ELIZABETH BROOKS (CUSTODIAL) | XXXXXX3917 | Yes | 7,551,225.62 |
| 11 | WAMU ACCOUNT SEIZE THE DAY INDUS., INC | XXXXXX104-8 | Yes | 624.16 |
| 12 | WAMU ACCOUNT (BULLETPROOF ENTERPRISES) | XXXXXX186-6 | Yes | 168,110.59 |
| | LANTERN INVESTMENTS | | | |
| | Accounts | Account # | Active | Balance |
| | | | | |
| 13 | LANTERN INVESTMENTS BROOKS INDUSTRIES INC | XXXXXX15-11 | Yes | 8,105,120.61 |
| 14 | LANTERN INVESTMENTS PERFECT WORLD PARTNERS | XXXXXX65-10 | Yes | 605,694.32 |
| 15 | LANTERN INVESTMENTS (JEFFREY BROOKS) | XXXX1325 | Yes | 23,734.02 |
| 16 | LANTERN INVESTMENTS (JEFFREY BROOKS IRA) | XXXX8231 | Yes | 964,948.80 |
| 17 | LANTERN INVESTMENTS TRUE GRIT HOLDINGS LLC | XXXX1514 | Yes | 3,949.75 |
| 18 | LANTERN INVESTMENTS JB PARTNERS LLP | XXXX1399 | Yes | 60,802.92 |
| 19 | LANTERN INVESTMENTS (TERRY IRA ASSETS) | XXXX1608 | Yes | 1,827,939.75 |
| 20 | LANTERN INVESTMENTS (ELIZABETH BROOKS) | XXXX1656 | Yes | 6,138,159.38 |
| 21 | LANTERN INVESTMENTS ANDREW BROOKS | XXXX1612 | Yes | 173,975.26 |
| 22 | LANTERN (DAVID BROOKS) INDIVIDUAL | XXXX1662 | Yes | 8,044.55 |
| 23 | LANTERN (DAVID BROOKS IRREVOCABLE TRUST) | XXXX1661 | Yes | 5,138.20 |
| 24 | LANTERN (VRB. INC.) | XXXX1659 | Yes | 2,789,285.77 |
| 25 | LANTERN (ASB. INC.) | XXXX1648 | Yes | 4,799,295.64 |
| 26 | LANTERN (ELIZABETH BROOKS IRA | XXXX8264 | Yes | 73,027.22 |
| 27 | LANTERN (EJB, INC) | XXXX1660 | Yes | 2,254,255.52 |
| 28 | LANTERN (BROOKS INDUS. OF LI PSP | XXXX8267 | Yes | 317,252.86 |
| 29 | LANTERN (VAE ENTERPRISES) | XXXX1665 | Yes | 23,108.68 |
| 30 | LANTERN (WILDFIRE HOLDINGS LLC) | XXXX1643 | Yes | 20,890.16 |
| 31 | LANTERN INVESTMENTS (DAVID BROOKS BAIL BONDS) | XXXX1666 | Yes | 22,503,090.63 |
| 32 | LANTERN INVESTMENTS VICTORIA BROOKS | XXXX1678 | Yes | 5,754,348.71 |
| 33 | LANTERN INVESTMENT ANDREW BROOKS | XXXX1677 | Yes | 212,634.20 |
| | VARIOUS ACCOUNTS | | | |
| | Accounts | Account # | Active | Balance |
| | | | | |
| 34 | Mann Financial | XXXXXXXX53643 | Yes | 2,528,269.23 |
| | PNC (Opened 4/2009) | XXXXXX5667 | Yes | |
| | ADDITIONAL ACCOUNTS | | | |
| | Accounts | Account # | Active | Balance |
| 35 | MOHAWK RACETRACK(PERFECT WORLD ENTERPRISES) | | Yes | 756,828.00 |
| 36 | MOHAWK (BULLETPROOF ENTERPRISES) | | Yes | 102,000.00 |
| 37 | JOANNE'S STAKKING PURSE ACCT | | Yes | CAD - $ 200,000.00 |
| 41 | STERLING | XXX69 | Yes | 6,484,595.06 |
| | Bank of Montreal (Ontario Canada) | XXXXXXXXXXX6834 | | 167,584.17 |

Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DAVID H. BROOKS,

Defendant.

Case No. 06-CR-550 (S-1) (JS)

BAIL MODIFICATION ORDER

AND NOW, this /16 day of January, 2009, it is hereby Ordered that the Court's prior

bail release orders (dated January 3, 2008, and June 13, 2008), are hereby modified as follows:

1.    $22.5 million of the funds restrained as part of the bail package securing

defendant David H. Brooks' release shall be immediately released, and such funds shall be

deposited into an escrow account(s) maintained by the law firm of Blank Rome LLP. Such

funds may be used by defendant David H. Brooks for legal fees and expenses, for the payment of

taxes, and for living expenses up to a limit of $1 million. The funds held in Blank Rome LLP's

escrow account(s) shall be subject to monitoring as set forth in the Court's prior bail release

orders.

2.    Jeffrey Brooks shall be permitted to open an account in the name of Bulletproof

Enterprises Inc. The balance in that account shall not exceed $250,000. The funds held in this

account shall be subject to monitoring as set forth in the Court's prior bail release orders.

All other terms of the prior bail release orders are to remain in place.

SO ORDERED.

/s/ JOANNA SEYBERT

Joanna Seybert, U.S.D.J.

Exhibit D

# UNITED STATES DISTRICT COURT

_____EASTERN_____ DISTRICT OF_____ NEW YORK _____

UNITED STATES OF AMERICA

v.                                      WARRANT FOR ARREST

DAVID H. BROOKS,

CASE NUMBER: 06CR550 (S-2) (JS)

DEFENDANT.

TO: Special Agent Angela Jett _____, and any Authorized United States Official

YOU ARE HEREBY COMMANDED to arrest David H. Brooks
                                                        Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

Indictment ☐ Information ☐ Complaint ☐ Order of Court ☑ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense)

## Bail Violation

In violation of Title _____18_____ United States Code, Section(s) 3148(b)(1)

The Honorable Joanna Seybert          United States District Judge
Name of Issuing Officer                Title of Issuing Officer

Signature                              January 14, 2010,  Central Islip, New York
                                        Date and Location

Bail fixe _____  By _____

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |