```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

        -against-                          ORDER
                                           06-CR-0550 (JS)
SANDRA HATFIELD, DAVID H. BROOKS,
PATRICIA LENNEX,

                Defendants.
-------------------------------------X
APPEARANCES:
For Government:       Richard Thomas Lunger, Jr., Esq.
                      Christopher Allen Ott, Esq.
                      James Halleron Knapp, Esq.
                      James M. Miskiewicz, Esq.
                      United States Attorneys Office
                      610 Federal Plaza
                      Central Islip, NY 11722-4454
For Defendants:

Sandra Hatfield       Roland G. Riopelle, Esq.
                      Maurice H. Sercarz, Esq.
                      Sercarz & Riopelle, LLP
                      152 West 57th Street, 24th Floor
                      New York, NY 10019

David Brooks          John C. Meringolo, Esq.
                      Meringolo and Associates, P.C.
                      1790 Broadway, Suite 1501
                      New York, NY 10019

                      Zaki I. Tamir, Esq.
                      Gofer Tamir and Assoc.
                      55 Broad Street
                      New York, NY 10004

                      James M. LaRossa, Esq.
                      240 West End Avenue
                      New York, NY 10023

                      Kenneth Ravenell, Esq.
                      William H. Murphy, Jr., Esq.
                      The Murphy Firm
                      1 South Street, 23rd Floor
                      Baltimore, MD 21202
```

```
                    Richard Ware Levitt, Esq.
                    Yvonne Shivers, Esq.
                    Law Offices of Richard W. Levitt
                    148 E. 78th Street
                    New York, NY 10021

                    Roger V. Archibald, Esq.
                    William C. Thompson, Esq.
                    16 Court Street
                    Brooklyn, NY 11241
```

SEYBERT, District Judge:

On April 1, 2010, the Court ordered Mr. Brooks to produce the metadata associated with DB-DS-153. Mr. Brooks declined to do so, asserting the act of production privilege. On April 5, the Court again ordered Mr. Brooks to produce the metadata, this time in camera, so that the Court could determine: (1) whether the act of production privilege applies and, (2) whether the metadata impeaches DB-DS-153's authenticity. The Court does not yet make any findings concerning whether the metadata calls DB-DS-153's authenticity into question. But the Court does find that the act of production privilege does not apply. Thus, the Court hereby releases DB-DS-153's metadata to the Government.

## DISCUSSION

The act of production privilege is a species of the Fifth Amendment privilege, which permits an individual to shield incriminating papers from disclosure. See generally In re Grand Jury Subpoena (ABC, Inc.), 668 F. Supp. 2d 307, 313 (D. Mass.

2009). Although not called by that name, the privilege itself is old, having been recognized by the Supreme Court in 1886. See Boyd v. United States, 116 U.S. 616, 633, 6 S. Ct. 524, 29 L. Ed. 746 (1886) (the Court found itself unable "to perceive that the seizure of a man's private books and papers to be used in evidence against him is substantially different from compelling him to be a witness against himself"); see also United States v. Doe, 465 U.S. 605, 612-13, 104 S. Ct. 1237, 1242-43, 79 L.Ed.2d 552 (1984). Under Second Circuit precedent the privilege applies only where the act of production is, itself, (1) compelled, (2) testimonial, and (3) incriminating. In re Three Grand Jury Subpoenas Duces Tecum Dated January 29, 1999, 191 F.3d 173, 178 (2d Cir. 1999). In addition, the privilege applies only (1) "if the existence and location of the subpoenaed papers are unknown to the government"; or (2) where production would "implicitly authenticate" the documents. In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992, 1 F.3d 87, 93 (2d Cir. 1993). Here, neither of these two circumstances applies.

First, the "existence and location of the [metadata] papers" is not "unknown to the government." On April 1, 2010, Mr. Brooks' attorney, Richard Levitt, represented in open court that Mr. Brooks possessed the metadata and would willingly "give it to the court for in camera review" and "explain to the court

3

exactly what it means." (Tr. 8675). At this time, Mr. Brooks had not yet invoked the act of production privilege, and Mr. Levitt made no effort to assert it on his behalf. Instead, Mr. Levitt objected to providing it to the Government on the grounds that the metadata (associated with an e-mail that Dawn Schlegel purportedly wrote) somehow constituted Mr. Brooks' "private information." (Tr. 8676). Thus, by the time Mr. Brooks asserted the privilege, the Government already knew that the metadata existed and that Mr. Brooks' defense team possessed it. See In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992, 1 F.3d at 93 ("production may not be refused [i]f the government can demonstrate with reasonable particularity that it knows of the existence and location of subpoenaed documents") (internal citations and quotations omitted).

Second, Mr. Brooks' production of the metadata would not implicitly authenticate it. This is because Mr. Brooks' act of producing the data is not a "necessary link to any incriminating evidence contained" within it. Id. Indeed, in Mr. Brooks' April 2, 2010 letter to the Court, he represented that the Court could obtain the identical metadata by subpoenaing Venable LLP for the "mirror" of Ms. Schlegel's hard drive, and then looking in Ms. Schlegel's Microsoft Outlook deleted items folder. Accordingly, it is not "necessary" for Mr. Brooks to produce the metadata: it is merely most convenient

4

for him to do so.  In addition, "[i]mplicit authentication occurs when an individual who receives a [subpoena] demanding production of documents complies with the [subpoena] and thereby implicitly testifies that he owns or at least possesses the documents." United States v. Walker, 982 F. Supp. 288, 292 (S.D.N.Y. 1997) (quoting United States v. Fox, 721 F.2d 32, 38 (2d Cir. 1983).  But here, Mr. Levitt already represented – prior to Mr. Brooks invoking the privilege – that Mr. Brooks "own[ed]" the metadata when he represented that the metadata was Mr. Brooks' "private information."  Thus, Mr. Brooks' act of producing the metadata lacks any testimonial quality.  See, generally, In re Boucher, 06-MJ-91, 2009 WL 424718, *3-4 (D. Vt. 2009) (defendant's act of producing an unencrypted hard drive was not a "necessary link" in authentication, nor was production testimonial in nature).

Furthermore, the "foregone conclusion" rule belies Mr. Brooks' privilege assertions.  Fisher v. U.S., 425 U.S. 391, 411, 96 S. Ct. 1569, 1581, 48 L. Ed. 2d 39 (1976).  This rule states that "[w]hen the existence of documents is a foregone conclusion, the [party]'s concession that he has the documents would add little or nothing to the government's information, and the question is not of testimony but of surrender."  Id. Indeed, applying the "foregone conclusion" rule and applicable Second Circuit precedent, the District of Vermont recently

5

rejected a defendant's contention that the act of production privilege permitted him to shield an unencrypted version of his hard drive from disclosure -- a situation roughly analogous to the metadata here.  In re Boucher, 2009 WL 424718 at *4.

SO ORDERED.

_____/s/_____
Joanna Seybert, U.S.D.J.

Dated:     Central Islip, New York
           April 7, 2010