

MURPHY FALCON KUYKENDALL RAVENELL MURPHY

May 9, 2010

The Honorable Joanna Seybert
United States District Court for the
   Eastern District of New York
100 Federal Plaza
Central Islip, N.Y.  11722-9014

               Re:     U.S. v. David H. Brooks, Cr. No. 06-CR-550 (S-1) (JS)

Dear Judge Seybert:

      We write to provide supplemental authority in support of our motion to exclude the proposed summary testimony of Agent Valencia and the charts the government seeks to admit through her.

      As the Court knows the government offers through Agent Valencia summary charts that, among other things, list enumerable expenses allegedly borne by DHB that the government claims were for Mr. Brooks' personal benefit or that of his family.  As the Court also knows, the personal character of many of these expenses and the identity of the ultimate payer is hotly contested.   In considering the admissibility of such testimony we ask the Court to imagine for a moment that Agent Valencia were testifying *without* the use of summary charts, and simply was asked by the government whether, in her opinion, one or another of the many expenses about which there has been disputed testimony should properly be categorized as business or personal.  We are confident the court would find that such testimony is not proper opinion testimony under Fed.R.Evid. 701.  Now imagine that, in response to the Court's ruling that such testimony is inadmissible the government asks the Court to reach a different result because it proposes to reduce her opinions to writing in what the government proposes to call "summary charts."  Would this change the Court's ruling?  Respectfully, we suggest not.  Yet this is precisely what the government proposes to do.

      In *United States v. Citron*, 783 F.2d 307 (2d Cir. 1983), the defendant's conviction for income tax evasion was reversed because, inter alia, the government was wrongly permitted to introduce a certain summary chart through an IRS Agent.  The government proceeded to trial using the cash expenditures method.  IRS Agent Perrotta prepared the chart using the research of IRS Agent Levy. As explained in the opinion, the chart identified defendant's cash on hand at the beginning of the period of analysis and "lists various items of expense and income and sets forth the amounts which the government maintained were received and spent by Ira. Next to each item on the chart Agent Perrotta noted the exhibits relied upon in arriving at the figures."  783 F.2d 310.  The government also offered evidence of defendant's illicit income through bookmaking. Defendant objected that the number used by the government on the chart to represent

Hon. Joanna Seybert
May 9, 2010
Page 2 of 3

defendant's cash on hand was not adequately supported by the evidence. The trial court had itself questioned the provenance of this number but nonetheless admitted the chart, ruling that the defense would have a full opportunity to cross-examine the agent.

The Second Circuit found the admission of this chart to be error because summary charts are not admissible unless they "fairly represent and summarize the evidence upon which they are based" and the government's "cash on hand" figure was not adequately supported by the evidence:

> Although reliance on cross-examination may be appropriate in other contexts, the defendant here was entitled to greater protection. Summary charts should not be admitted unless a proper foundation is established connecting the numbers on the chart with the underlying evidence. ***Courts have long required that district courts ascertain that summary charts "fairly represent and summarize the evidence upon which they are based."*** [citations omitted, emphasis added] Unless this requirement is met, the chart is more likely to confuse or mislead the jury than it is to assist it. *See Fed. R. Evid. Rule 403*. In this case, the summary chart contained a figure for cash on hand that was obviously the product of calculation. Yet the government provided no explanation, either in the form of worksheets, testimony, or other methods of elucidation, showing how it derived the figure. The district court did not consider whether the chart was based on the evidence but instead noted that the chart was "doubletalk" and admitted it. In this respect the court abused its discretion. *See Conlin, supra, at 539*.

783 F.2d 316-17.  The court found that the erroneous admission of the chart was not harmless because "A higher cash-on-hand figure would have directly reduced the amount of income alleged to have been underreported and a lower figure would have had the opposite effect." 783 F.2d at 317.

Here, the government certainly can point to evidence in the record establishing that the purchases represented in its charts were in fact made.  What it cannot represent is that the evidence **objectively** supports the conclusion that all these expenditures were *personal* and were ultimately paid by DHB because, as the government well knows, the proper categorization of many of the expenditures is disputed.  Agent Valencia's inclusion of these disputed expenditures therefore represents her or the prosecutors' **subjective** conclusions regarding which evidence to accept. The government is certainly entitled to champion its subjective beliefs in this regard, but it must do so during summation, not during its case in chief through a chart purporting to be an objective summary of the evidence.

Hon. Joanna Seybert
May 9, 2010
Page 3 of 3

    For these reasons Agent Valencia's charts and related testimony should not be admitted.

                                    Respectfully submitted,

                                             /s/

                                    Kenneth W. Ravenell

cc:    All counsel