```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

         -against-                              MEMORANDUM AND ORDER
                                                06-CR-0550 (JS)
SANDRA HATFIELD, DAVID H. BROOKS,
PATRICIA LENNEX,

                  Defendants.
-------------------------------------X
APPEARANCES:
For Government:       Richard Thomas Lunger, Jr., Esq.
                      Christopher Allen Ott, Esq.
                      James Halleron Knapp, Esq.
                      James M. Miskiewicz, Esq.
                      United States Attorneys Office
                      610 Federal Plaza
                      Central Islip, NY 11722-4454
For Defendants:

Sandra Hatfield       Roland G. Riopelle, Esq.
                      Maurice H. Sercarz, Esq.
                      Sercarz & Riopelle, LLP
                      152 West 57th Street, 24th Floor
                      New York, NY 10019

David Brooks          John C. Meringolo, Esq.
                      Meringolo and Associates, P.C.
                      1790 Broadway, Suite 1501
                      New York, NY 10019

                      Zaki I. Tamir, Esq.
                      Gofer Tamir and Assoc.
                      55 Broad Street
                      New York, NY 10004

                      James M. LaRossa, Esq.
                      240 West End Avenue
                      New York, NY 10023

                      Kenneth Ravenell, Esq.
                      William H. Murphy, Jr., Esq.
                      The Murphy Firm
                      1 South Street, 23rd Floor
                      Baltimore, MD 21202
```

Richard Ware Levitt, Esq.
Yvonne Shivers, Esq.
Law Offices of Richard W. Levitt
148 E. 78th Street
New York, NY 10021

Roger V. Archibald, Esq.
William C. Thompson, Esq.
16 Court Street
Brooklyn, NY 11241

SEYBERT, District Judge:

Pending before the Court is Defendant David Brooks' motion to exclude the proposed testimony of DHB investors David Walter and Michael Adair. See Docket No. 1004. This motion is DENIED AS UNTIMELY.

BACKGROUND

On January 12, 2010, Mr. Brooks' co-defendant, Sandra Hatfield, moved in limine to exclude the DHB investor testimony. See Docket No. 737. In response, the Government expressly argued that the Court should admit the DHB investors' testimony on the grounds that it was probative of whether a "reasonable investor" would have considered DHB's alleged misstatements and omissions to be material. See Docket No. 755. Specifically, the Government proffered that these witnesses would testify that: "(1) none of them received the truth about DHB's financial condition or the nature or the extent of the compensation the company paid the defendants and (2) the truth was important to their investment decision." Id. at 2. Mr. Brooks did not

respond to this argument, much less supply the Court with the legal authority he does now. And the Court ultimately accepted the Government's rationale, finding that DHB investors could testify because "what influenced their investment decisions is probative of what a 'reasonable investor' would have considered." Docket No. 781.

Mr. Brooks did not seek prompt reconsideration of this Order. Nor did Mr. Brooks raise any objections to the proposed investor testimony over the following three months, as the Government put its case before the jury. Now, on the eve of the Government resting, Mr. Brooks contends that the Government cannot adduce evidence of materiality through investor testimony, but must rely on other means – such as an expert witness.

## DISCUSSION

The Court does not reach the merits of Mr. Brooks' motion. Even if the Court now agrees with Mr. Brooks, he has simply waited too long. In substance, Mr. Brooks' motion to preclude the DHB investor testimony is a motion for reconsideration of the Court's January 25, 2010 Order admitting their testimony. Motions for reconsideration must be made within fourteen days. See, e.g., U.S. v. Kerik, 615 F. Supp. 2d 256, 276 n.27 (S.D.N.Y. 2009) (applying Local Civil Rule 6.3's time limit to a criminal case) U.S. v. Yannotti, 457 F. Supp. 2d

3

385, 390 (S.D.N.Y. 2006) (same). Here, Mr. Brooks waited roughly three and a half months. Thus, Mr. Brooks' motion for reconsideration is untimely. And there is no need to excuse Mr. Brooks' untimely filing in the interests of justice. On the contrary, Mr. Brooks' untimely motion, if accepted, would grossly prejudice the Government. Indeed, the Government has already put forth nearly its entire case based on the assumption that the DHB investors would testify. And the Government has no time to now track down the kind of expert testimony that Mr. Brooks feels is more appropriate. It follows then that the Court must DENY Mr. Brooks' motion without reaching its merits.

SO ORDERED.

_____/s/_____
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       May 11, 2010