```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

        -against-                         MEMORANDUM AND ORDER
                                          06-CR-0550 (JS)

SANDRA HATFIELD, DAVID H. BROOKS,
PATRICIA LENNEX,

                Defendants.
------------------------------------X
APPEARANCES:
For Government:       Richard Thomas Lunger, Jr., Esq.
                      Christopher Allen Ott, Esq.
                      Christopher Charles Caffarone, Esq.
                      James Halleron Knapp, Esq.
                      James M. Miskiewicz, Esq.
                      United States Attorneys Office
                      610 Federal Plaza
                      Central Islip, NY 11722-4454


For Defendants:
Sandra Hatfield       Roland G. Riopelle, Esq.
                      Maurice H. Sercarz, Esq.
                      Sercarz & Riopelle, LLP
                      152 West 57th Street, 24th Floor
                      New York, NY 10019

David Brooks          John C. Meringolo, Esq.
                      Meringolo and Associates, P.C.
                      1790 Broadway, Suite 1501
                      New York, NY 10019

                      Zaki I. Tamir, Esq.
                      Gofer Tamir and Assoc.
                      55 Broad Street
                      New York, NY 10004

                      James M. LaRossa, Esq.
                      240 West End Avenue
                      New York, NY 10023

                      Kenneth Ravenell, Esq.
                      William H. Murphy, Jr., Esq.
                      The Murphy Firm
                      1 South Street, 23rd Floor
```

Baltimore, MD 21202

Richard Ware Levitt, Esq.
Yvonne Shivers, Esq.
Law Offices of Richard W. Levitt
148 E. 78th Street
New York, NY 10021

Roger V. Archibald, Esq.
William C. Thompson, Esq.
16 Court Street
Brooklyn, NY 11241

SEYBERT, District Judge:

Pending before the Court is its decision regarding whether to strike Superseding Indictment ¶ 22.

## BACKGROUND

On July 7 and 8, 2010, the Court granted in part and denied in part Defendants David Brooks' and Sandra Hatfield's FED. R. CRIM. P. 29(a) motions. See 2010 U.S. Dist. LEXIS 67634, 2010 U.S. Dist. LEXIS 68234. These opinions reserved judgment regarding whether the Government had sufficiently proved the Superseding Indictment's allegation that Defendants fraudulently reclassified $22 million of DHB Industries Inc.'s expenses as research and development between 2003 and 2005. Superseding Indictment ¶ 22. The Court did so because it found, based on the evidence the Government cited in its opposition brief, that the Government had proved only "sloppy bookkeeping," not fraud. See 2010 U.S. Dist. LEXIS 67634 at *8. But, recognizing that the Court lacked an "encyclopedic recollection" of the case's

entire record, the Court elected not to strike ¶ 22 immediately. Instead, the Court ordered the Government to show cause why ¶ 22 should remain.

The Government has responded to the Court's order to show cause, and Defendants have also filed papers.

DISCUSSION

The Government makes several arguments for why it sufficiently proved ¶ 22. These arguments are unavailing.

First, the Government argues that the jury can properly infer that DHB fraudulently inflated its R&D expenses for 2003-2005 because: (1) Rhonda Graves testified that DHB spent only $3 million on R&D in 2002; (2) General Ellis testified that DHB spent only $2 million on R&D in 2006; and (3) DHB's public filings reported much higher DHB expenses between 2003 and 2005. This argument is rejected. DHB's R&D expenses in 2002 and 2006 are not evidence for DHB's conduct in entirely different years, much less sufficient to prove guilt beyond a reasonable doubt. See Nelson v. Brown, 673 F. Supp. 2d 85, 93 (E.D.N.Y. 2009) (fact that petitioner had a beard in 1993 was not evidence that he had one between 1994 and 1999).

Second, the Government argues that DHB's allegedly fraudulent failure to book R&D in the first quarter of 2004 supports ¶ 22's allegations. The Court disagrees. As the Court has previously held, this incident, at most, supports the

3

allegations found in ¶¶ 19-21.  See 2010 U.S. Dist. LEXIS 67634 at *7-8, 2010 U.S. Dist. LEXIS 68234 at *11-12.  It does not suffice to establish a larger fraudulent scheme, covering several other fiscal quarters.  See id.

