```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

            -against-                      MEMORANDUM AND ORDER
                                           06-CR-0550 (JS)

SANDRA HATFIELD, DAVID H. BROOKS,
PATRICIA LENNEX,

                    Defendants.
------------------------------------X
APPEARANCES:
For Government:      Richard Thomas Lunger, Jr., Esq.
                     Christopher Allen Ott, Esq.
                     Christopher Charles Caffarone, Esq.
                     James Halleron Knapp, Esq.
                     James M. Miskiewicz, Esq.
                     United States Attorneys Office
                     610 Federal Plaza
                     Central Islip, NY 11722-4454


For Defendants:
Sandra Hatfield      Roland G. Riopelle, Esq.
                     Maurice H. Sercarz, Esq.
                     Sercarz & Riopelle, LLP
                     152 West 57th Street, 24th Floor
                     New York, NY 10019

David Brooks         John C. Meringolo, Esq.
                     Meringolo and Associates, P.C.
                     1790 Broadway, Suite 1501
                     New York, NY 10019

                     Zaki I. Tamir, Esq.
                     Gofer Tamir and Assoc.
                     55 Broad Street
                     New York, NY 10004

                     James M. LaRossa, Esq.
                     240 West End Avenue
                     New York, NY 10023

                     Kenneth Ravenell, Esq.
                     William H. Murphy, Jr., Esq.
                     The Murphy Firm
                     1 South Street, 23rd Floor
```

Baltimore, MD 21202

Richard Ware Levitt, Esq.
Yvonne Shivers, Esq.
Law Offices of Richard W. Levitt
148 E. 78th Street
New York, NY 10021

Roger V. Archibald, Esq.
William C. Thompson, Esq.
16 Court Street
Brooklyn, NY 11241

SEYBERT, District Judge:

Pending before the Court is its decision whether to strike the insider trading charges against Defendant David Brooks predicated on Mr. Brooks' knowledge of overvalued inventory at DHB Industries, Inc. For the foregoing reasons, the charges are STRUCK.

BACKGROUND

On July 8, 2010, the Court granted in part and denied in part Defendant David Brooks' FED. R. CRIM. P. 29(a) motion. See 2010 U.S. Dist. LEXIS 68234. This opinion reserved judgment regarding whether the Government had sufficiently proved the Superseding Indictment's allegation that Mr. Brooks engaged in illegal insider trading when he sold DHB stock in 2004 while allegedly knowing that DHB's public filings had misrepresented the value of its inventory. The Court did so because it found, based on the evidence the Government cited in its opposition brief, that the Government had not proved that Mr. Brooks knew

2

about the overvalued inventory. The Court ordered the Government to show cause why this allegation should not be struck as to Mr. Brooks.

The Government has responded to the Court's order to show cause, and Mr. Brooks has also filed papers.

DISCUSSION

The Government argues that its proof sufficiently shows Mr. Brooks' knowledge of the allegedly overvalued inventory. Specifically, the Government argues that the jury can reasonably infer that Mr. Brooks knew, when he traded in 2004, about the fraudulently overvalued inventory because: (1) Mr. Brooks got mad when a subordinate employee told him about the overvalued inventory several months later; (2) Mr. Brooks subsequently took actions designed to cover up the overvalued inventory problem; and (3) Mr. Brooks was a hands-on manager who exercised a "near obsessive level of control and oversight over the Company." The Court disagrees. Although it is true that a defendant's fraudulent intent to violate insider trading laws "inferred from the facts and circumstances surrounding the defendant's actions,"[1] the jury's inferences "must be 'reasonably based on evidence presented at trial,' not on speculation." See U.S. v. Torres, 604 F.3d 58, 67 (2d Cir. 2010). Here, the Government has not provided one shred of evidence connecting Mr.

---

[1] U.S. v. Anderson, 533 F.3d 623, 629 (8th Cir. 2008)

Brooks to the allegedly overvalued inventory until months after Mr. Brooks completed his stock sales. Nor did the Government introduce any evidence suggesting that Mr. Brooks took an active role in the inventory valuation process, even in a supervisory capacity. Without this kind of evidence, there is simply nothing that would permit the jury to conclude, beyond a reasonable doubt, that Mr. Brooks knew about the overvalued inventory <u>when</u> he traded. There are too many other possibilities that explain Mr. Brooks' conduct. Perhaps, for instance, Mr. Brooks got angry and tried to engineer a cover up because he feared negative publicity. Maybe he feared that the fraud's revelation would put DHB's lucrative government contracts at risk. Maybe he even feared potential SEC and criminal investigations that stood a good chance of uncovering <u>other</u> frauds that he actually participated in. So, although Mr. Brooks' anger and cover up might, debatably, suffice to infer fraudulent intent at the pleading stage in a civil case,[2] it does not permit an insider trading conviction. And Mr. Brooks'

---

[2] <u>See</u> <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 314, 127 S.Ct. 2499, 2504–2505, 168 L. Ed. 2d 179 (2007) (Court must consider "not only inferences urged by the plaintiff . . . but also competing inferences rationally drawn from the facts alleged"; to properly plead scienter, an inference of fraudulent intent "must be cogent and at least as compelling as any opposing inference of nonfraudulent intent").

active management style likewise does not permit any legitimate jury inferences.³

## CONCLUSION

The Court ordered the Government to show cause. It failed to do so. Consequently, Mr. Brooks is acquitted of the insider trading charges to the extent that those charges are predicated on DHB's allegedly overvalued inventory. The insider trading charges otherwise remain intact.

SO ORDERED.

_____/s/_____
Joanna Seybert, U.S.D.J.

Dated:  Central Islip, New York
        July 19, 2010

---

³ Indeed, allegations predicated on such an inference would get dismissed even at the civil pleading stage. See City of Brockton Retirement System v. Shaw Group Inc., 540 F.Supp.2d 464, 474 (S.D.N.Y. 2008).