

MURPHY FALCON KUYKENDALL RAVENELL MURPHY

August 2, 2010

The Honorable Joanna Seybert
United States District Court for the
   Eastern District of New York
100 Federal Plaza
Central Islip, N.Y.  11722-9014

        Re:    U.S. v. David H. Brooks, Cr. No. 06-CR-550 (S-1) (JS)

Dear Judge Seybert:

     We write to address the concern expressed by all parties that the jury will react negatively should it learn for the first time following deliberations that it must return to hear evidence regarding an additional proceeding.  Such a reaction might dampen the jury's attention during any forfeiture proceeding and may also effect its deliberations.

     Apparently Congress shared this concern.  The December 1, 2009 amendments to Fed.R.Crim.P. 32.2 provide, with respect to the addition of subdivision (b)(5)(A), that "the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict."  The appended Advisory Committee Notes accompanying this amendment explain that the reason for this new subdivision is to avoid the problem we all have recognized by assuring that the Court has the information it needs to inform the jurors before deliberations that they may be required to participate in additional proceedings after their verdict:

> **Subdivision (b)(5)(A).** The amendment clarifies the procedure for requesting a jury determination of forfeiture. The goal is to avoid an inadvertent waiver of the right to a jury determination, while also providing timely notice to the court and to the jurors themselves if they will be asked to make the forfeiture determination. The amendment requires that the court determine whether either party requests a jury determination of forfeiture in cases where the government has given notice that it is seeking forfeiture and a jury has been empaneled to determine guilt or innocence. The rule requires the court to make this determination before the jury retires. *Jurors who know that they may face an additional task after they return their verdict will be more accepting of the additional responsibility in the forfeiture proceeding, and the court will be better able to plan as well.* (emphasis added)

In fact the Notes advise it is preferable to learn whether any of the parties elect a jury trial *even before the jury is empanelled*, because "This allows the court to plan, and also allows the court to tell potential jurors what to expect in terms of their service."

   Consistent with Rule 32.2(b)(5)(A), we ask that the Court inform the jury before deliberations, in neutral language, that it may be required to continue its service following the return of its verdict.

          Respectfully submitted,


          /s/

          Kenneth W. Ravenell