LAW OFFICES

The Murphy Firm

One South Street – 23rd Floor
Baltimore, Maryland 21202
T/ 410.539.6500
F/ 410.539.6599

September 22, 2010

**_Submitted Ex Parte and In Camera_**

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
1034 Federal Plaza
Central Islip, NY 11722

        Re:    **United States v. David H. Brooks**
                  **06-CR-550 (JS)**

Dear Judge Seybert:

       Mr. Brooks respectfully renews his request that the Court order the government to immediately release all restrained assets the value of which exceeds the amount subject to forfeiture. *See* docket nos. 1280 and 1308. As noted in Mr. Brooks' previous submissions, the government is currently in possession of literally tens of millions of dollars of Mr. Brooks' property that are substitute assets that have been improperly restrained pretrial. Furthermore, the government has not proffered any legitimate justification to continue its restraint of assets in excess of the maximum value of assets subject to forfeiture, which, according to the government's own expert, was no more than $91.7 million dollars (docket nos. 1275 and 1276) prior to September 17, 2010 and, even accepting the figures provided on September 17th is no more than $95.82 million dollars now (docket no. 1332). The value of the assets currently restrained far exceeds these amounts. Thus, the release of funds at this juncture is not premature.

       In addition to the impropriety of the government's continued possession of funds in excess of the maximum amount subject to seizure, release of the improperly restrained funds is now critical. As the Court is aware, this trial was originally expected to last approximately four months; we have now exceeded seven months with a forfeiture hearing scheduled to commence on October 5, 2010. Mr. Brooks continues to face mounting legal fees and costs. In light of the unexpected length of this trial, Mr. Brooks has depleted all funds available to pay for his ongoing defense. Mr. Brooks currently has outstanding bills of approximately $1.5 million. These bills consist of outstanding liabilities for expert fees (including experts critical to preparation for a forfeiture hearing, as well as payment for experts who previously testified during trial), accounting firms, and other service providers (including for service of process) for the trial and for the upcoming forfeiture hearing. *See* Attached Schedule.

The Honorable Joanna Seybert
September 22, 2010
Page 2


      Mr. Brooks anticipates significant additional necessary costs going forward. Accountants are currently preparing Mr. Brooks' 2009 tax returns. In addition, while the accountants have back filed for other open years, the 2006 calendar year returns have yet to be filed. The current list provided does not allocate for any 2009 taxes that may be due or for the taxes and penalties that may be due for the late filed 2006 tax returns. Separately, Mr. Brooks anticipates expert costs alone for a forfeiture hearing could exceed $250,000.

      In addition, Blank Rome LLP, which has been an integral part of the trial team, has informed Mr. Brooks that it will seek to withdraw from his matter. Due to the length of the trial and for other reasons, its retainer has been depleted. The schedule attached therefore includes an estimate by Blank Rome, LLP of the funds needed to continue with their efforts through a forfeiture hearing if withdrawal is not permitted and to assist in the filing of the current and past due tax returns.

      Mr. Brooks therefore respectfully requests that the government be ordered to release any and all restrained funds in excess of the maximum amount identified by the government's expert that could be subject to forfeiture as well as funds that were improperly restrained substitute assets. Such funds are improperly restrained by the government and are critical to Mr. Brooks' ongoing defense.

                                                    Respectfully submitted,

                                                   /s/

cc:     All counsel                                        Kenneth W. Ravenell