UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

       -against-                     MEMORANDUM AND ORDER
                                     06-CR-0550 (JS)

SANDRA HATFIELD and DAVID H. BROOKS,

                   Defendants.
-------------------------------------X
APPEARANCES:
For Government:      Richard Thomas Lunger, Jr., Esq.
                  Christopher Allen Ott, Esq.
                  Christopher Caffarone, Esq.
                  James Halleron Knapp, Esq.
                  James M. Miskiewicz, Esq.
                  United States Attorneys Office
                  610 Federal Plaza
                  Central Islip, NY 11722-4454
For Defendants:

Sandra Hatfield     Roland G. Riopelle, Esq.
                  Maurice H. Sercarz, Esq.
                  Sercarz & Riopelle, LLP
                  152 West 57th Street, 24th Floor
                  New York, NY 10019

David Brooks        John C. Meringolo, Esq.
                  Meringolo and Associates, P.C.
                  1790 Broadway, Suite 1501
                  New York, NY 10019

                  Zaki I. Tamir, Esq.
                  Gofer Tamir and Assoc.
                  55 Broad Street
                  New York, NY 10004

                  James M. LaRossa, Esq.
                  240 West End Avenue
                  New York, NY 10023

                  Kenneth Ravenell, Esq.
                  William H. Murphy, Jr., Esq.
                  The Murphy Firm
                  1 South Street, 23rd Floor
                  Baltimore, MD 21202

Richard Ware Levitt, Esq.
Yvonne Shivers, Esq.
Law Offices of Richard W. Levitt
148 E. 78th Street
New York, NY 10021

Roger V. Archibald, Esq.
William C. Thompson, Esq.
16 Court Street
Brooklyn, NY 11241

SEYBERT, District Judge:

Mr. Brooks' motions to release restrained funds (Docket Nos. 1280, 1308, 1341) are DENIED. Even if, as Mr. Brooks claims, the Government is not entitled to forfeiture of all the assets currently under restraint, the Court has the authority to continue to restrain these assets "as collateral in anticipation of an Order of Restitution," which will be issued at sentencing. U.S. v. Numisgroup Intern. Corp., 169 F. Supp. 2d 133, 137 (E.D.N.Y. 2001). Indeed, restraining assets as collateral for restitution is particularly appropriate here, because, as Mr. Brooks represents, he "has virtually no assets at his disposal." Id. at 138; see Docket No. 1341 ("Mr. Brooks has depleted all funds available to pay for his ongoing defense").

In addition, the Clerk of the Court is directed to publish Docket No. 1341 on ECF and serve a copy on the Government. Mr. Brooks had no legitimate justification to file this motion ex parte, especially because it implicated the

Government's vital interest in keeping Mr. Brooks' assets under restraint.

                                        SO ORDERED.


                                        _____/s/_____
                                        Joanna Seybert, U.S.D.J.

Dated:     Central Islip, New York
           September 27, 2010