```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,
                                              MEMORANDUM & ORDER
          -against-                           06-CR-0550(JS)(AKT)

DAVID H. BROOKS,

                    Defendant.
----------------------------------------X
APPEARANCES
For the Government:  James Halleron Knapp, Esq.
                     Mary M. Dickman, Esq.
                     Richard Thomas Lunger, Jr., Esq.
                     Christopher Charles Caffarone, Esq.
                     Christopher Allen Ott, Esq.
                     James M. Miskiewicz, Esq.
                     Kathleen Anne Nandan, Esq.
                     Marshall L. Miller, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     610 Federal Plaza
                     Central Islip, NY 11722

For Mr. Brooks:      Kenneth Ravenell, Esq.
                     The Murphy Firm
                     One South Street, 23rd Floor
                     Baltimore, MD 21202

                     Roger V. Archibald, Esq.
                     16 Court Street, Suite 2400
                     Brooklyn, NY 11241

                     David M. Goldstein, Esq.
                     David M. Goldstein, P.A.
                     286 NE 39th Street
                     Miami, FL 33137

                     George Stavropoulos, Esq.
                     The Law Office of George Stavropoulos, PLLC
                     120 Bay Ridge Avenue, Suite 210
                     Brooklyn, NY 11220
```

Gerald L. Shargel, Esq.
Law Office of Gerald Shargel
570 Lexington Avenue
New York, NY 10022

Gustave H. Newman, Esq.
Richard A. Greenberg, Esq.
Steven Y. Yurowitz, Esq.
Newman & Greenberg
950 Third Avenue, 32nd Floor
New York, NY 10022

Ira Lee Sorkin, Esq.
Dickstein Shapiro
1177 Avenue of the Americas
New York, NY 10036

James M. LaRossa, Esq.
200 East 64th Street, Apt 14D
New York, NY 10065

Jeffrey H. Lichtman, Esq.
Law Offices of Jeffrey Lichtman
750 Lexington Ave, 15th Floor
New York, NY 10022

John C. Meringolo, Esq.
Meringolo and Associates, P.C.
375 Greenwich Street, 7th Floor
New York, NY 10013

Judd Burstein, Esq.
Judd Burstein, P.C.
1790 Broadway, Suite 1501
New York, NY 10019

Laurence S. Shtasel, Esq.
Blank Rome LLP
The Chrysler Building, One Logan Square
Philadelphia, PA 19103

Mauro Michael Wolfe, Esq.
Duane Morris LLP
1540 Broadway
New York, NY 10036

>     Richard Ware Levitt, Esq.
>     Levitt & Kaizer
>     40 Fulton Street, 23rd Floor
>     New York, NY 10038
>
>     Yvonne Shivers, Esq.
>     Law Offices of Richard Ware Levitt
>     148 East 78th Street
>     New York, NY 10075
>
>     Zaki I. Tamir, Esq.
>     Gofer Tamir and Associates
>     55 Broad Street, 26th Floor
>     New York, NY 10004

SEYBERT, District Judge:

Pending before the Court is Defendant David H. Brooks' letter motion seeking leave to file a motion to either: (1) compel the Government to produce any court order extending the April 5, 2006 grand jury through the date that the First Superseding Indictment was issued, or (2) have such order produced for an in camera inspection. For the following reasons, Brooks' motion is DENIED AS MOOT.

## BACKGROUND

The Court assumes familiarity with the factual and procedural background in this case and will only briefly discuss the facts pertinent to the pending motion. On April 5, 2006, the United States Attorney's Office for the Eastern District of New York empaneled a grand jury (the "First Grand Jury") to convene on or around April 26, 2006. On October 24, 2007, the First Grand Jury returned the First Superseding Indictment in

3

this action against Defendant Brooks and others. (Docket Entry 51.) The First Grand Jury was discharged on that date.

On July 9, 2009, a different grand jury (the "Second Grand Jury") returned a Second Superseding Indictment against Defendant Brooks and others. (Docket Entry 438.) Brooks went to trial on certain counts of the Second Superseding Indictment in January 2010, and on September 14, 2010, a jury convicted Brooks of counts 1-11 and 15-17 of the Second Superseding Indictment. (Docket Entry 1336.) On August 10, 2011, Brooks pled guilty to counts 18-20 of the Second Superseding Indictment. (Docket Entry 1471.)

## DISCUSSION

Defendant Brooks seeks leave to move to compel the production (either to Defendant or to the Court for an in camera inspection) of an order dated on or around October 5, 2007, extending the term of the First Grand Jury, which handed down the First Superseding Indictment eighteen months and nineteen days after it was empaneled. Under Rule 6(g) of the Federal Rules of Criminal Procedure, a grand jury "may serve more than 18 months only if the court, having determined that an extension is in the public interest, extends the grand jury's service." FED. R. CRIM. PROC. 6(g). An indictment handed down by a grand jury "whose life had terminated" is a "nullity" and must be vacated. United States v. Macklin, 523 F.2d 193, 195 (2d Cir.

4

1975) (internal quotation marks and citation omitted); see also id. at 196 ("The absence of an indictment is a jurisdictional defect which deprives the court of its power to act. Such a jurisdictional defect cannot be waived by a defendant, even by a plea of guilty."); United States v. Armored Transp., Inc., 629 F.2d 1313, 1316 (9th Cir. 1980) ("Such a defect--that the grand jury lost its power to hand down indictments--is jurisdictional and may be raised at any time.").

The Court has confirmed with the Clerk of the Court that no order was ever issued extending the term of the First Grand Jury. Therefore, Defendant Brooks need not make his motion to compel. Nevertheless, even if the First Superseding Indictment is a nullity, this jurisdictional defect was cured when the Second Grand Jury handed down the valid Second Superseding Indictment.[1] See United States v. Bok, No. 95-CR-0403, 1997 WL 148815, at *3 (S.D.N.Y. Mar. 27, 1997) ("[E]ven if the original Indictment was in some way defective, the returning of a Superseding Indictment by a different grand jury cures any prejudice to the defendant that may have been caused by an improper original Indictment."); United States v. Fisher, 692 F. Supp. 495, 504 (E.D. Pa. 1988) (finding that a third indictment

---

[1] "[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." United States v. R. Enters., Inc., 498 U.S. 292, 300, 111 S. Ct. 722, 112 L. Ed. 2d 795 (1991).

5

cured any defects present in the earlier indictments), appeal dismissed, 871 F.2d 444 (3d Cir. 1989); United States v. Newman, 534 F. Supp. 1109, 1110 (S.D.N.Y. 1982) (finding that "both actual and presumed prejudice are remedied by submissions to a new grand jury"), aff'd, 722 F.2d 729 (2d Cir. 1983). Accordingly, the validity of the First Superseding Indictment is now moot.

## CONCLUSION

For the foregoing reasons, Defendant Brooks' motion to compel is DENIED AS MOOT.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   August 24, 2012
         Central Islip, New York