

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

SLR:KAN

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 30, 2012

**ELECTRONICALLY FILED**
<u>**COURTESY COPY BY INTEROFFICE MAIL**</u>

Honorable Joanna Seybert
United States District Judge
Eastern District of New York
Long Island Federal Courthouse
Central Islip, New York 11772

    Re:    United States v. Sandra Hatfield,
               <u>Criminal Action No. CR-06-550 (Seybert, J.)</u>

Dear Judge Seybert:

       The government, claimants Terry Brooks, Victoria Brooks, Andrew Brooks, Elizabeth Brooks, and David Brooks respectfully submit this joint motion for reconsideration of the Court's November 16, 2012 order, Docket No. 1602, directing briefing in anticipation of rulings on the claims filed in the ancillary proceeding.[1]

       As this Court has previously ruled, a party seeking reconsideration must "point to controlling decisions or data that the court overlooked – matters, in other words, that might be reasonably expected to alter the conclusion reached by the court." *United States v. Hatfield*, CR-06-550 (JS), 2011 WL 5866238, at *2 (E.D.N.Y. Nov. 22, 2011) (citations and internal quotation marks omitted).  As set forth more fully below, the Court's decision overlooked the complexity of the proposed settlement negotiations and the parties' ongoing efforts to reach resolution. As such, the parties respectfully request that briefing of, and rulings on, the various claims to the assets restrained in this matter be adjourned *sine die* so that the parties may continue their efforts

---

[1] Claimant Point Blank Solutions, Inc., has advised the government that it supports this motion for reconsideration, but will submit its own letter to the Court.  The lead plaintiffs in the securities class action titled *In re DHB Industries, Inc., Class Action Litigation*, Case No. CV-05-4296 (JS), who have submitted claims to the forfeited funds, also support this motion for reconsideration, and will submit a letter to the Court as well.

to reach a settlement.[2]

Firstly, the investment of attorney hours in briefing and litigating this matter complicates settlement negotiations. Not only does it divert attention from the negotiations, but it also undermines one of the factors driving this potential settlement, namely the desire to avoid lengthy and costly litigation. Moreover, rulings on the claims will adversely affect the parties' ability to subsequently reach a settlement, and any appeals from those rulings will delay distribution of the restrained monies to both victims and claimants alike. In short, the Court's rulings on any of the claims at this time, instead of clarifying the issues, will likely jeopardize the possibility of achieving a settlement. Similarly, any claimant-favorable rulings in the ancillary proceeding may result in further litigation in the civil forfeiture action. Thus, the rulings made at the November 16, 2012 conference and the resulting briefing schedule (Docket No. 1602), may actually hinder settlement by reducing the parties' ability to compromise their respective positions.

Secondly, the settlement of this matter is extremely complex. Not only does it involve approximately $200 million held by multiple parties, but it also seeks to resolve multiple litigations: the criminal forfeiture in this case, the related civil forfeiture action, the class action litigation, and the bankruptcy litigation. The number of competing interests that must be addressed therefore makes this negotiation particularly challenging.

Thirdly, the government cannot, at this point, agree to a settlement whereby monies are released to the claimants without having satisfied itself that the victims have been fully compensated. While forfeiture and restitution represent separate and independent obligations, the Attorney General may, upon the recommendation of the U.S. Attorney's Office involved in the litigation, restore forfeited monies to victims in certain circumstances.  *See* 18 U.S.C. § 981(e)(6); 21 U.S.C. § 853(i). *See also* 28 C.F.R. Part 9; *United States v. Pescatore*, 637 F.3d 128, 137-38 (2d Cir. 2011).  As understood by the government, restoration of forfeited funds will be an important part of any settlement in this case. However, as part of any request for restoration, the U.S. Attorney's Office must represent that the restitution order contains an accurate and complete list of the victims and their respective loss amounts. Because restitution remains unresolved - indeed, Brooks's objections to the Pre-Sentence Report are not due until January 2013 - this aspect of the settlement negotiations cannot be addressed at this time. Nor need it be because the ancillary proceeding is not part of sentencing and the rules expressly contemplate that ancillary proceedings may continue past sentencing.  Fed. R. Crim. P. 32.2(b)(4) (noting that preliminary order becomes final as to defendant at sentencing but remains preliminary as to third parties until resolution of ancillary proceeding); Fed. R. Crim P. 32.2(c)(4) (ancillary proceeding is not part of sentencing); Fed. R. Crim. P. 32.2(d) (defendant's appeal "does not delay the ancillary proceeding").

---

[2]Assets restrained in this criminal case were also restrained in a parallel civil forfeiture action, *United States v. All Assets Listed on Schedule I*, CV-10-4750 (JS). The civil forfeiture complaint contains broader allegations than those at issue in this matter. Specifically, the forfeiture complaint alleges that the restrained assets are subject to forfeiture as property involved in money laundering through financial transactions designed to avoid the payment of taxes. That civil proceeding has been stayed pending Brooks's sentencing.

   Finally, the parties have been working diligently and in good faith in an effort to reach agreement. They have had many meetings and discussions about their outstanding issues, and the parties have agreed to exchange information in order to facilitate an informed discussion of the merits, which, given the requirement that a settlement of this size be approved by the Department of Justice, is a necessary prerequisite to resolution.

   Accordingly, the parties jointly request that the Court reconsider its November 16, 2012 ruling in order allow additional time for the parties to attempt resolution of this matter without further litigation.  We further respectfully request that the Court schedule a status conference as to these issues, to take place on February 1, 2013, or whatever date thereafter meets with the Court's convenience.

   Thank you for Your Honor's consideration of this submission.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

By: /s/_____
   Kathleen A. Nandan
   Mary Dickman
   James H. Knapp
   Bonni Perlin
   Assistant U.S. Attorneys
   (718) 254-6409/7000

cc: All Counsel By ECF