UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

       -against-                                   MEMORANDUM & ORDER
                                                    06-CR-0550(JS)(AKT)
DAVID H. BROOKS,

                         Defendant.
----------------------------------------X
APPEARANCES
For the Government:  James Halleron Knapp, Esq.
                    Mary M. Dickman, Esq.
                    Richard Thomas Lunger, Jr., Esq.
                    Christopher Charles Caffarone, Esq.
                    Christopher Allen Ott, Esq.
                    James M. Miskiewicz, Esq.
                    Kathleen Anne Nandan, Esq.
                    Marshall L. Miller, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722

For Mr. Brooks:     Kenneth Ravenell, Esq.
                    The Murphy Firm
                    One South Street, 23rd Floor
                    Baltimore, MD 21202

                    Roger V. Archibald, Esq.
                    16 Court Street, Suite 2400
                    Brooklyn, NY 11241

                    Alan M. Dershowitz, Esq.
                    Harvard Law School
                    1575 Massachusetts Avenue
                    Cambridge, MA 02138

                    David M. Goldstein, Esq.
                    David M. Goldstein, P.A.
                    286 NE 39th Street
                    Miami, FL 33137

                    David B. Smith, Esq.
                    Smith & Zimmerman PLLC
                    108 North Alfred Street
                    Alexandria, VA 22314

1

George Stavropoulos, Esq.
The Law Office of George Stavropoulos, PLLC
120 Bay Ridge Avenue, Suite 210
Brooklyn, NY 11220

Gerald L. Shargel, Esq.
Law Office of Gerald Shargel
570 Lexington Avenue
New York, NY 10022

Gustave H. Newman, Esq.
Richard A. Greenberg, Esq.
Steven Y. Yurowitz, Esq.
Newman & Greenberg
950 Third Avenue, 32nd Floor
New York, NY 10022

Ira Lee Sorkin, Esq.
Lowenstein Sandler PC
1251 Avenue of the Americas
New York, NY 10020

James M. LaRossa, Esq.
200 East 64th Street, Apt 14D
New York, NY 10065

Jeffrey H. Lichtman, Esq.
Law Offices of Jeffrey Lichtman
750 Lexington Ave, 15th Floor
New York, NY 10022

John C. Meringolo, Esq.
Meringolo and Associates, P.C.
375 Greenwich Street, 7th Floor
New York, NY 10013

Laurence S. Shtasel, Esq.
Blank Rome LLP
The Chrysler Building, One Logan Square
Philadelphia, PA 19103

Mauro Michael Wolfe, Esq.
Duane Morris LLP
1540 Broadway
New York, NY 10036

Nathan Z. Dershowitz, Esq.
Victoria B. Eiger, Esq.
Dershowitz, Eiger & Adelson, P.C.
220 Fifth Avenue, Suite 300
New York, NY 10001

Zaki I. Tamir, Esq.
Gofer Tamir and Associates
55 Broad Street, 26th Floor
New York, NY 10004

SEYBERT, District Judge:

This Memorandum and Order addresses Defendant David H. Brooks' motion for (1) reconsideration of the Court's June 4, 2012 Memorandum and Order denying his motion for a new trial regarding the mismanagement of his medication while in custody and his competence to stand trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure (the "Rule 33 Order," Docket Entry 1546[1]) and (2) consideration of whether Brooks was competent during the periods before and after the mismanagement of his medication--a question that was not raised in the prior motion.  (Docket Entry 1637.)  The Court has carefully reviewed the record, the Rule 33 Order, and the various expert reports in this action, and, for the following reasons, Brooks' motion is DENIED.

<u>BACKGROUND</u>

The Court assumes familiarity with the facts and procedural history of this case and hereby incorporates by

---

[1] <u>United States v. Brooks</u>, 06-CR-0550, 2012 WL 2000792 (E.D.N.Y. June 4, 2012).

reference the detailed statement of facts in the Rule 33 Order. In brief, after an eight-month trial, Brooks was convicted by a jury on September 14, 2010 of counts 1-11 and 15-17 of the Second Superseding Indictment. (Docket Entry 1336.) On April 15, 2013, Brooks filed a motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure seeking a new trial on the grounds that: (1) his procedural due process rights were violated because the Court failed to order a competency hearing sua sponte when there was a reasonable basis to believe that he was incompetent between January 14, 2010 and February 19, 2010 when he was suffering from acute benzodiazepine withdrawal, (2) his substantive due process rights were violated because he was actually incompetent during this period, and (3) he was denied effective assistance of counsel because his prior counsel failed to request a competency hearing during the period in question. (Docket Entry 1436.) Both Brooks and the Government submitted extensive psychiatric evaluations of Brooks' competency to stand trial. Park Dietz, M.D., M.P.H., Ph.D. and James C. Ballenger, M.D. submitted evaluations on behalf of Brooks and Mark J. Mills, J.D., M.D. submitted an evaluation on behalf of the Government.

