SLR:KAN:JHK
F.#2006V00325
F.#2003R01830

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | AMENDED PRELIMINARY ORDER OF FORFEITURE |
| - against - | |
| | 06-CR-0550 (S-2) |
| DAVID H. BROOKS, | |
| | (Seybert, J.) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

        WHEREAS, on September 14, 2010, a jury found the defendant, DAVID H. BROOKS ("Defendant"), guilty of the offenses charged in Counts One through Eleven and Fifteen through Seventeen of the above-captioned Superseding Indictment, which charged the Defendant with violating 15 U.S.C. §§ 78ff and 78m(a), 18 U.S.C. §§ 371, 1341, 1343, 1346, 1348(2) and 1349, 18 U.S.C. § 1512(c)(2) and (k); and

        WHEREAS, on October 1, 2010, the Defendant waived his right to a jury determination of his criminal forfeiture liability, see Docket Entry No.1350; and

        WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. Pro. 32.2(b), the Court found that the property which constitutes, or is derived from, proceeds the Defendant obtained, directly or indirectly, as the result of the Defendant's offenses under the unauthorized executive compensation scheme is five million, five hundred sixty-four thousand, six hundred eighty-one dollars ($5,564,681.00) (the "Defendant's Unauthorized

-2-

Executive Compensation Forfeiture Liability"); and

WHEREAS, the Court has ordered that the Defendant's Unauthorized Executive Compensation Forfeiture Liability shall be satisfied by: a) forfeiting assets 1 through 85 identified on Appendix I annexed hereto, which consist of, inter alia, collectible pens, jewelry and two vehicles (collectively referred to as the "Forfeited Unauthorized Executive Compensation Assets") which the Court has held are directly traceable to the Defendant's Unauthorized Executive Compensation violations; and b) entering a forfeiture money judgement in the amount of the Defendant's Unauthorized Executive Compensation Forfeiture Liability, less the liquidated net value of the Forfeited Unauthorized Executive Compensation Assets (the "Forfeiture Money Judgment"); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. Pro. 32.2(b), the Court found that the Defendant must forfeit property which constitutes, or is derived from, proceeds the Defendant obtained, directly or indirectly, as the result of the Defendant's insider trading offenses (the "Defendant's Insider Trading Forfeiture Liability"); and

WHEREAS, the Court has ordered that the Defendant's Insider Trading Forfeiture Liability shall be satisfied by forfeiting ". . . a pro-rata share of each [insider trading] asset [to wit, assets 86 through 113 on Appendix I annexed hereto] equal to the percentage of insider trading proceeds that the Court determined to be ill-gotten gains (approximately 33%")," [1] (the "Forfeited Insider Trading Assets"), which the Court has held are directly traceable to the

---

[1] See Docket Entry No. 1536, p. 20, fn 4.

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

-3-

Defendant's Insider Trading violations, among others; and

WHEREAS, the Court has ordered that the remaining sixty-seven percent (67%) of assets 86 through 113 on Appendix I annexed hereto (the "Remaining Assets") continue to be restrained for purposes of the Defendant's mandatory restitution liability; see Docket Entry No. 1344; and

WHEREAS, in accordance with the Court's August 7, 2013 ruling that direct costs shall be deducted from the Defendant's Insider Trading Forfeiture Liability, the recalculated "pro-rata share of [the Forfeited Insider Trading Assets] that the Court determined to be ill-gotten gains" is approximately 32%;[2] and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. Pro. 32.2(b), after deducting the Defendant's direct costs, the Court found that the Defendant's Insider Trading Forfeiture Liability is fifty-nine million, six hundred two thousand, nine hundred thirty-one dollars ($59,602,931).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Defendant shall forfeit to the United States all of his right, title and interest in a) the Forfeited Unauthorized Executive Compensation Assets; b) the Forfeiture Money Judgment; and c) the Forfeited Insider Trading Assets, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c) up to the amount of the Defendant's Insider Trading Forfeiture Liability, as property which constitutes, or is derived from, proceeds the Defendant obtained, directly or

---

[2]$59,602,931 divided by $185,723,663 (see GX 13511) equals 0.3209.

