AO 245B  (Rev. 10/2011 EDNY) Judgment in a Criminal Case
Sheet 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 22 2013 ★

LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: CR 06-550 (JS)  Deft. #3 |
| DAVID H. BROOKS | ) | USM Number: 72066-053 |
| (AUSAs Christopher Ott, Richard Lunger, and | ) | |
| Christopher Caffarone) | ) | Gerald Shargel, Gustave Newman, and Tai Park, Esqs. |
| | | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)   **18s-20s of Superseding Indictment (S-2) on 8/10/2011**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)   **1s-11s; 15s-17s of Superseding Indictment (S-2) on 9/14/2010**
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1348, 1349 | CONSPIRACY TO COMMIT SECURITIES FRAUD | 7/2006 | 1s |
| 18 USC 1348 | SECURITIES FRAUD | 7/2006 | 2s |
| 18 USC 1341, 1343, 1349 | CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD | 7/2006 | 3s |
| 18 USC 1341 | CONSPIRACY TO COMMIT MAIL FRAUD | 7/2006 | 4s |
| 18 USC 1343 | CONSPIRACY TO COMMIT WIRE FRAUD | 7/2006 | 5s |
| *SEE CONTINUATION* | *NEXT PAGE* | | |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  superseding indictment (S-1)   ☐ is   X are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Aug. 15, 2013
Date of Imposition of Judgment

*JOANNA SEYBERT, U.S.D.J.*
Name and Title of Judge

Aug. 22, 2013
Date

A TRUE COPY, ATTEST

DOUGLAS C. PALMER, CLERK

By: _____ Deputy Clerk  Dated: Aug. _____, 2013

DEFENDANT: DAVID H. BROOKS
CASE NUMBER: CR 06-550 (JS)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1348 | SECURITIES FRAUD | 11/29/2004 | 6s |
| 18 USC 1348 | SECURITIES FRAUD | 12/22/2004 | 7s |
| 18 USC 1348 | SECURITIES FRAUD | 12/23/2004 | 8s |
| 18 USC 1348 | SECURITIES FRAUD | 12/27/2004 | 9s |
| 18 USC 1348 | SECURITIES FRAUD | 12/28/2004 | 10s |
| 18 USC 1348 | SECURITIES FRAUD | 12/29/2004 | 11s |
| 18 USC 1512(c)(2), (k) | CONSPIRACY TO OBSTRUCT AN OFFICIAL PROCEEDING | 7/2006 | 15s |
| 18 USC 1512(c)(2) | OBSTRUCTION OF AN OFFICIAL PROCEEDING | 7/2006 | 16s |
| 15 USC 78m (a), 78ff | FAILURE TO FILE ACCURATE CORPORATE REPORTS WITH THE SEC | 3/2006 | 17s |
| 18 USC 371 | CONSPIRACY TO DEFAUD THE IRS | 10/31/2006 | 18s |
| 26 USC 7206(1) | TAX EVASION | 10/20/2004 | 19s |
| 26 USC 7206(1) | TAX EVASION | 10/20/2005 | 20s |

DEFENDANT: DAVID H. BROOKS
CASE NUMBER: CR 06-550 (JS)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**204 MONTHS**: 204 months each on Counts 1s-11s, 17s; 60 months each on Counts 15s, 16s, 18s; 36 months each on Counts 19s, 20s (ALL CONCURRENT)

☒ The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE DESIGNATED TO OTISVILLE, N.Y., CAMP, OR, IF HE DOES NOT QUALIFY, TO ALLENWOOD, PA., LOW SECURITY FACILITY.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DAVID H. BROOKS
CASE NUMBER: CR 06-550 (JS)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**5 YEARS**: 5 yrs. each on Counts 1s, 2s, 6s-11s; 3 yrs. each on Counts 3s-5s, 15s-18s; 1 yr. each on Counts 19s-20s. (all CONCURRENT)

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DAVID H. BROOKS
CASE NUMBER: CR 06-550 (JS)

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall make full financial disclosure to the Probation Dept. and comply with forfeiture and restitution orders.

The defendant is responsible for restitution in the amount of $2,700,000. on Count 18s, $28,556. on Count 19s, and $154,500. on Count 20s. Restitution on Counts 1s-11s and 17s to be determined at a later date.

The defendant shall participate in a mental health treatment program approved by the U.S. Probation Department. The defendant shall contribute to the cost of services rendered or any psychotropic medications as prescribed, via co-payment or full payment, in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third-party payment.

The defendant shall participate in an outpatient and/or inpatient drug treatment or detoxification program approved by the U.S. Probation Department. The defendant shall contribute to the costs of such treatment/detoxification not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. The defendant shall not consume any alcohol or other intoxicants during and after treatment/detoxification, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.

DEFENDANT: DAVID H. BROOKS
CASE NUMBER: CR 06-550 (JS)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1700. | $8,700.000. | $ 2,883,056. (COUNTS 18s-20s) |

X  The determination of restitution is deferred until 10/15/13 . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination. (COUNTS 1s-11s, 17s)

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.
(COUNTS 18s-20s)
If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| INTERNAL REVENUE SERVICE | | | |
| Count 18s | | $2,700,000. | |
| Count 19s | | 28,556. | |
| Count 20s | | 154,500. | |
| **TOTALS** | $ | $ 2,883,056. | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

X  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DAVID H. BROOKS
CASE NUMBER: CR 06-550 (JS)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** X Lump sum payment of $ 1700. due immediately, balance due

    ☐ not later than _____, or
    X in accordance ☐ C, ☐ D, ☐ E, or X F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

RESTITUTION OF $2,883,056. (COUNTS 18s-20s), PLUS THE ADDITIONAL AMOUNTS TO BE DETERMINED LATER, AND FINE OF $8,700,000. PLUS INTEREST ARE PAYABLE AT THE RATE OF $25 QUARTERLY WHILE THE DEFENDANT IS INCARCERATED, THEN 20 PER CENT OF HIS GROSS INCOME MONTHLY DURING TERM OF SUPERVISED RELEASE. ANY OUTSTANDING BALANCE MAY BECOME THE SUBJECT OF A CIVIL JUDGMENT BEING FILED AGAINST THE DEFENDANT.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE AMENDED PRELIMINARY ORDER OF FORFEITURE DATED 8/15/2013.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.