```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

          -against-                              MEMORANDUM & ORDER
                                                 06-CR-0550(JS)(AKT)
DAVID H. BROOKS,

                         Defendant.
----------------------------------------X
RICHARD WARE LEVITT,

          -against-
                                                 11-CV-1088(JS)(AKT)
DAVID H. BROOKS,

                         Defendant.
----------------------------------------X
APPEARANCES
For Levitt:              Richard Ware Levitt, Esq.
                         Levitt & Kaizer
                         40 Fulton Street, 23rd Floor
                         New York, NY 10038

For the Government:      James Halleron Knapp, Esq.
                         Mary M. Dickman, Esq.
                         Bonni Jessica Perlin, Esq.
                         Laura D. Mantell, Esq.
                         United States Attorney's Office
                         Eastern District of New York
                         610 Federal Plaza
                         Central Islip, NY 11722

For Brooks:              Nathan Z. Dershowitz, Esq.
                         Dershowitz, Eiger & Adelson, P.C.
                         220 Fifth Avenue, Suite 300
                         New York, NY 10001
```

SEYBERT, District Judge:

Pending before the Court is Richard Ware Levitt's ("Levitt") motion for a writ of execution against assets of Defendant David H. Brooks ("Brooks") that have been restrained in

above-captioned criminal matter. (Docket Entries 57 & 60 in 11-CV-1088; Docket Entry 1817 in 06-CR-0550.) For the following reasons, Levitt's motion is DENIED.

On March 15, 2011, Levitt--one of Brooks' former criminal attorneys--obtained a civil judgment against Brooks for unpaid attorney's fees and costs in the amount of $224,956.16. (Docket Entry 13 in 11-CV-1088.) On August 28, 2013, Levitt filed a motion seeking to amend the Court's Amended Preliminary Order of Forfeiture in the criminal matter. (Docket Entry 1715 in 06-CR-0550.) In that motion, Levitt argued that given that his judgment pre-dated the Court's restitution order, his judgment should be satisfied with the restrained funds before restitution or obligations to the IRS are paid. The Court denied Levitt's motion, finding that Levitt--as a person hired by Brooks to assist in his criminal defense--should not be given priority over the victims of Brooks' crimes. (Docket Entry 1735 in 06-CR-0550, at 5.)

Levitt now moves for a writ of execution against seized funds that are in excess of the funds subject to forfeiture in the Amended Preliminary Forfeiture Order. However, the forfeiture order provides that any restrained assets not forfeited shall be held "as collateral in anticipation of an Order of Restitution." (See Docket Entry 1709 in 06-CR-0550.) Accordingly, contrary to Levitt's argument, these funds are not available to satisfy any outstanding judgment. See United States v. Catoggio, 698 F.3d 64,

67 (2d Cir. 2012) (holding that the All Writs Act allows a court to restrain a convicted defendant's property in anticipation of ordering restitution) (collecting cases). Levitt's motion for a writ of execution is therefore DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  23 , 2014
       Central Islip, NY