```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM AND ORDER
         -against-                      06-CR-0550 (JS)(AKT)

SANDRA HATFIELD, DAWN SCHLEGEL, and
DAVID H. BROOKS,

                   Defendants.
-------------------------------------X
APPEARANCES
For the Government: James Halleron Knapp, Esq.
                    Mary M. Dickman, Esq.
                    Richard T. Lunger, Esq.
                    Bonni Jessica Perlin, Esq.
                    Christopher Charles Caffarone, Esq.
                    Christopher Allen Ott, Esq.
                    James M. Miskiewicz, Esq.
                    Kathleen Anne Nandan, Esq.
                    Laura D. Mantell, Esq.
                    Marshall L. Miller, Esq.
                    Patrick Sean Sinclar, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722

For Defendants:
Sandra Hatfield      Maurice H. Sercarz, Esq.
                     Roland G. Riopelle, Esq.
                     Sercarz & Riopelle
                     810 Seventh Ave, Suite 620
                     New York, NY 10019

                     W. Thomas Dillard, Esq.
                     Ritchie, Dillard & Davies, P.C.
                     606 W. Main Street, Suite 300
                     Knoxville, TN 37902

Dawn Schlegel        Ian Nathaniel Levy, Esq.
                     Sullivan & Cromwell
                     125 Broad Street
```

New York, NY 10004

Steven Gary Kobre, Esq.
Calvin Kai-Xin Koo, Esq.
Robert W. Henoch, Esq.
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022

W. Thomas Dillard, Esq.
Ritchie, Dillard & Davies, P.C.
606 W. Main Street, Suite 300
Knoxville, TN 37902

David Brooks  Gerald L. Shargel, Esq.
Winston & Strawn, LLP
200 Park Avenue
New York, NY 10166-4193

Jeffrey Ehrlich Alberts, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036

Steven Joseph Czik, Esq.
Czik Law PLLC
101 Avenue Of The Americas, 15th Floor
New York, NY 10013

SEYBERT, District Judge:

Before the Court is a notice of appeal filed by D. David Cohen ("Cohen"), a victim that the Court previously held was entitled to restitution (Docket Entry 1903). For the foregoing reasons, the Court REJECTS Cohen's notice of appeal.

In March 2015, the Court ordered that defendants David Brooks, Sandra Hatfield, and Dawn Schlegel (collectively, "Defendants") pay $91,665,846.93 in restitution pursuant to the

Mandatory Victims Restitution Act, 18 U.S.C. § 3663A ("MVRA"). (See Memorandum and Order on Restitution, Docket Entry 1869.) Cohen was identified as a victim and held entitled to approximately $92,000.00 of those funds. (See Memorandum and Order on Restitution, Ex. 1 at 74.) Cohen now attempts to appeal that order.

Federal Rule of Appellate Procedure 4(b) governs appeals in criminal cases, and it provides no mechanism by which a non-party victim may appeal. See FED. R. APP. P. 4(b). In fact, it is axiomatic that a victim of a crime may not appeal the criminal defendant's sentence. United States v. Grundhoefer, 916 F.2d 788, 793 (2d Cir. 1990) ("The victim as a non-party is accorded only a limited presence at a sentencing proceeding and has no right to appeal an inadequate remedy.").

The Second Circuit has stressed that the Court's entry of a restitution order does not empower victims to appeal. See, e.g., In re Rendon Galvis, 564 F. 3d 170, 176 (2d Cir. 2009) (holding that the Victims and Witness Protection Act, 18 U.S.C.A. § 3663, provides no private right of action for victims denied restitution); United States v. Mindel, 80 F.3d 394, 397 (9th Cir. 1996) (same); see also United States v. Franklin, 792 F.2d 998, 999-1000 (11th Cir. 1986) ("[N]o statute . . . give[s] us the authority to entertain an appeal by a victim, such as appellant,

3

who was not a party to the sentencing proceeding in the district court.")

Cohen, as a non-party victim to this criminal proceeding, may not appeal the Court's sentence of Defendants, including the restitution order. Accordingly, the Clerk of the Court is directed to REJECT Cohen's notice of appeal (Docket Entry 1903).

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: June _16_, 2015
       Central Islip, New York