

U.S. Department of Justice

United States Attorney
Eastern District of New York

SLR:LDM:TYH
F. #2003R01830

271 Cadman Plaza East
Brooklyn, New York 11201

June 23, 2016

By ECF

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

   Re: United States v. David Brooks
     Criminal Docket No. 06-CR-0550 (JS)(AKT)

Dear Judge Tomlinson:

  The government respectfully writes in response to the letter, dated June 22, 2016, filed on behalf of third-party claimants Terry Brooks, defendant David Brooks's ex-wife, and her related entities ("Terry Brooks"), and Victoria, Andrew and Elizabeth Brooks, defendant Brooks's children, and their related entities (the "Brooks Children").  The purpose of this letter is to respectfully provide the Court with a more complete discussion of the background concerning the progress of discovery relating to the third-party claims filed by Terry Brooks and the Brooks Children (collectively, the "Claimants").  The government also writes to oppose Claimants' request to limit and further delay discovery and, in that regard, again respectfully requests the Court's assistance concerning Claimants' repeated failure to comply with their discovery obligations.

Procedural Background

  As the Court is aware, Claimants have asserted an ownership interest in the vast majority of assets (the "Restrained Assets"), previously valued at approximately $160 million, that are restrained in connection with the above-referenced criminal action, where they are subject to forfeiture and, pursuant to the Court's order dated September 27, 2010, may be used as collateral to satisfy the $94,379,902.93 restitution order imposed against defendant Brooks.  The Restrained Assets are also the subject of a related civil forfeiture action, captioned United States v. All Assets Listed on Schedule I Attached Hereto and All

Proceeds Traceable Thereto, bearing civil action number CV-10-4750 (Seybert, J.) (the "Civil Forfeiture Action").

Claimants have filed claims in both the ancillary proceeding of the criminal action, pursuant to 21 U.S.C. § 853(n), and in the Civil Forfeiture Action, asserting in essence that they have a superior ownership interest in the Restrained Assets and, as such, the assets should not be forfeited or otherwise disbursed to satisfy defendant Brooks's restitution obligations. As the Court may recall, in connection with prior settlement discussions before the Court in 2013, Claimants provided letters setting forth the basis of their ownership claims and informally produced a very limited set of documents.

As the earlier settlement discussions were not fruitful, the government served formal document requests and interrogatories on the Brooks Children and Terry Brooks on June 12, 2015 and June 15, 2015, respectively. To this day, despite the government's many accommodations for extensions and a court order setting a firm deadline, neither Terry Brooks nor the Brooks Children have completed their responses to these discovery demands. Indeed, their June 22, 2016 letter states that their May 31, 2016 production only "substantially completes" their discovery responses.

The government has made significant and repeated efforts over the last year to obtain the requested discovery from Terry Brooks and the Brooks Children. The parties held a meet and confer conference on July 28, 2015, after which the government agreed to extend Claimants' time to respond to September 1, 2015. That was the first of what would be many extensions, including extensions of the following deadlines agreed to by the parties in writing: September 28, 2015[1]; the week of November 23, 2015; the last week of February 2016; March 25, 2016; and April 15, 2016.

While Claimants have characterized their initial responses to the interrogatories as "a substantial undertaking," in truth, they were replete with answers indicating only that they "will provide" the requested information. But there was no indication as to when this would happen. In response, as indicated above, the government continued to follow up and grant Claimants' repeated requests to further extend deadlines.

After nine months of repeated delays and Claimants' continuing failure to provide the most basic information, on April 15, 2016, which was an agreed-upon deadline between Claimants and the government, the government was left with no choice but to request the

---

[1] It was not until the eve of this extended deadline that Claimants raised for the first time their request for a confidentiality agreement. Once again, the government accommodated Claimants' request and then spent weeks negotiating the terms of the agreement, further delaying discovery. Despite the protections of this agreement, Claimants persist in refusing to disclose basic information and documents, such as their prior addresses, employment information, and copies of their passports.

2

Court's assistance in obtaining discovery from Claimants. Based upon this application, the Court issued its May 3 Order requiring productions to be completed no later than May 31, 2016, and, in response to that court order, both Terry Brooks and the Brooks Children served additional responses by that deadline.