Third, the Government argues that DHB spent only $848,613 on outside testing between 2002 and 2004, despite outside testing being the "most expensive component of R&D." Docket No. 1165 at 3.  But the cited evidence does not support the Government's position.  Contrary to the Government's claims, the evidence it cites supports only that outside testing was "very expensive." Tr. 3482.  It does not support that outside testing was the "most expensive" R&D component.  So the jury cannot infer, from DHB's relatively light outside testing expenses between 2002 and 2004, that Ms. Hatfield acted fraudulently when she instructed Ms. Schlegel to reclassify much higher amounts as R&D between 2003 and 2005.

The Government also contends that Steve Young's testimony supports an inference that DHB fraudulently reclassified expenses as R&D.  As an initial matter, the Government's reliance on Mr. Young's testimony is improper.  Mr. Young was a defense witness, who testified after the Government concluded its case-in-chief.  Thus, even if his testimony supported the Government's claims, the Government cannot use it to meet its Fed. R. Crim. P. 29(a) burden.

4

In any event, Mr. Young's testimony is entirely unhelpful to the Government. According to the Government, Mr. Young "testified that quality control testing was not research and development, and that was the bulk of the testing that DHB did." Docket No. 1165 at 3. But Mr. Young said no such thing. Mr. Young testified only that "I personally don't see [quality control testing] as research and development." Tr. 17052 (emphasis supplied). And Mr. Young's personal lay opinion about what constitutes R&D does not establish, beyond a reasonable doubt, that DHB could not properly book quality control testing as R&D under the applicable accounting and securities disclosure standards. Likewise, Mr. Young's personal opinion says nothing about whether Ms. Hatfield or Mr. Brooks acted with fraudulent intent.

Finally, again improperly relying on a defense witness' testimony,[1] the Government argues that DHB booked $9.7 million for R&D materials in 2003, and $7.6 million in 2004, while spending only $2 million a year for the materials that DHB shipped to HP White for outside testing during that time period. Thus, the Government argues that the jury can properly infer

---

[1] This argument depends upon Donald Richard Dunn's testimony, who Ms. Hatfield called after the Government closed its case-in-chief. See Docket No. 1165 at 3-4 (citing Tr. 17518-19). The Government also relied, improperly, on Mr. Dunn's testimony to argue that outside testing was the "most expensive component of R&D." See Docket No. 1165 at 3. Mr. Dunn's testimony was equally unhelpful on that point, in any event.

5

"that DHB was not spending anywhere near [the recorded] amounts on R&D materials during the relevant time period." Docket No. 1165 at 4. The Government is wrong. The fact that DHB spent $2 million on materials for one kind of R&D (outside testing) at one particular company (HP White) says nothing useful about what DHB spent, in total, on R&D materials in 2003 and 2004. The evidence reflects that DHB conducted not just outside testing, but also in house testing. Tr. 3481 ("at one point, DHB no longer did some of the testing in house") (emphasis supplied). And the evidence further reflects that DHB conducted outside testing at companies besides HP White, such as US Test Labs. Tr. 3481. Finally, DHB may have expended significant R&D materials on R&D that does not qualify as in house or outside testing. The Court simply does not know. So, without some evidence indicating, at a minimum, that most of DHB's legitimate R&D materials expense concerned product shipped to HP White, the Government's suggested inference is wholly unreasonable, if not fanciful.

Accordingly, the Government has failed to produce evidence sufficient to permit ¶ 22's allegations to stay in the Superseding Indictment.[2] Those allegations are STRUCK.

---

[2] Construing the evidence in the light most favorable to the Government, the Government's proof does show that Mr. Brooks and Ms. Hatfield: (1) knew that DHB possessed woefully inadequate internal controls to track R&D expenses; (2) in the absence of

6

CONCLUSION

The Court ordered the Government to show cause. It failed to do so. Consequently, ¶ 22 of the Superseding Indictment is STRUCK.

SO ORDERED.

_/s/_
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
July 16, 2010

---

those controls, negligently tried to account for R&D by reclassifying a percentage of expenses as R&D; (3) failed to publicly disclose either those inadequate internal controls, or their crude substitute mechanism for recording R&D; and (4) traded while possessing this arguably material non-disclosed information. Thus, ironically, the Government's proof does establish a securities fraud, at least for Rule 29(a) purposes. But this is not the securities fraud pled in ¶ 22, or argued at trial.

7