The Court denied Brooks' motion on June 4, 2012, finding that: (1) there was no procedural due process violation because "there was no evidence before the Court, aside from mere

4

speculation, that Brooks' increased anxiety [due to the mismanagement of his medication] at all affected his ability to understand the proceedings or assist in his own defense" and because "there was little, if any, evidence to support that Brooks was even suffering from increased anxiety, as his demeanor and interactions with the Court were consistent throughout the entire trial, including the period when his medications were changed, as well as at each court appearance in this matter and the pending civil matters prior to trial," Rule 33 Order, 2012 WL 2000792, at *9; (2) there was no substantive due process violation because Brooks failed to establish, by a preponderance of the evidence, that he was actually incompetent during the period in question, id. at *10-12; and (3) Brooks failed to establish a claim for ineffective assistance of counsel, id. at *13.  Brooks did not immediately move for reconsideration of the Rule 33 Order.

Shortly thereafter, Brooks submitted supplemental psychiatric evaluations from Dr. Dietz and Dr. Ballenger, as well as a letter from Brooks' treating psychiatrist, Michael Liebowitz, M.D., in support of his application for a downward departure under the Sentencing Guidelines due to his alleged diminished capacity.  The Government also submitted a supplemental psychiatric evaluation from Dr. Mills, and Brooks

submitted an additional evaluation by Dr. Dietz in response to Dr. Mills' report.

On March 27, 2013, Brooks filed the pending motion seeking: (1) reconsideration of the Rule 33 Order on the grounds that Dr. Mills, in his supplemental psychiatric evaluation, diagnosed Brooks with psychotic disorder not otherwise specified--a diagnosis that was not previously before the Court, and (2) consideration of whether Brooks was competent during the remainder of the trial--not just the period when he was allegedly suffering from benzodiazepine withdrawal symptoms-- which was not addressed in the Rule 33 Order.

<u>DISCUSSION</u>

The Court will discuss the request for reconsideration of the Rule 33 Order and the renewed request for relief under Rule 33 separately.

I.   <u>Motion for Reconsideration</u>

Brooks argues that reconsideration of whether he was competent during the period when he was allegedly suffering from benzodiazepine withdrawal symptoms is warranted based on Dr. Mills' new diagnosis of psychotic disorder not otherwise specified.[2]  The Court disagrees.

---

[2] Brooks is not seeking reconsideration of the Rule 33 Order to the extent that it held that Brooks' rights to procedural due process and effective assistance of counsel were not violated.

Motions for reconsideration are governed by Local Civil Rule 6.3,[3] which provides as follows:

> Unless otherwise provided by the Court or by statute or rule . . . a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

LOCAL CIVIL R. 6.3.

Brooks' current motion is clearly barred by the plain language of Local Rule 6.3. <u>First</u>,[4] the motion is time-barred, as it was filed almost nine months after the Court issued the Rule 33 Order--well beyond the fourteen-day period prescribed under Local Rule 6.3. <u>Second</u>, a party may not use a Local Rule 6.3 motion to advance new facts, issues, or theories that were not raised in the underlying motion, <u>see</u> <u>In re Optimal U.S.</u>

---

[3] Although the federal and local rules of criminal procedure do not specifically provide for motions for reconsideration, courts in this Circuit, including the undersigned, have applied Local Civil Rule 6.3 in criminal cases. <u>See,</u> <u>e.g.</u>, <u>United States v. Hatfield</u>, No. 06-CR-0550, 2011 WL 5866238, at *2 (E.D.N.Y. Nov. 22, 2011).

[4] The Court is compelled to note that, although the following list is numbered, the points are not listed in ascending or descending order of importance. (<u>See</u> Brooks Mot. at 6 (arguing that the Court's "first" point was its "primar[y]" point).)