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

-4-

indirectly, as the result of his violations of the above-referenced provisions, to wit, mail fraud, wire fraud, conspiracy to commit mail and wire fraud, securities fraud, conspiracy to commit securities fraud, insider trading, and all proceeds traceable thereto, and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

Forfeited Unauthorized Executive Compensation Assets

2. The United States Marshals Service, or its duly authorized agent, shall liquidate the Forfeited Unauthorized Executive Compensation Assets seized from the Defendant identified as assets 1 through 85 on Appendix I annexed hereto. The liquidated net value of the Forfeited Unauthorized Executive Compensation Assets shall be applied to the Forfeiture Money Judgment.

Forfeited Insider Trading Assets

3. Goldman Sachs shall liquidate all assets on deposit in the restrained accounts identified as assets 86 through 88 on Appendix I annexed hereto, to wit, the accounts held in the name David Brooks International, Inc. ending in 6659; True Grit Holdings, LLC ending in 4711; and Pathfinder Trust ending in 8759 (the "Goldman Sachs accounts"), and remit a bank or certified check in the amount of thirty-two percent (32%) from each of the Goldman Sachs accounts payable to the United States Marshals Service, c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. In addition, Goldman Sachs shall, at that time, remit a bank or certified check in the amount of the Remaining Assets on deposit in the Goldman Sachs accounts, with said check bearing "United States v. David Brooks, 06 CR 550 (JS)" on its face, payable to the

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

-5-

"Clerk of the Court-E.D.N.Y.", c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. The Clerk of the Court shall deposit the Remaining Assets from the Goldman Sachs accounts into an interest bearing account where they shall remain restrained pending further order of this Court as collateral in anticipation of an order of restitution. See Docket Entry No. 1344.

4. Jefferies and Company shall liquidate all assets on deposit in the restrained accounts identified as assets 89 and 90 on Appendix I annexed hereto, to wit, the accounts held in the name Perfect World Partners ending in 0046 and Wildfire Holdings ending in 0057 (the "Jefferies accounts"), and remit a bank or certified check in the amount of thirty-two percent (32%) from each of the Jefferies accounts payable to the United States Marshals Service, c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. In addition, Jefferies and Company shall, at that time, remit a bank or certified check in the amount of the Remaining Assets on deposit in the Jefferies accounts, with said check bearing "United States v. David Brooks, 06 CR 550 (JS)" on its face, payable to the "Clerk of the Court-E.D.N.Y.", c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. The Clerk of the Court shall deposit the Remaining Assets from the Jefferies accounts into an interest bearing account and where they shall remain restrained pending further order of this Court as collateral in anticipation of an order of

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

-6-

restitution. Id.

5. Scottrade shall liquidate all assets on deposit in the restrained account identified as asset 91 on Appendix I annexed hereto, to wit, the account held in the name David Brooks ending in 4110 (the "Scottrade account"), and remit a bank or certified check in the amount of thirty-two percent (32%) from the Scottrade account payable to the United States Marshals Service, c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. In addition, Scottrade shall, at that time, remit a bank or certified check in the amount of the Remaining Assets on deposit in the Scottrade account, with said check bearing "United States v. David Brooks, 06 CR 550 (JS)" on its face, payable to the "Clerk of the Court-E.D.N.Y.", c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. The Clerk of the Court shall deposit the Remaining Assets from the Scottrade account into an interest bearing account where they shall remain restrained pending further order of this Court as collateral in anticipation of an order of restitution. Id.

6. Laidlaw Company shall liquidate all assets on deposit in the restrained accounts identified as assets 92 through 95 on Appendix I annexed hereto, to wit, the accounts held in the name David Brooks International ending in 4099; David Brooks IRA ending in 5065; Brooks Industries of Long Island Profit Sharing Plan ending in 8716; and Brooks Industries of Long Island ending in 2092 (the "Laidlaw accounts"), and remit a bank or certified check in the amount of thirty-two percent (32%) from each of the Laidlaw accounts payable to the United

-7-

States Marshals Service, c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. In addition, Laidlaw Company shall, at that time, remit a bank or certified check in the amount of the Remaining Assets on deposit in the Laidlaw accounts, with said check bearing "<u>United States v. David Brooks</u>, 06 CR 550 (JS)" on its face, payable to the "Clerk of the Court-E.D.N.Y.", c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. The Clerk of the Court shall deposit the Remaining Assets from the Laidlaw accounts into an interest bearing account where they shall remain restrained pending further order of this Court as collateral in anticipation of an order of restitution. <u>Id.</u>