With the supplemental May 31 production, the government had understood that the document productions of both Terry Brooks and the Brooks Children were complete. That was until yesterday, when the government received Claimants' letter indicating that - despite the clear terms of the May 3 Order and a delay of more than twelve months - Claimants' productions are, by their own admission, only "substantially complete." Adding to the insufficiency of these responses, Terry Brooks still has not provided a verification of her answers to the interrogatories served last June. Nor has she properly identified, by name and with contact information, the other family members referred to in her interrogatory responses.[2]

It should be noted that counsel for Terry Brooks and the government had scheduled a meet and confer conference for this coming Monday, June 27, 2016 to discuss her objections to the government's discovery demands. Instead of confirming that counsel will meet with the government so that the parties can proceed as scheduled, counsel for Terry Brooks filed yesterday's letter to confirm her claimed compliance with the May 3 Order (or at least "substantial" completion of her production) and announce that Terry Brooks has served her own discovery requests more than one year after she was served with requests to which she has still not fully responded.

Discovery as to the Third-Party Claims Should Proceed

Claimants question whether "wide-ranging discovery" to resolve their claims "should move forward now," as it appears to be "both premature and an unnecessary expenditure of resources." This complaint is surprising, given that at the parties' meeting on July 28, 2015, the issue had been discussed and the parties appeared to agree, and have since proceeded (albeit at a slow pace), to engage in formal discovery. Notwithstanding any prior agreement, there are a number of exceptionally important reasons, each of which is rooted in both the law and common sense, to proceed with discovery without further delay.

---

[2] The names of Terry Brooks's mother and sisters have not been provided, further delaying the government's ability to proceed with depositions. Similarly, earlier requests for contact information for Jeffrey Brooks did not assist in locating him for purposes of serving a subpoena. As a result, there was considerable delay, and considerable resources expended by the government, before Jeffrey Brooks was finally located and served with a subpoena when he was visiting defendant Brooks in prison in January 2016. Jeffrey Brooks has still not provided complete responses to the subpoena, causing even greater delay.

First, Federal Rule of Criminal Procedure 32.2(d), which applies to ancillary proceedings, expressly provides that "[a stay as to the defendant's forfeiture pending appellate review] does not delay the ancillary proceeding or the determination of a third party's rights or interests." This is in recognition of the fact that the resolution of third-party claims of ownership can proceed at the same time as a defendant's appeal, as they concern distinctly different issues. Here, there is no reason to wait until the appeals, which already have faced significant delay, are decided before the parties even begin to take discovery about events, many of which occurred over 10 years ago. In fact, it would appear that this provision would favor claimants, such as Terry Brooks and the Brooks Children, who presumably are interested in proceeding as quickly as possible to vindicate their putative ownership interest in restrained assets. For whatever reason, and contrary to the Fed.R.CrimP. 32.2(d), Claimants have taken the position that discovery is premature and are more interested in delaying the proceedings than in vindicating what they claim to be legitimate interests in the Restrained Assets.

Next, the issues surrounding Claimants' alleged legitimate ownership of the Restrained Assets are the subject of the Civil Forfeiture Action, which may proceed regardless of the outcome of the appeals in the criminal action. And again, one would assume that Claimants would be interested in advancing their claims of ownership in that proceeding as expeditiously as possible to recover that which they claim is theirs, and without waiting for the resolution of appeals before witnesses are identified and documents are produced. In fact, counsel for Terry Brooks has already raised an issue concerning one of her witness's age and ability to testify.

Finally, and most importantly, there are the interests of the nearly 9,000 victims identified in this matter as having suffered losses as a result of defendant Brooks's offenses. The Court has already indicated that the Restrained Assets may be used to compensate them for their losses, and pursuant to 28 C.F.R. Part 9, victims may also recover forfeited assets under the Department of Justice's restoration procedures. Further delay, including waiting until the criminal appeals are resolved, before even beginning litigation aimed at resolving Terry Brooks's and the Brooks Children's claims of ownership, would result in even further prejudice to those whose losses and right to recovery the Court has already recognized.

For these reasons, the government respectfully requests that the Court schedule a conference at the earliest opportunity to address the need for Claimants to complete their

4

document productions and facilitate the process of resolving the parties' discovery disputes. We regret the need to burden the Court but hope that, in doing so, it might limit the delay and bring these matters closer to resolution.

           Respectfully submitted,

           ROBERT L. CAPERS
           United States Attorney

By: _____
           LAURA D. MANTELL
           TANYA Y. HILL
           JAMES H. KNAPP
           Assistant U.S. Attorneys
           (718) 254-6253

cc:  (via ecf)
     Justine Harris
     Lisa Bebchick
     Michael Gilbert