_Litig._, 886 F. Supp. 2d 298, 312 (S.D.N.Y. 2012), but must instead point to "matters or controlling decisions which counsel believes the Court has _overlooked_," LOCAL RULE 6.3 (emphasis added); _see also_ _In re Optimal_, 886 F. Supp. 2d at 311–12; _Shrader v. CSX Transp., Inc._, 70 F.3d 255, 257 (2d Cir. 1995). Brooks has not done that here.[5]   Instead, Brooks relies on new

---

[5] Although not argued as a ground for reconsideration, Brooks mentions in his motion that the Court imposed the wrong burden on Brooks regarding his substantive incompetency claim. (Brooks Mot. at 11.)  While this would be an appropriate ground for reconsideration, Brooks is mischaracterizing the Court's Rule 33 Order.  The Court clearly stated that Brooks had the burden of proving by a preponderance of the evidence that he was incompetent to stand trial, _see_ Rule 33 Order, 2012 WL 2000792, at *10, which is the appropriate burden on a substantive incompetency claim, _see_ _Watts v. Singletary_, 87 F.3d 1282, 1290 (11th Cir. 1996), and the burden the Court imposed on Brooks.

Although the Court also stated that the "burden in establishing a substantive competency claim is higher than the burden in establishing a procedural competency claim," Rule 33 Order, 2012 WL 2000792, at *10, the Court did not, in fact, place a higher burden on Brooks.  The Court was not referring to the burden of proof (although, admittedly, the Court does not fault Brooks for so inferring).  Rather, the Court was merely highlighting the difficulty in establishing substantive incompetency claims when there is no procedural due process violation due to the substantial weight to be given to the lack of contemporaneous evidence of incompetency.  _See_, _e.g._, _Williams v. Calderon_, 48 F. Supp. 2d 979, 990 (C.D. Cal. 1998).  In retrospect, the Court's use of the word "burden" here was misleading, as the Court was using the term colloquially to mean "hurdle," not as a legal term of art.

To the extent that Brooks argues that the Court erred in affording more weight to the contemporaneous evidence of Brooks' competency than to his experts' retrospective evaluations, he has failed to point to a single case in the Second Circuit even remotely suggesting that this was improper.  "Merely disagreeing with the [C]ourt's analysis does not warrant reconsideration."

evidence that was not previously before the Court, which is
inappropriate on such a motion for reconsideration.[6]

      Even if the Court did consider Dr. Mills' new
diagnosis, it would not alter its prior holding that Brooks was
competent to stand trial. <u>First</u>, contrary to Brooks' assertion
(Brooks Mot. at 6), the Court did not rely "primarily" on Dr.
Mills' previous evaluation in deciding to afford little weight
to the opinions of Brooks' experts. <u>See</u> Rule 33 Order, 2012 WL
2000792, at *10 (including Dr. Mills' prior observations in a
list of four reasons why the Court found the value of Brooks'
experts' opinions to be minimal); <u>see also</u> supra note 4. The
Court actually afforded minimal weight to all of the retroactive

---

<u>Rozier v. Fin. Recovery Sys., Inc.</u>, No. 10-CV-3273, 2011 WL
2669617, at *2 (E.D.N.Y. July 7, 2011).

[6] The Court notes that many courts discussing the standard of
review on motions for reconsideration, including the undersigned
on occasion, include "newly discovered evidence" as a ground for
relief. Those cases, however, are conflating the standards of
review under Local Rule 6.3 and Rule 60(b) of the Federal Rules
of Civil Procedure, which, unlike Rule 6.3, expressly provides
for review on the grounds of newly discovered evidence. <u>See</u> Fed.
R. Civ. P. 60(b)(2); <u>see also</u> <u>Aventis Envtl. Sci. USA LP v. Scotts
Co.</u>, 383 F. Supp. 2d 488, 512 n.13 (S.D.N.Y. 2005)
(distinguishing Local Rule 6.3 from Rule 60(b), stating that to
the extent that the movant felt that reconsideration was
warranted due to newly discovered facts, he should have moved
pursuant to Rule 60(b)); <u>cf.</u> <u>Neal v. Peerless Elec.</u>, 149 F.
App'x 37, 38 (2d Cir. 2005) (listing "newly discovered evidence"
as a ground for relief under Rule 60(b) but not Local Rule 6.3);
<u>Ex'r of the N.Y. Estate of Kates v. Pressley & Pressley, P.A.</u>,
No. 11-CV-3221, 2013 WL 495415, at *4 (E.D.N.Y. Feb. 7, 2013)
(similar); <u>Simms v. City of N.Y.</u>, No. 10-CV-3420, 2011 WL
4344202, at *1-2 (E.D.N.Y. Sept. 14, 2011) (same).