7. Capital One, formerly Washington Mutual, shall liquidate all assets on deposit in the restrained accounts identified as assets 96 through 99 on Appendix I annexed hereto, to wit, the accounts held in the name VIANEL Industries ending in 5510; Terry Brooks ending in 2489; David Brooks International, Inc. ending in 5184; and VAE Enterprises, Inc. ending in 5578 (the "Capital One accounts"), and remit a bank or certified check in the amount of thirty-two percent (32%) from each of the Capital One accounts payable to the United States Marshals Service, c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. In addition, Capital One shall, at that time, remit a bank or certified check in the amount of the Remaining Assets on deposit in the Capital One accounts, with said check bearing "<u>United States v. David Brooks</u>, 06 CR 550 (JS)" on its face, payable to the "Clerk of the Court-E.D.N.Y.", c/o the United States Attorney's

Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. The Clerk of the Court shall deposit the Remaining Assets from the Capital One accounts into an interest bearing account where they shall remain restrained pending further order of this Court as collateral in anticipation of an order of restitution. Id.

8. Lantern Investments shall liquidate all assets on deposit in the restrained accounts identified as assets 100 through 103 on Appendix I annexed hereto, to wit, the accounts held in the name Andrew Brooks, IRA ending in 6214; Victoria Brooks, IRA ending in 0413; Victoria Brooks ending in 1378; and Andrew Brooks ending in 1644 (the "Lantern Investments accounts"), and remit a bank or certified check in the amount of thirty-two percent (32%) from each of the Lantern Investments accounts payable to the United States Marshals Service, c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. In addition, Lantern Investments shall, at that time, remit a bank or certified check in the amount of the Remaining Assets on deposit in the Lantern Investments accounts, with said check bearing "United States v. David Brooks, 06 CR 550 (JS)" on its face, payable to the "Clerk of the Court-E.D.N.Y.", c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. The Clerk of the Court shall deposit the Remaining Assets from the Lantern Investments accounts into an interest bearing account where they shall remain restrained pending further order of this Court as collateral in anticipation of an order of restitution. Id.

9. The United States Marshals Service, or its duly authorized agent, shall liquidate

-9-

the restrained 6,757,099 shares of Point Blank Solutions Stock, identified as asset 104 on Appendix I annexed hereto (the "Forfeited Shares of Stock"). Thirty-two percent (32%) of the net proceeds of the sale of the Forfeited Shares of Stock shall be deposited by the United States Marshals Service into the Asset Forfeiture Fund. In addition, the United States Marshals Service shall, at that time, remit a check in the amount of the Remaining Assets of the net proceeds of the sale of the Forfeited Shares of Stock, with said check bearing "United States v. David Brooks, 06 CR 550 (JS)" on its face, payable to the "Clerk of the Court-E.D.N.Y.", c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. The Clerk of the Court shall deposit the Remaining Assets from the net proceeds of the sale of the Forfeited Shares of Stock into an interest bearing account where they shall remain restrained pending further order of this Court as collateral in anticipation of an order of restitution. Id.

10. The United States Marshals Service, or its duly authorized agent, shall liquidate the 3,500 Gold Kruggerands seized from the Defendant, identified as asset 105 on Appendix I annexed hereto (the "Forfeited Gold Kruggerands"). Thirty-two percent (32%) of the net proceeds of the sale of the Forfeited Gold Kruggerands shall be deposited by the United States Marshals Service into the Asset Forfeiture Fund. In addition, the United States Marshals Service shall, at that time, remit a check in the amount of the Remaining Assets from the net proceeds of the sale of the Forfeited Gold Kruggerands, with said check bearing "United States v. David Brooks, 06 CR 550 (JS)" on its face, payable to the "Clerk of the Court-E.D.N.Y.", c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722,

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

-10-

Attn: James H. Knapp, Assistant United States Attorney. The Clerk of the Court shall deposit the Remaining Assets from the net proceeds of the sale of the Forfeited Gold Kruggerands into an interest bearing account where they shall remain restrained pending further order of this Court as collateral in anticipation of an order of restitution. Id.