psychiatric evaluations and instead relied heavily upon the contemporaneous evaluations of Dr. Liebowitz, who had been treating Brooks for over twenty years, and the medical staff at the Nassau County Correctional Center and the Queens Private Detention Facility.  Second, neither Dr. Liebowitz nor either of Brooks' own experts agrees with Dr. Mills' new report, which does not even opine on Brooks' competence to stand trial.  And, finally, mental illness is not the equivalent of incompetence. See United States v. Gigante, 996 F. Supp. 194, 198 (E.D.N.Y. 1998); see also United States v. Vamos, 797 F.2d 1146, 1150 (2d Cir. 1986) ("It is well established that some degree of mental illness cannot be equated with incompetence to stand trial."). Rather, as the Court stated in its Rule 33 Order, incompetency refers to a defendant's ability to assist in his own defense, consult with counsel, and understand the nature of the proceedings, regardless of the defendant's actual diagnosis. Rule 33 Order, 2012 WL 2000792, at *4, 10.  Nothing in Dr. Mills' newest evaluation indicates that Brooks' faculties were impaired during the trial such that he could not assist in his own defense, consult with counsel, or understand the nature of the proceedings against him.

Accordingly, to the extent that Brooks moves for reconsideration of the Court's Rule 33 Order, his motion is DENIED.

## II.   Second Rule 33 Motion

Brooks is also seeking independent relief under Rule 33 on the grounds that he was incompetent during the entire trial--not just the period when he was suffering from benzodiazepine withdrawals.  Under Rule 33, the Court may grant a new trial "if the interest of justice so requires."  FED. R. CIV. P. 33(a).  Such a motion, however, must be filed within fourteen days after the verdict unless it is grounded on "newly discovered evidence."  FED. R. CIV. P. 33(b).[7]  As the pending motion was filed more than two-and-a-half years after the jury's verdict, it must be based on newly discovered evidence to be timely.  Here, Brooks argues that this second Rule 33 motion is based upon Dr. Mills' new diagnosis of psychosis not otherwise specified and thus is timely and appropriate under Rule 33.  The Court disagrees.

First, Brooks appears to be arguing, in part, that the Court erred in failing to conduct a competency evaluation when Brooks waived his right to testify.  (Brooks Mot. at 16-18.)  However, a court's "failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial" is a procedural--not a substantive-- due process violation, see Drope v. Missouri, 420 U.S. 162, 172,

---

[7] A motion for a new trial based on newly discovered evidence must be filed within three years after the verdict.  FED. R. CIV. P. 33(b)(1).

11

95 S. Ct. 896, 43 L. Ed. 2d 103 (1975) (citing <u>Pate v. Robinson</u>, 383 U.S. 375, 385, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966)); <u>see also</u> Rule 33 Order, 2012 WL 2000792, at *4, and in evaluating such a procedural due process claim "only the evidence before the court at the time its decision was made is pertinent," <u>Nicks v. United States</u>, 955 F.2d 161, 168 (2d Cir. 1992); <u>see also</u> Rule 33 Order, 2012 WL 2000792, at *4.)   As Dr. Mills' new diagnosis was obviously not before the Court at the time Brooks waived his right to testify, it is irrelevant to the Court's analysis.   Thus, to the extent that Brooks is asserting a new procedural due process violation, his motion is not based on "newly discovered evidence" and is therefore time-barred.

Second, to the extent that Brooks is alleging a substantive due process claim--<u>i.e.</u>, that, even after the withdrawal symptoms subsided, his mental disorders rendered him incapable of assisting in his own defense--this claim is not based on "newly discovered evidence" either.   Dr. Ballenger, in his initial evaluation dated June 27, 2011, concluded that he was "unable to state with any certainty that David Brooks was competent during any portion of the trial." (Brooks Mot. Ex. H, Ballenger June 27, 2011 Report, at 69.)   Dr. Dietz, in his April 5, 2011 evaluation, also opined that Brooks' mental disorders--regardless of the mismanagement of his medication--affected "his ability to focus, to concentrate, to listen to testimony, to

listen to the advice of counsel, to prepare day to day, to advise his attorneys on areas of cross-examination or evidence that should be presented, or to testify in his own defense." (Brooks Mot. Ex. G, Dietz Apr. 5, 2011 Report, at 122.)  These conclusions were based, in part, on Brooks' self-reported "paranoid delusions" and other symptoms, which Dr. Dietz and Dr. Ballenger believe were caused by his mental disorders--namely bipolar disorder and panic disorder with agoraphobia.  (See, e.g., Brooks Mot. Ex. G, Dietz April 5, 2011 Report, at 121-23, 145; Brooks Mot. Ex. H, Ballenger June 27, 2011 Report, at 60, 66, 68.)  Such evidence was available to Brooks and his counsel in 2011, yet they chose to limit their prior Rule 33 motion to the mismanagement of his medication.[8]  Dr. Dietz and Dr. Ballenger's new evaluations--specifically, their diagnoses and the effects thereof--do not substantially differ from their prior reports, and thus are not "new" for the purposes of Rule 33.