11. The United States Marshals Service, or its duly authorized agent, shall liquidate the jewelry, time pieces and vehicle seized from the Defendant, identified as assets 106 through 113 on Appendix I annexed hereto (the "Forfeited Insider Trading Jewelry, Time Pieces and Vehicle"). Thirty-two percent (32%) of the net proceeds of the sale of the Forfeited Insider Trading Jewelry, Time Pieces and Vehicle shall be deposited by the United States Marshals Service into the Asset Forfeiture Fund. In addition, the United States Marshals Service shall, at that time, remit a check in the amount of the Remaining Assets from the net proceeds of the sale of the Forfeited Insider Trading Jewelry, Time Pieces and Vehicle, with said check bearing "United States v. David Brooks, 06 CR 550 (JS)" on its face, payable to the "Clerk of the Court-E.D.N.Y.", c/o the United States Attorney's Office, E.D.N.Y., 610 Federal Plaza, Central Islip, New York 11722, Attn: James H. Knapp, Assistant United States Attorney. The Clerk of the Court shall deposit the Remaining Assets from the net proceeds of the sale of the Forfeited Insider Trading Jewelry, Time Pieces and Vehicle into an interest bearing account where they shall remain restrained pending further order of this Court as collateral in anticipation of an order of restitution. Id.

12. In the event that the Forfeiture Money Judgment and the Insider Trading Forfeiture Liability are not fully satisfied through forfeiture of the Forfeited Unauthorized

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

-11-

Executive Compensation Assets and the Forfeited Insider Trading Assets for whatever reason, including but not limited to any third-party claims to such assets, then the Remaining Assets shall be applied to the outstanding amounts owed on the Forfeiture Money Judgment and the Insider Trading Forfeiture Liability pursuant to 21 U.S.C. § 853(p). Once the liquidated net value of the Forfeited Unauthorized Executive Compensation Assets is determined and applied to the Forfeiture Money Judgment, should there be a surplus, it will: a) continue to be restrained pursuant to the warrant of arrest issued by the Court in the related civil forfeiture action, *United States v. All Assets Listed On Schedule I Attached Hereto And All Proceeds Traceable Thereto*, 10 CV 4750 (JS); b) be made available to non-federal victims owed restitution; c) be paid to the Internal Revenue Service to satisfy the Defendant's restitution obligation arising out of his conviction of Counts 18-20 of the Second Superseding Indictment; d) if all of the foregoing obligations have been fully satisfied, be returned to the Defendant.

13.     The Defendant shall fully assist the Government in effectuating the surrender and forfeiture of the Forfeited Unauthorized Executive Compensation Assets; the Forfeiture Money Judgment; and the Forfeited Insider Trading Assets to the United States of America. The Defendant shall take whatever steps are necessary to ensure that clear title to said assets passes to the United States of America, including, but not limited to, the execution of any documents necessary to effectuate the surrender and forfeiture of said assets to the United States of America.

14.     Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General, or his designee, is authorized to seize the Forfeited Unauthorized Executive Compensation Assets and the Forfeited Insider Trading Assets and to conduct any proper

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

-12-

discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Amended Preliminary Order of Forfeiture.

15. If the Forfeited Unauthorized Executive Compensation Assets, the Forfeiture Money Judgment and the Forfeited Insider Trading Assets, or any portion thereof, are not forfeited to the United States of America, the United States of America may seek to enforce this Preliminary Order of Forfeiture against any other assets currently restrained up to the amount of the Defendant's Unauthorized Executive Compensation Forfeiture Liability and the Defendant's Insider Trading Forfeiture Liability, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The forfeiture of the Forfeited Unauthorized Executive Compensation Assets, the Forfeiture Money Judgment, and the Forfeited Insider Trading Assets shall not be considered a payment of a fine or a payment on any income taxes that may be due.

16. The United States shall publish notice of this Order and notice of its intent to dispose of the Forfeited Unauthorized Executive Compensation Assets and the Forfeited Insider Trading Assets in such a manner as the Attorney General or his designee may direct, on the government website www.forfeiture.gov, in accordance with the custom and practice in this district. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Unauthorized Executive Compensation Assets and the Forfeited Insider Trading Assets as a substitute for published notice as to those persons so notified.