Perhaps recognizing this, Brooks argues that Dr. Mills' new diagnosis of psychosis not otherwise defined--and not the prior opinions of his experts regarding competency--is the catalyst for this motion.  However, Dr. Mills' diagnosis is

---

[8] Although the prior motion asserted that Brooks was incompetent only during the period when he was suffering from benzodiazepine withdrawal symptoms, Dr. Dietz and Dr. Ballenger's full reports were submitted to the Court and thoroughly reviewed and considered prior to the issuance of the Rule 33 Order.

based, in part, on his analysis of the same underlying symptoms that Dr. Dietz and Dr. Ballenger recognized and relied upon in making their own, albeit different, diagnoses--namely, "occasional bouts of delusional thinking," "overwhelming and highly atypical anxiety," and other "odd or irritating" behavioral symptoms. (Brooks Mot. Ex. A, Mills Feb. 8, 2012 Report, at 8, 9.) Although Dr. Mills' formal diagnosis of these symptoms differs from that of Dr. Dietz and Dr. Ballenger, it is the symptoms themselves and their effects on Brooks--not the formal diagnosis--that supports his competency claim. As such, the motion is not based on newly discovered evidence but rather on evidence that Brooks, his counsel, and the Court were aware of when the initial Rule 33 motion was filed in April 2011. See, e.g., United States v. Herrera, 481 F.3d 1266, 1271 (10th Cir. 2007) (finding that the formal diagnosis of a defendant's medical condition did not constitute new evidence justifying a new trial when defendant and his lawyer were "well-aware" of the physical manifestations and other symptoms during the trial but "concluded that they were not serious enough to advise the court"); cf. United States v. McCarthy, 54 F.3d 51, 55 (2d Cir. 1995) (stating that "newly discovered evidence" must be material and noncumulative). Accordingly, Brooks' new substantive due process claim is also time-barred.

14

Finally, even if this substantive due process claim was not time-barred, it would nonetheless be denied on the merits.  As the Court stated above, deference is to be given to contemporaneous evidence of Brooks' competency, and, here, the evidence was and is overwhelming:  Dr. Liebowitz testified that Brooks' "primary condition" is panic disorder and that he responded well to his prescribed course of treatment. (Tomlinson Feb. 8, 2010 Hr'g Tr. 17-18.)  He expressed no concern regarding Brooks' competency so long as he was taking what he deemed to be an appropriate dose of benzodiazepines. (Id. at 39 ("What interferes with his functioning is the lack of a benzodiazepine.").)  Brooks has also had over thirty attorneys appear on his behalf in the criminal case alone, and the Court is aware of at least a dozen more that were retained--yet, not one raised the issue of his inability to assist with his own defense in the nearly three years prior to the jury's guilty verdict.  Vamos, 797 F.2d at 1150 (stating that the "failure by trial counsel to indicate the presence of such difficulties provides substantial evidence of the defendant's competence").  Both the undersigned and Judge Tomlinson found that there was no reasonable basis to question his competence to stand trial. United States v. Hatfield, No. 06-CR-0550, 2010 WL 550392, at *13 (E.D.N.Y. Feb. 16, 2010) (Judge Tomlinson finding that "there is no evidence before the Court that the Defendant is

15

incompetent or unable to assist in his own defense"); Rule 33 Order, 2012 WL 2000792, at *9 (same); see also Vamos, 797 F.2d at 1150 ("[D]eference is owed to the district court's determinations based on observation of the defendant during the proceedings."); see also United States v. Oliver, 626 F.2d 254, 259 (2d Cir. 1980) (stating that district court "justifiably relied on [its] extended observations" of defendant in assessing his competency to stand trial). And, although not contemporaneous evidence of competency, Dr. Dietz stated in his original report that Brooks' bipolar disorder, panic disorder with agoraphobia, obsessive-compulsive disorder, Asperger's disorder, and paranoid personality disorder did not "in and of themselves so compromise[] Brooks' mental capacities as to render him incompetent." (Brooks Mot. Ex. G, Dietz Apr. 5, 2011 Report, at 122.)

Based on a thorough review of the record, the Court has no doubt that Brooks was competent during the entire trial. As such, his motion for a new trial on this ground is DENIED.

<u>CONCLUSION</u>

For the foregoing reasons, Brooks' motion (Docket Entry 1637) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    June 12, 2013
          Central Islip, NY

16