*Amended Preliminary Order of Forfeiture,* <u>United States v. Brooks</u>, *06 CR 0550 (S-2) (JS), August 13, 2013.*

17. Any person, other than the Defendant, asserting a legal interest in the Forfeited Unauthorized Executive Compensation Assets and the Forfeited Insider Trading Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of this Amended Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of said assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

18. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this Amended Preliminary Order of Forfeiture shall become final as to the Defendant at the time of his sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Amended Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the Forfeited Unauthorized Executive Compensation Assets and the Forfeited Insider Trading Assets forfeited herein shall be forfeited to the United States for disposition in accordance with law.

19. This Amended Preliminary Order of Forfeiture shall be binding upon the Defendant and all successors, administrators, heirs, assigns and transferees of the Defendant, and

*Amended Preliminary Order of Forfeiture, <u>United States v. Brooks</u>, 06 CR 0550 (S-2) (JS), August 13, 2013.*

-14-

shall survive the bankruptcy of any of them.

20. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Amended Preliminary Order of Forfeiture.

21. The Clerk of the Court is directed to send, by inter-office mail, fifteen certified copies of this executed Amended Preliminary Order to United States Attorney's Office, Eastern District of New York, Attn: James H. Knapp, Assistant U.S. Attorney, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated: Central Islip, New York
August___, 2013

                                              HONORABLE JOANNA SEYBERT
                                              UNITED STATES DISTRICT JUDGE

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

## Appendix I

| # | Description | Recovered |
|---|---|---|
| 1 | Flag bracelet with rubies, diamonds & sapphires | 1 |
| 2 | Necklace #1 Starball with star pendant ref #100540-20X | 1 |
| 3 | Ring, Floral cross Pave diamonds, Ref #104010-080DP | 1 |
| 4 | 22 kt gold ring, dagger with diamonds Ref #1G4000-085D | 1 |
| 5 | 22 kt gold bracelet - dagger ID with diamonds Ref #1G1500-MD | 1 |
| 6 | Belt buckle studded with diamonds, rubies & sapphires reference # 323003 | 1 |
| 7 | 22 karat gold mens watch band, fancy star motif 1G6510-MA7C9999 | 1 |
| 8 | 22 karat gold watchband dagger with diamonds 1G6560-MADC9999 | 1 |
| 9 | 22 kt gold ring keeper diamond special stone Ref #1G4020-090DC98 | 1 |
| 10 | Necklace - tiny E CH plus 15' w/ heart charm with pink sapphires, Ref #100910-15PIIOS | 1 |
| 11 | LT Charm Lips & Tongue w/ Pave ruby diamond 20" gold Ref #LT80002-RPDP | 1 |
| 12 | LT keyring LG Lips & tongue, Ref #LT80700 | 1 |
| 13 | LT Pendant 22 karat gold lips & tongue with braided leather tips, Ref #LT8G000-1 | 1 |
| 14 | 22 karat gold bracelet - 5 Char BXPRSNL ID David/PV DM S:M, Ref #1G1699-MDPC999 | 1 |
| 15 | 22 karat gold roller chain 2 clips, 22 karat dagger with Pave diamonds and dagger with Pave diamonds - large pendant | 1 |
| 16 | Underwood green roller ball pen | 1 |
| 17 | Omas 502 gold roller ball pens | 1 |

*Amended Preliminary Order of Forfeiture, <u>United States v. Brooks</u>, 06 CR 0550 (S-2) (JS), August 13, 2013.*

| | | |
|---|---|---|
| 18 | Parker Duofold Mosaic roller ball pen | 1 |
| 19 | Montblanc Boheme steel ball pen | 1 |
| 20 | Parker Duofold Mosaic roller ball pens | 2 |
| 21 | Visconti Van Gogh black roller ball pens | 1 |
| 22 | Visconti Van Gogh green marble roller ball pen | 1 |
| 23 | Stipula Duetto Arctic grey roller ball pen | 1 |
| 24 | Parker Accession of the Queen fountain pen | 1 |
| 25 | Conklin Mark Twain black roller ball pens | 3 |
| 26 | Conklin Mark Twain blue roller ball pen | 4 |
| 27 | S.T. Dupont Statue of Liberty L.E. fountain pen | 1 |
| 28 | Montblanc L.E. F. Scott Fitzgerald ball pens | 4 |
| 29 | Montblanc L.E. S. Scott Fitzgerald fountain pen, ball pen and pencil sets | 4 |
| 30 | Jorg Hysek Kilada roller ball pens | 4 |
| 31 | Yard O Lead Queen ball pen | 1 |
| 32 | Yard O Lead Queen pencil | 1 |
| 33 | Jorg Hysek Kilada Matte Aluminum roller pens black | 1 |
| 34 | Montblanc Solitaire 163 Citrine/Gold roller ball pen | 1 |
| 35 | Parker 51 blue/silvernib, fine | 1 |
| 36 | Parker 51 black/vermeil nibs, fine | 1 |
| 37 | S.T. DuPont Statue of Liberty L.E. roller ball pens | 1 |
| 38 | Parker Mosaic red roller pens | 4 |
| 39 | Parker Mosaic red pencil | 1 |
| 40 | Montblanc Boheme Gold pl w/ red stone ball pens | 1 |
| 41 | Montblanc Boheme Citrine Stone GP ball pens | 1 |
| 42 | Montblanc Boheme Steel w/ Amethyst Stone ball pens | 1 |
| 43 | David Oscarson roller ball pen | 2 |
| 44 | Stipula Pinocchio fountain pen | 1 |
| 45 | Delta Dolcevita mini orange / black ball pen | 1 |
| 46 | Delta Stout roller ball pen | 1 |
| 47 | Montblanc Starwalker CT black ball pens | 5 |
| 48 | Pelikan 1931 Torpedo fountain pen | 1 |

*Amended Preliminary Order of Forfeiture, <u>United States v. Brooks</u>, 06 CR 0550 (S-2) (JS), August 13, 2013.*

| | | |
|---|---|---|
| 49 | Namiki Nippon Art Dragon pen, nib medium | 1 |
| 50 | Montblanc Star Walker black CT roller ball pens | 7 |
| 51 | Visconti Wall Street Opera black roller ball pens | 3 |
| 52 | Visconti Wall Street Opera black ball pens | 1 |
| 53 | Montblanc Starwalker CT fineliner roller ball pens | 5 |
| 54 | Krone L.E. Wright Brothers roller ball pen | 1 |
| 55 | Montegrappa L.E. Animale roller ball pen | 1 |
| 56 | Montblanc S.E. Herbert Von Karajan ball pens | 3 |
| 57 | Yard O Lead topax Sterling silver ball pens | 1 |
| 58 | Yard O Lead topax Sterling silver ball pens | 3 |
| 59 | Krone K Class roller ball pens | 1 |
| 60 | Montblanc LE Jules Verna ball pens | 9 |
| 61 | S.T. Dupont L.E. Andalusian Limited Edition ball pen | 1 |
| 62 | S.T. DuPont L.E. Leroy Newman roller ball pens | 2 |
| 63 | Monteverde Practica red marble roller ball pen | 1 |
| 64 | Montblanc Scenium slim black roller ball pens | 2 |
| 65 | Aurora L.E. St. Petersburg blue roller ball pens | 1 |
| 66 | Aurora L.E. St. Petersburg red roller ball pens | 1 |
| 67 | Montegrappa L.E. Ferrari silver/yellow roller ball pen | 1 |
| 68 | Montblanc Scenium slim black ball pens | 6 |
| 69 | S.T. DuPont L.E. Andy Warhol Elvis Presley ball pen | 1 |
| 70 | S.T. Dupont L.E. M.Monroe Andy Warhol mini ball pen | 1 |
| 71 | Montblanc L.E. 4810 J.P Morgan fountain pen, nib fine | 1 |
| 72 | Visconti Van Gogh midi marble red roller ball pen | 1 |
| 73 | S.T. DuPont L.E. Pharoah ball pens | 1 |
| 74 | Visconti Van Gogh green roller ball pen | 1 |
| 75 | Mont L.E. Franz Kafka ball pen | 1 |

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

| | | |
|---|---|---|
| 76 | Pelikan L.E. Pyramids of Giza fountain pen, nib med. | 1 |
| 77 | S.T. DuPont L.E. James Bond Palla time zone ball pen | 4 |
| 78 | Montblanc Boheme Jewels blue topaz ball pen | 1 |
| 79 | Montblanc L.E. 4810 Pope Julius II fountain pen | 1 |
| 80 | Visconti Van Gogh red marble roller ball pen | 1 |
| 81 | Montblanc L.E. Miguel de Cervantes ball pens | 5 |
| 82 | Krone L.E. Amelia Earhart blue roller ball pen | 1 |
| 83 | Replica Wall Street Bull Statue | 1 |
| 84 | Vehicle | 2002 Ford Excursion VIN #1FMNU42S22EA53672 |
| 85 | Vehicle | 2006 Bentley Continental Flying VIN # SCBBR53W06C034834 |

| | BROKERAGE FIRM | ACCOUNT NAME | ACCOUNT NUMBER |
|---|---|---|---|
| 86 | GOLDMAN | DAVID BROOKS INTERNATIONAL | 040-94665-9 |
| 87 | GOLDMAN | TRUE GRIT HOLDINGS | 001-92471-1 |
| 88 | GOLDMAN | PATHFINDER TRUST | 001-88875-9 |
| 89 | JEFFERIES | PERFECT WORLD PTNRS | 605-00046 |
| 90 | JEFFERIES | WILDFIRE HOLDINGS | 620-00057 |
| 91 | SCOTTRADE | DAVID BROOKS | 18824110 |
| 92 | LAIDLAW | DAVID BROOKS INT' | 70974099 |
| 93 | LAIDLAW | DAVID BROOKS R/O IRA | 74895065 |
| 94 | LAIDLAW | BROOKS IND OF LI PRO SHAR | 65078716 |
| 95 | LAIDLAW | BROOKS IND OF LI | 23992092 |
| 96 | WAMU | VIANEL INDUSTRIES | 0356-612551-0 |
| 97 | WAMU | TERRY BROOKS | 0444-213248-9 |
| 98 | WAMU | DAVID BROOKS INTERNATIONAL | 0369-603518-4 |
| 99 | WAMU | VAE ENTERPRISES, LLC | 356-612557-8 |

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

| | | | |
|---|---|---|---|
| 100 | LANTERN | ANDREW BROOKS IRA | 557-98262-14 |
| 101 | LANTERN | VICTORIA BROOKS IRA | 557-95004-13 |
| 102 | LANTERN | VICTORIA BROOKS | 557-21378 |
| 103 | LANTERN | ANDREW BROOKS | 557-21644 |
| 104 | Point Blank Solution Stock | 6,757,099 shares | |
| | | | |
| 105 | Box 3 - 25x20 gold coins | 500 | n/a |
| 105 | Box 4 - 25x20 gold coins | 500 | n/a |
| 105 | Box 6 - 25x20 gold coins | 500 | n/a |
| 105 | Box 8 - 16x25, 5x20 gold coins | 500 | n/a |
| 105 | Box 9 - 25x20 gold coins | 500 | n/a |
| 105 | Box 12 - 25x20 gold coins | 500 | n/a |
| 105 | Box 15 - 25x20 gold coins | 500 | n/a |
| 106 | Breitling 18 kt white gold all diamond Flying B MOP Diamond dial automatic date GTs watch diamond case with gold diamond speed bracelet Reference # J2836263/A636 | 1 | |
| 107 | Patek Philippe 18 kt white gold manual wind plain GTs watch calatrava, black dial with seconds sub-dial sapphire crystal case back with black alligator strap ref # 6000/W | 1 | |
| 108 | Fred 18k white gold and ladies "GAIA" diamond collar necklace with fancy clasp, WS2 diamonds Serial #TEF10033 | 1 | |
| 109 | 18 kt white gold Patek Philippe "Twenty 4" ladies bracelet watch set with diamonds, ref: 4910/51w | 1 | |
| 110 | Second Chance Splash Diamond black dial, diamonds on the lugs, diamond bezel #2, diamond buckle, 2 movement timepiece Invoice # 251.471 | 1 | |
| 111 | Second Chance Splash Diamond pink dial, plain case, bezel #1, diamond buckle 2 movement timepiece Invoice # 251.471 | 1 | |
| 112 | Patek Philippe 18 kt rose gold manual wind day/date GTs watch, perpetual calendar chrono tachometer silver dial with brown cocoa strap ref # 5970/R | 1 | |

*Amended Preliminary Order of Forfeiture, United States v. Brooks, 06 CR 0550 (S-2) (JS), August 13, 2013.*

| 113 | Vehicle | 2005 Ferrari 612 Scagliet VIN #ZFFAA54A950141689 |

*Amended Preliminary Order of Forfeiture, <u>United States v. Brooks</u>, 06 CR 0550 (S-2) (JS), August 13, 2013.*